UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

CIVIL DIVISION

APR 0 5 2011

DAVID LOUIS WHITEHEAD,

CHRIS R. JOHNSON, CLERK

BY

PLAINTIFF,

DEPUTY CLERK

V.

CASE No. _11-4031_

PRESIDENT WILLIAM JEFFERSON CLINTON,
Address: PRESIDENTIAL LIBRARY OF WILLIAM JEFFERSON CLINTON,
1200 President Clinton Avenue Little Rock, AR 72201

PRESIDENT GEORGE W. BUSH
Address: PRESIDENTIAL LIBRARY OF GEORGE W. BUSH
George W. Bush Presidential Library

1725 Lakepointe Drive

Lewisville, TX 75057

PRESIDENT BARRACK H. OBAMA
Address: White House, 1600 Penn. Ave, NW
Washington, D.C. 20030

WHITE & CASE LLP

WALLPARK LLC,

JUDGE PAUL L. FRIEDMAN,

ELIZABETH FRIEDMAN,

CAROL LAMM OF WHITE & CASE LLP,

DAVID JOHNSON OF WHITE & CASE LLP,

CHARLES MEEKER OF WHITE & CASE LLP,

PRESIDENT BILL CLINTON

DELEGATE ELEANOR HOLMES NORTON,

JUDGE NORMA HOLLOWAY JOHNSON,

JUDGE DOUGLAS GINSBURG,

JUDGE MERRICK GARLAND,

JUDGE BRETT KAVANAUGH,

ASHLEY KAVANAUGH,

JUDGE JUDITH ROGERS,

JUDGE ROYCE LAMBERTH,

1

JUDGE DAVID SENTELLE,

JUDGE ELLEN HUVELLE,

JUDGE RICHARD ROBERTS,

JUDGE DEBORAH CHASANOW,

UNNAMED CO-CONSPIRATOR JUDGE RICARDO URBINA,

UNNAMED CO-CONSPIRATOR JUDGE GLADYS KESSLER,

UNNAMED CO-CONSPIRATOR JUDGE REGGIE WALTON,

JUDGE THOMAS F. HOGAN,

JUDGE COLLEEN K. KOTELLY,

JUDGE JOHN D. BATES,

JUDGE RUSSELL CANAN,

JUDGE LEE SATTERFIELD,

JUDGE RHONDA REID WINSTON,

JUDGE SUSAN WINFIELD,

JUDGE MICHAEL RANKINS,

MAGISTRATE JUDGE RONALD GOODBREAD,

JUDGE STEPHANIE DUNCAN-PETERS,

JUDGE ANTHONY TRENGA,

JUDGE JAMES CACHERIS,

JUDGE LEONIA BRINKEMA,

MAGISTRATE JUDGE THOMAS R. JONES,

JUDGE ROBERT KING,

JUDGE ROGER GREGORY,

JUDGE BLANE MICHAEL,

JUDGE Allyson K. Duncan,

JUDGE  J. HARVEY WILKERSON,

JUDGE KAREN WILLIAMS,

JUDGE Andre Maurice Davis,

JUDGE T. S. Ellis,

JUDGE Michael Mihms,

APPLE COMPUTER INC.,

MICROSOFT INC.,

H. PATRICK SWYGERT OF HOWARD UNIVERSITY, AND HOWARD UNIVERSITY,

**FATHER LEO O'DONOVAN OF GEORGETOWN UNIVERSITY, AND GEORGETOWN UNIVERSITY,**

**HARVARD UNIVERSITY,**

**DISTRICT OF COLUMBIA FEDERAL JUDICIAL NOMINATION COMMITTEE,**

**DEMOCRATIC NATIONAL COMMITTEE,**

**DISTRICT OF COLUMBIA**

**JULIA TOMALA,**

**TIM KANE, DNC CHAIRMAN**

**AMERICAN BAR ASSOCIATION (ABA) AND CAROL LAMM OF THE ABA,**

**DICK PARSON**

**OPRAH WINFREY & HARPO INC,**

**TYLER PERRY AND LIONSGATE ENTERTAINMENT COMPANY,**

**SEAN COMBS,**

**JAMES CAMERON,**

**MEL GIBSON,**

**DEWAYNE WICKHAM,**

**ERIC MICHAEL DYSON,**

**TERRY MCMILLAN,**

**DEBBIE ALLEN,**

**DREAMWORK PICTURES,**

**TOM CRUISE AND PAULA WAGNER,**

**20TH CENTURY FOX FILM,**

**SONY INC,**

**COLUMBIA PICTURES INC,**

**MGM INC,**

**COLUMBIA PICTURES INDUSTRIES INC,**

**WALT DISNEY COMPANY**

**PARAMOUNT PICTURES,**

**VIACOM INC,**

**TIME WARNER INC,**

**NEW LINE CINEMA,**

**MIKE MYERS,**

**WARNER BROS,**

**BLACK ENTERTAINMENT TELEVISION,**

GENERAL ELECTRIC COMPANY,

NBC UNIVERSAL PICTURES,

STEPHENS INC,

TURNER BROADCASTING SYSTEMS,

COMCAST INC,

J. P. MORGAN, Goldman Sachs, BANK OF AMERICA,

DICK PARSONS,

BANK OF AMERICA,

WACHOVIA BANK (Wells Fargo Bank),

UNNAMED Co-Conspirator SECRETARY OF STATE, HILLARY R. CLINTON,
JEFFREY KILDUFF OF O' MELVENY AND MEYER'S LLP AND WILLIAM AND
CONNELLY LLP, ARNOLD AND PORTER LLP, OTHER UNNAMED CO-
DEFENDANTS, PENDING DISCOVERY,

### DEFENDANTS.

Complaint for Constitutional Rights violations, Civil Rights, Due Process (5TH AND
14TH AMENDMENTS) Ethic and Racial Discrimination by Judge Paul L. Friedman,
commenting in Whitehead v. Clinton, 99cv2891, on "Jewish Interest" allegation of
the complaint," Civil Rights and Conspiracy violations, pursuant to the 1964 Civil
Rights Act, as amended , 42 U.S.C. 1981, 42 U.S.C.1983, 42 U.S.C.1985 (3), and 42
U.S.C. 1991 et seq as amended, and 18 U.S.C. 1961, 18 U.S.C. 1962, 18 U.S.C. 1963
Civil Rico Acts, Conflict of Interest violations pursuant to 28 U.S.C. 455 a, b4, and
3 c 1c, 5 i, ii, iii…, Maliceous conduct, Misrepresentation (False Statements),
Obstruction of Justice, LACKING JURISDICTION TO RULE IN DAVID L.
WHITEHEAD V. PARAMOUNT PICTURES, et al.,96cv2436,  and several other civil
cases in the States of Illinois and Virginia, Conspiracy to Protect the RICO
ENTERPRISE of White & Case LLP, WallPark LLC, Judge Paul L. Friedman and
others, Intentional Infliction of Emotional Distress, FRAUD AND COMMON LAW
FRAUD, Mental Pain and Sufferings, Fraudulent Concealment of Evidence and
Retaliation, Requesting the Court to allow plaintiff's Attorneys to file an
appearance in the case, to represent his interest, pursuant to Rule 4(m), which
gives plaintiff the right to serve complaint within 120 Days,allowing enough time
for plaintiff's attorneys to file an appearance in the case and serve the defendants
the complaint and amended complaint, pursuant to Rule 15 (a).

4

<u>The Parties:</u>

1. Plaintiff David Louis Whitehead is a United States citizen and resident of the State of Louisiana.

2. Defendants White & Case LLP and Wallpark LLC, Goldman Sachs, President Bill Clinton and Unnamed Secretary of State Hillary R. Clinton, New Line Cinema, Time Warner, Mike Myers, Sean Combs, Dick Parsons, are residents of the State of New York.

3. Defendants President Barrack H. Obama, Judge Paul L. Friedman,  Elizabeth Friedman, Eleanor Holmes Norton, Carol Lamm, District of  Columbia, District of Columbia Federal Judicial Nomination Committee are citizens of the United States and residents of the District of Columbia.

4. NAMED AND UNNAMED Defendants Judges Norma Holloway Johnson, Douglas Ginsburg, David Sentelle, Royce Lamberth, John D. Bates, Thomas F. Hogan, Reggie Walton,  Merrick Garland, BRETT M. KAVANAUGH, Ashley Kavanaugh, JUDITH ROGERS, ELLEN HUVELLE, RICHARD ROBERTS, Ricardo Urbina, Gladys Kessler, Colleen K. Kotelly, Russell Canan, Rhonda Reid Winston, Lee Satterfield, Michael Rankins, Susan Winfield, Stephanie Duncan-Peters, Magistrate Ronald Goodbread, and other unnamed judges holding financial stocks ruling against the plaintiff are citizens of the United States and residents of the District of Columbia.  Georgetown University and Howard University, H. Patrick Swygert, Arnold and Porter LLP, Father O'Donovan are residents of the District of Columbia.

5. Defendants Judges Anthony Trenga, James Cacheris, Leonia Brinkema, Robert King, Roger Gregory, J. Harvey Wilkerson, Allyson Duncan, Karen Williams, Blane Michael, Andre Davis, Magistrate Judges Thomas R. Jones and Theresa Carroll Buchanan, T. S. Ellis, and other unnamed judges holding financial stocks ruling against the plaintiff are resident of the State of Virginia and citizens of the United States.  Jeff Kilduff is a resident of the State of Virginia.  Julia Tomala is a resident of the State of Florida.

6. Defendants Judges Deborah Chasanow and Andre Davis are citizens of the United States and residents of the State of  Maryland.  Harvard University is a resident of the State of Massachusetts.

7. The American Bar Association and Michael Mihms are resident of the State of  Illinois. Oprah Winfrey and Harpo Productions are residents of the State of Illinois.

8. J P Morgan, Wachovia Bank (Wells Fargo), and Bank of America, General Electric Company,  Apple Computer, Microsoft  Inc, are residents of the State of  Texas, New York, Arkansas and North Carolina.

9. Time Warner, Turner Broadcasting Company, are residents of the State of New York and Georgia.

10. Viacom is a resident of the State of New York and California.

11. Tom Cruise and Paula Wagner, Black Entertainment Television, Warner Bros, Time Warner, 20th Century Fox Film, Walt Disney, Viacom Inc, MGM Inc, Debbie Allen, Mel Gibson, and James Cameron are residents of the State of California.

12. Columbia Pictures Industries of SONY, NBC Universal Pictures, Comcast Inc., is a resident of the State of Louisiana, New York, Texas and California.

13. President George W. Bush is a resident of the State of Texas.

14. The Presidential Library of George W. Bush, is located in the State of Texas.

15. Williams Jefferson Clinton and The Presidential Library of William Jefferson Clinton, and Stephens Inc are residents of the State of Arkansas.

## VENUE AND JURISDICTION

15.     Plaintiff argues and allege that venue and jurisdiction are proper in this forum due to the legal doctrine of NON INCONVENIENCE to the plaintiff, and subject matter and diversity, jurisdiction 28 U.S.C. 1331 and 1332.

16.     Some of the above named defendants have places of businesses and residents in this district (State of Arkansas) to proceed in this civil matter in the interest of justice.

17.     Plaintiff believes and alleges that the acts against the plaintiff occurs in several jurisdictions, courts involving both State and Federal Judges in Illinois, Virginia, Maryland, District of Columbia, Texas (Presidential George W. Bush Library), Arkansas (Presidential Library of William Jefferson Clinton), and possibly in the State of Louisiana. Plaintiff believes and alleges that defendant President Clinton, as President Elect, conspired against the plaintiff during the Economic Summitt, when he met with Tom Cruise, David Geffen and other Hollywood executives in Little Rock, Arkansas, which led to the cases Whitehead v. Paramount Pictures, et al., 96cv2436 and Whitehead v. Clinton, 99cv2891, in the US District Court for the District of Columbia). Further, plaintiff believes and alleged that Judge Friedman engaged in Ethic and Racial Discrimination against the plaintiff with,commenting in Whitehead v. Clinton, 99cv2891, on "Jewish Interest" allegation of the complaint."

18. Plaintiff believes and alleges that Defendants Tom Cruise and Dreamworks Pictures Executives met with Mr. Clinton in Little Rock, Arkansas, discussing "Hollyticking" currying money from Hollywood, the RICO Enterprise continued with the dismissal of plaintiff's cases against Hollywood, without a fair trial pursuant to the 5th and 14th amendments of the Constitution.

19. Plaintiff believes and alleges the above captioned case involves the case Whitehead v. Clinton, et al., 99cv2891, before Judges Aubrey Robinson and Paul L. Friedman.

18. Plaintiff believes and alleges that Defendant Judge Paul L. Friedman lacked jurisdiction to rule on the merits of plaintiff's case David L. Whitehead v. Paramount Pictures Corp, et al., 96cv2436, due to the first instance case Whitehead v. Paramount Pictures Corporation, et al., 96cv1616, dismissed without prejudice, and reconsideration denied (on the reconsideration motion and order, Judge Robinson stated that the initial dismissal was 28 U.S.C. 1915).

20. Plaintiff believes and alleges that Judge Friedman issued a false 30 or more page ruling against the plaintiff in favor of Viacom's Paramount Pictures, Simon and Schuster and other entities connected to the RICO Enterprise in re: Whitehead v. Paramount Pictures, et al., 96cv2436.

21. Further, Plaintiff believes and alleges that President Bill Clinton and First Lady Hillary Clinton held numerous meetings with Viacom's CEO Sumner Redstone, while Judge Friedman was violating the plaintiff's civil rights, relating to the meetings and cases against Paramount Pictures and other Viacom entities, filed by the plaintiff before Judge Friedman.

22. Plaintiff believes and alleges that the appeal of Judge Robinson's rulings in re: Whitehead v. Paramount Pictures, et al., 96cv1616, were affirmed by the US Court of Appeals for the District of Columbia Circuit in Whitehead v. Paramount Pictures, et al., 92-7212, stripping any kind of jurisdiction from Judge Friedman.

23. Further, Plaintiff believes and alleges that Judge Friedman did not have jurisdiction to rule on the merits of his case in re: Whitehead v. Paramount Pictures, et al., 96cv2436. For instance, **"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost." Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.**

24.  Further, plaintiff believes that Judge Friedman's decisions in re: <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, ordered plaintiff's attorneys Daniel J. Henry and Kenneth Shepherd to consolidate the 8 remaining cases, with thefts of sanctioning the attorneys in the language of the dismissal order.

25.  Plaintiff alleges that the language of Judge to sanction plaintiff and his attorneys mounts to obstruction of justice, since, Judge Friedman lacked jurisdiction in the case.  **In addition, he had massive conflicts, as well as financial conflicts of interests.  28 U.S.C. 455a, b4, 5i,iii, 3c1c.**

26.  Plaintiff believes and alleges that the above captioned case involves several United States Presidents: Bill Clinton, George W. Bush, and Barrack H. Obama, and their administrations, obstructed justice, protecting the (Racketeering Enterprise) of defendants White & Case, Wallpark LLC, Judge Friedman and others, violating the plaintiff's civil right.  Plaintiff alleges that White & Case represented both President George H. W. Bush and President George W. Bush, and the White & Case represented Viacom and other Hollywood studios, connected to plaintiff's litigation against the Hollywood corporations.

27.  Plaintiff believes and alleges that Defendants and unnamed defendants acts against the plaintiff were extreme, outrageous, maliceous and reckless conduct, denying the plaintiff's his rights to due process of law (5th and 14th amendment of the constitution) to fair trials.

28.  Moreover,  Plaintiff believes and alleges that defendants acts against the plaintiff violated plaintiff's first amendment right to free speech, which led to massive retaliation and obstruction of justice relating to the plaintiff's cases and copyright infringement and other claims against the Government and Hollywood studios.

29.  Plaintiff believes and  alleges that Defendants Bush, Clinton and Obama engaged in unlawful, extreme outrageous and reckless acts against the plaintiff by protecting the RICO Enterprise and activity of  White & Case LLP, Wallpark LLC, Judge Friedman and others, mounting to (Obstruction of Justice).

30.  Plaintiff believes and alleges that Judge Friedman lacked jurisdiction to rule on the merits of  the plaintiff's case <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, discussed in the <u>above paragraph no. 18</u>, due to the rulings in <u>Whitehead v. Paramount Pictures,</u> et al., 96cv1616, and appeals court decision in <u>Whitehead v. Paramount Pictures</u>, et al., 96-7212, affirming Judge Aubrey Robinson's decisions in 96cv1616 <u>Whitehead v. Paramount Pictures</u>.

31. Further, Plaintiff believes and alleges that Judge Friedman had other conflicts of interest involving the plaintiff's cases, related to his personal bias and financial interest, including the financial interest of his wife, defendant Elizabeth Friedman and her employment with the law firm of Nixon and Peabody LLP, which has interest in the outcome of the plaintiff's cases before Judge Friedman. See 28 U.S.C. 455 a, b4, 5iii 3c1c. US v. Tucker, 1313, 1324, 8th Cir. 1996) and also see 1324 (8th US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

32. Plaintiff believes and alleges that the evidence will show that defendants and unnamed defendants profited from the massive thief of plaintiff's intellectual properties, involving the Hollywood studios, and judges rulings against the plaintiff. (See FEC MUR-5237, currently under investigation by the United States FBI).

33. Further, Plaintiff believes and alleges that there was fraudulent concealment of the evidence by White House administrations (Clinton, Bush and Obama) involved in this case.

34. Plaintiff believes and alleges that he did not have the power to obtain classified White House documents relating to the case. Moreover, Plaintiff believes and alleges that he has demonstrated a diligence ethic to ascertain the facts with limited authority to gather the facts. See Williams v. Hartje, 827 F.2d 1203, 1205 (8th Cir. 1987).

35. Plaintiff believes and alleges that Governor Patrick Deval of Massachusetts, as civil rights chief in the Department for Justice, told the plaintiff that President Clinton ordered him not to investigate matters of the plaintiff. And former White House Secretary Bettie Curry told the plaintiff that his CIA book and court papers came to the White House for Mr. Clinton's review, and Mr. Clinton reviewed plaintiff's papers.

36. Plaintiff further believes and alleges that President Clinton conspired and obstructed justice relating to his cases before Judge Friedman, who he appointed to the bench.

37. Plaintiff further believes and alleges that former White House Press Secretary Michael Curry informed the plaintiff that his name "probably" came up in White House staff meetings, which give credence to the Clinton administration's involvement in the plaintiff's cases.

38. Plaintiff believes and alleges that both Mr. and Mrs. Clinton engaged in serious White House discussions with Viacom's chairman Sumner Redstone, on many subjects, including the case Whitehead v. Paramount Pictures Corp, et al, 96cv2436, before Clinton appointed Judge Friedman, who later dismissed the case, lacking jurisdiction to rule on the merits.  Judge Friedman also dismissed the 10 remaining cases of the plaintiff having personal bias and financial interest, discussed in the above paragraphs 1 through 21.

39. Plaintiff believe and alleges that Mr. Redstone's autobiography book entitled "Passion To Win" states that he often visited the Clinton White House, having meeting with the Clintons, on discuss various subjects.  (See "Passion To Win" p173, Simon and Schuster, 2001). US v. Tucker, 1313, 1324, 8th Cir. 1996;  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

40. Plaintiff believes and alleges that Viacom is the Parent of Paramount Communications, Paramount Pictures, Simon and Schuster.

41. Plaintiff believes and alleges that Defendant Viacom published many of Mrs. Clinton's books.  As a US Senator, Mrs. Clinton's $8 million dollar book deal involving Viacom was investigated by the US Senate.

42. Plaintiff believes and alleges that defendant President Clinton's interest in the plaintiff's case against Viacom's Paramount Pictures, and Simon and Schuster involves Mr. Clinton's personal Attorney Robert S. Bennett, who declined to represent the plaintiff in the case Whitehead v. Paramount Pictures, et al., 96cv2436, before Clinton appointee Judge Friedman.

43. Plaintiff believes and alleges  that several weeks after Attorney Bennett declined to represent the plaintiff, the case Whitehead v. Paramount Pictures Corp, et al, 96cv2436, was assigned to Judge Friedman.  Noting that according to Attorney Friedman's financials, he and Attorney Bennett co-edit an ABA paper.  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989); Also see Attorney Friedman's 1994 Senate Confirmation Hearings, on Attorney Bennett.

44. Plaintiff believes and alleges that Attorney Bennett has an interest in the plaintiff 's copyright case before Judge Friedman in re: Whitehead v. Carroll & Graf, et al., 98cv202, on the assassination of President John F. Kennedy. Judge Friedman dismissed plaintiff's case. See US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

45. Plaintiff believes and alleges that Attorney Bennett represent the Abraham Zapruder family on the Kennedy assassination tape of Mr. Zapruder, which was sold to the United States Government for millions of dollars. Plaintiff wrote the book, "Quotes on the Assassination of President John F. Kennedy" (1993, Equality America Press). Moreover, plaintiff's papers on the Kennedy Assassination are part of the United States Archives II collection.

46. Plaintiff believes and alleges that the relationships between the Clintons, Viacom, Attorney Bennett and Judge Friedman is significant, which should have required Judge Friedman to recuse himself from plaintiff's cases. US v. Tucker, 1313, 1324, 8th Cir. 1996. Also see 28 U.S.C. 455 a, b1,2,4, 5i,iii, 3c1c.

47. Plaintiff believes and alleges that Judge Friedman dismissed all 11 of the plaintiff's cases, one of which, he lacked jurisdiction (Whitehead v. Paramount Pictures, et al., 96cv2436), protecting the financial interest of White & Case, Wallpark LLC, Judge Friedman, Elizabeth Friedman, Williams and Connolly LLP, Mr. Bennett, Viacom, Bill and Hillary Clinton and others. 28 U.S.C. 455 a, b4, 5i, ii, iii 3c1c,; Also see US v. Tucker, 1313, 1324, 8th Cir. 1996; US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

48. Plaintiff believes and alleges that President Clinton and Ms. Clinton's legal representatives the law firm of Williams and Connolly LLP, represented Viacom, Paramount Communications, Paramount Pictures, Simon and Schuster, Twentieth Century Fox Film involving plaintiff's cases before Judge Friedman. Plaintiff believes and alleges that the relationship between the Clintons and Williams and Conolly LLP and Judge Friedman violates the White House conflicts of interest laws, violating the plaintiff's civil rights to a fair trial. See 28 U.S.C. 455 a, b4, 5i,iii, 3c1c; also See US v. Tucker, 1313, 1324 8th Cir. 1996.

49. Plaintiff believes and alleges that Judge Friedman is a material witness involving his cases, due to his relationship with Delegate Eleanor Holmes Norton. See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

50. Further, plaintiff believes and alleges that the relationship between Judge Friedman and Defendant Norton, should have recused Judge Friedman from all of the plaintiff's cases assigned to Judge Friedman. 28 U.S.C. 455a, b4, 5i,iii, 3c1c, also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989), also see <u>US v. Tucker</u>, 1313, 1324 8th Cir. 1996.

51. Williams and Connolly's representation of Paramount Pictures, Simon and Schuster, Pocket Books, 20th Century Fox Film and others involves the civil action cases of the plaintiff before Judge Friedman. (See <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, and <u>Whitehead v. Columbia Pictures Industries, Paramount Pictures, Twentieth Century Fox Film</u>, et al., 98cv2938).

52. Plaintiff believes and alleges that the evidence, whether circumstantial, involving the Clintons, Bush, Obama and the plaintiff's cases and his intellectual properties, mounts to obstruction of justice, and violations of plaintiff's civil rights to a fair trial.

53. Plaintiff believes and alleges that the law firm White & Case client base involves Viacom, Simon and Schuster, Columbia Pictures, Columbia Pictures Industries, Time Warner, Sony and MGM. Some of these entities were sued by the plaintiff before Judge Friedman of White & Case and Wallpark LLC. (See <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, and <u>Whitehead v. Columbia Pictures Industries, Paramount Pictures, Twentieth Century Fox Film</u>, et al., 98cv2938, <u>Whitehead v. MGM Inc.</u>, 98cv256). <u>See 28 U.S.C. 455 a, b4, 5i, ii, iii</u>.3c1c.

54. Plaintiff believes and alleges that Judge Friedman never left White & Case LLP, as a General Partner with White & Case Partners, Former Partners, and Spouses in Wallpark LLC, presiding as a federal judge. He violated the statutes and law, and plaintiff's constitutional rights (due process) to a fair trial (5th and 14th amendments of the constitution), when he presided and ruled on the merits of the case <u>David L. Whitehead v. Paramount Pictures Corp</u>, et al, 96cv2436, <u>lacking jurisdiction</u>.

For instance, "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." <u>Piper v. Pearson</u>, 2 Gray 120, cited in <u>Bradley v. Fisher</u>, 13 Wall. 335, 20 L.Ed. 646 (1872).

Further, "Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction." See <u>Gregory v. Thompson</u>, 500 F2d 59 (C.A. Ariz. 1974)

Further, "There is a general rule that a ministerial officer who acts wrongfully, although in good faith, is nevertheless liable in a civil action and cannot claim the immunity of the sovereign." Cooper v. O'Conner, 99 F.2d 133.

In addition, on civil rights matters, a judge is liable civilly, lacking jurisdiction. "Federal tort law: judges cannot invoke judicial immunity for acts that violate litigants civil rights; Robert Craig Waters. Tort & Insurance Law Journal, Spr. 1986 21 n3, p509-516".

55. Plaintiff believes and alleges that the complaint filed against the above named and unnamed defendants is based on evidence that these individuals and entities engaged in unlawful activities protecting a major RICO Enterprise of the defendants White & Case LLP, Judge Paul L. Friedman, Wallpark LLC, and other entities and individuals, relating to allegations that Judge Friedman lacked jurisdiction to rule on the merits of plaintiff's second identical case Whitehead v. Paramount Pictures, et al., 96cv2436. (See recent conviction of Pennsylvania ex-judge convicted of racketeering in 'kids for cash' kickback scam)( Mark Ciavarella, 61, a former juvenile court judge in Luzern County, was convicted today of racketeering, which involved a case accusing him of sentencing juvenile offenders to detention centers for kickbacks), and the impeachment of a U.S. District Court Judge. "After the House impeached the most recent offender, U.S. District Court Judge Thomas Porteous of the Eastern District of Louisiana, a New Orleans native, the Senate unanimously voted to remove him on December 8 th and revoke his retirement benefits. He was convicted of bribery, perjury, filing under a false name ("G.T. Ortous"), and failing to disclose assets and gambling debts. P rosecutor Adam Schiff (D-CA) countered that "it would make a mockery of the court system to leave him on the bench." Federal judges should learn the lesson of Porteous").

**56. Further, Plaintiff believes and alleges that should Judge Friedman had any type of jurisdiction, still, he engaged in wrongful acts, when he denied plaintiff's attorney Daniel J. Henry's motion for leave to amend the complaint, and the amended complaint attached to the motion, which had merit. Lacking jurisdiction, Judge Friedman issued a false 30 or more page ruling on the merits of the case in re:**

**Whitehead v. Paramount Pictures, et al., 96cv2436, due to his ongoing business operation and enterprise with White & Case, White & Case Partners, former Partners and spouses in Wallpark LLC. 28 U.S.C. 455 a, b4, 5iii. 3c1c; Also see US v. Tucker, 1313, 1324, 8th Cir. 1996 and US v. Kelly, 888 F.2d 732 (11th Cir. 1989).**

57. Further, Plaintiff believes and alleges that the Civil Rights Violations, Conspiracy and RICO Enterprise and activity extended to the Virginia Courts by the Memorandum Order of District of Columbia Superior Court Small Claims Magistrate Judge Ronald Goodbread, who disseminated the 55 page order to the Virginia courts.

58. Plaintiff believes and alleges that Magistrate Goodbread copied/disseminated his 55 page order to 3 States and Districts: Maryland, Virginia and the District of Columbia, violating the plaintiff's civil rights, slanderous defamatory remarks, protecting the RICO Enterprise. (See United States of America v. J. Wilton Hunt, Sr., 749 F.2d 1078 (4th Cir. 1984)("...A judge, whether elected or appointed, must be more circumspect in his dealings with the public, in light of the standards of judicial ethics and the responsibilities of his office, which require him to be a neutral arbiter above partisan concerns...")("... the Supreme Court has recognized that "the primary purpose of RICO is to cope with the [organized crime] infiltration of legitimate businesses," United States v. Turkette, 452 U.S. 576, 591, 101 S.Ct. 2524, 2533, 69 L.Ed.2d 246 (1981), it has declined to limit the applicability of RICO to its core purpose alone, and lower courts have expressly held that the RICO statute does not require proof that the defendant or his enterprise is connected to organized crime. See, e.g. United States v. Aleman, 609 F.2d 298, 303 (7th Cir.1979), cert. denied, 445 U.S. 946 , 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980). We have previously upheld convictions of public office holders under RICO where there was no evidence of any "organized crime" connection, see, e.g. United States v. Long, 651 F.2d 239 (4th Cir.), cert. denied, 454 U.S. 896 , 102 S.Ct. 396, 70 L.Ed.2d

14

212 (1981), and we will not graft an ambiguous "organized crime" precondition onto the RICO statute now..." "...The remaining RICO issues raised by the defendant, whether a judgeship can constitute an "enterprise" for RICO purposes, and whether multiple bribes may be treated as distinct felonies, have been dispositively resolved by our decisions in United States v. Altomare, 625 F.2d 5, 7 (4th Cir.1980), and United States v. Karas, 624 F.2d 500, 504 (4th Cir.1980), cert. denied, 449 U.S. 1078 , 101 S.Ct. 857, 66 L.Ed.2d 800

(1981...)). Also see United States v. Baker, 617 F.2d 1060 (4th Cir. 1980).

59. Plaintiff also believes and alleges that defendant Chief Judge Lee Satterfield, in the Superior Court for the District of Columbia refused to order and/or release Magistrate Judge Goodbread's financial records to ascertain whether or not Magistrate Goodbread had Hollywood financial stocks, when he issued the 55 page Memorandum order related to the plaintiff's case in re: SC-15207-04 Whitehead v. Wickham, RandomHouse Publishers Inc, lacking jurisdiction to rule on the merits, without dismissal of the case, and illegally disseminating the order to the Virginia, Maryland and District of Columbia courts.

60. Further, Plaintiff believes and alleges that the District of Columbia laws requires the Chief Judge, to authorize the release of the financials of the Magistrate judges in the District of Columbia Superior Court.

61. In this instance case, Plaintiff believes and alleges that Chief Judge Satterfield's failure to act on Magistrate Goodbread's financials relating to plaintiff's case is an obstruction of justice, protecting the alleged RICO Enterprise relating to Judge Friedman, White & Case and others.

62. Further, plaintiff believes and alleges that Magistrate Judge Goodbread's lacked authority and jurisdiction to rule on the merits of the case, and the Magistrate Judge improperly disseminate his 55 page order to the States of Virginia, Maryland and District of Columbia Courts' transcending the RICO Enterprise and activity to those districts and States, creating a broad base conspiracy and RICO scheme, stemming from the property theft of the plaintiff. 18 U.S.C. 1961, 1962, 1963.

63. Plaintiff believes and alleges that Magistrate Goodbread lacked jurisdiction and authority to rule on the merits of the plaintiff's case, although he did not dismiss the case, but ruled on the merits, and recommended that the case be dismissed,with sanctions against the plaintiff.

15

64. Plaintiff believes and alleges that Magistrate Goodbread's extreme, outrageous conduct and reckless action taken against him violated the plaintiff's civil rights to due process (5th and 14th amendment of the Constitution) for a fair trial.

65. Plaintiff believes and alleges that defendant White & Case LLP represented President George H.W. Bush, in the Iran Contra case, and the law firm White & Case represented President George W. Bush in the famous Supreme Court case, "Bush v. Gore", involving millions of dollars in the Florida Presidential election race.

66. Plaintiff believes and alleges that Partners, Judge Friedman continues to be attached and/or part to White & Case LLP, because of his General Partnership with White & Case Partners, Former Partners, and spouses, violating the plaintiff's civil rights, dismissing the case Whitehead v. Paramount Pictures, et al., 96cv2436, lacking jurisdiction, to rule on the merits of the case., and dismissing 10 other related cases without consolidation of those cases. 28 U.S.C. 455 a, b4, 3c1c, 5i, iii.

67. Plaintiff believes and alleges that President George W. Bush retaliated against the plaintiff for writing his college paper on the Persian Gulf War, involving his father's foreign policy on war relating to the Iraq theater, in violation of White House conflict of interest laws.

68. Plaintiff believes and alleges that Mr. Bush's retaliation against him violated the plaintiff's civil rights to fair trials and investigations.

69. Plaintiff believes and alleges that President Bush's FEC appointees, who voted against the plaintiff's FEC complaint No. MUR-5237, is currently under federal investigation.

70. Plaintiff believes and alleges that President Bush appointed other officials in power to obstruct justice involving the plaintiff's cases and free speech, dismissing FEC MUR 5237, under federal investigation, appointing a federal judge from the Bush White House, who were assigned plaintiff's cases involving FEC MUR 5237.

For instance, US House of Representatives Judiciary Chief Counsel Keith Ausbrook, in a meeting with the plaintiff informed him that 4 (four) legal ethics experts reviewed the alleged case against Judge Friedman, and found that Judge Friedman should have recused himself from plaintiff's cases, based on Judge Friedman's ongoing relationship with White & Case, and receiving a $250.00 gift from Circuit Judge Judith Rogers, who presided on the plaintiff's appeals of Judge Friedman's ruling.

71. Plaintiff believes and alleges that President Bush administration brought Mr. Ausbrook to the White House giving him immunity in the case. This act was an obstruction of justice due to Mr. Bush's relationship with White & Case LLP and White & Case attorneys.

72. Plaintiff believes and alleges President Bush administration brought Mr. Ausbrook from Congress to the White House for immunity protection, which is an obstruction of justice.

73. Further, plaintiff believes and alleges that the new Chief House Counsel Julia Tomala sent plaintiff a letter stating that Judge Friedman did not commit misconduct, however, learning that she was under federal investigation for her action involving the plaintiff's allegations of misconduct against Judge Friedman, Ms. Tomala, after 1 year, immediately resigned from her congressional post, as Chief House Judiciary Counsel and immediately left Washington.

74. Further, plaintiff believes and alleges that Defendant Tomala's action taken against the plaintiff was extreme, outrageous, reckless, and protected a RICO Enterprise, engaging in activity undermining and obstructing a Congressional and federal investigation.

75. Plaintiff believes and alleges that Delegate Norton moved her office next to House Judiciary Committees main office, to control the investigation, during Mr. Ausbrook and Ms. Tomala's tenure, as Chief Counsel of the US House of Representatives Judiciary Committee.

76. Further, plaintiff believes and alleges that Delegate Norton was opposed to Congress House Governmental Affairs Committee Chairman Burton's subpoenas relating to criminal campaign finance cases before Judge Friedman. Noting that Judge Friedman worked for Delegate Norton in 1990 and 1992.

77. Plaintiff alleges that Delegate Norton also engaged in a conspiracy in matters Whitehead v. Gates, Norton, 92cv917, before Judge Norma Holloway Johnson and Whitehead v. Deutch, 96cv420, before Judge Friedman, with Ms. Norton as a defendant and material witness. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). Whereas, Judge Johnson was placed on the District of Columbia Federal Judicial Nomination Committee, when she was presiding Judge in the case, Whitehead v. Gates, Norton, 92cv917. Judge Friedman was chair of the District of Columbia Federal Judicial Nomination Committee, with Judge Johnson, as a member of the committee, ruling against the plaintiff.

78. Plaintiff believes and alleges that Judge Friedman presided on the case Whitehead v. Deutch, 96cv420 (related to Whitehead v. Gates, Norton, 92cv917) with Ms. Norton and Judge Friedman as material witnesses. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). Also see 28 U.S.C. 455 a, b2.

79. Further, plaintiff believes and alleges that Attorney Michael Manigan, formerly of the District of Columbia Federal Judicial Nomination Committee with Attorney Friedman, became Chief Investigative Counsel for the Senate Government Affairs Committee's 1996 investigation of Campaign Finance.

80. Further, plaintiff believes and alleges that once, Chairman Senator Fred Thompson, an actor from the television series *Law and Order*, learned that the plaintiff was providing evidence to the Congress, linking the campaign finance cases and Senate's investigation to Hollywood, the Senate Campaign Finance Investigation on campaign finance was immediately shut down

81. Plaintiff believes and alleges that Senator Thompson later, left the Congress, for Hollywood; and he later ran for President of the United States in 2008.

82. Plaintiff believes and alleges that the above activity both links to the protection of the alleged RICO Enterprise, and an obstruction of justice, undermining a congressional and federal probe.

83. Further, plaintiff believes and alleges that on the US House of Representatives side, Delegate Norton was opposing subpoenas for individuals involved in criminal campaign finance cases before Judge Friedman, pointing to facts that both sides of the United States Congress were affected by the RICO Enterprise and activity of White & Case, Judge Friedman and others. 18 U.S.C. 1961.

84. Further, plaintiff believes and alleges that Delegate Norton engaged in a conspiracy in matters of the plaintiff before Judge Aubrey Robinson, who was also a member of the District of Columbia Federal Judicial Nomination Committee, with Attorney Friedman.

85. Plaintiff believes and alleges that Attorney Friedman once clerked forJudge Aubrey Robinson, and he later worked for defendant Norton. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

86. Plaintiff believes and alleges that the District of Columbia Government is liable based on the evidence stated in the above paragraphs 1 through 37.

87. Plaintiff believes and alleges that witness Attorney Beth Ann Walker states that this is a Democratic / Clinton Scandal, however, plaintiff alleges that this is also a REPUBLICAN Scandal, with Senator Thompson's involvement as well, relating to the suppression of the Senate's investigation into campaign finance 1996. Then, there is the obstruction of justice matters involving the case by the Bush Administration.

88. Further, Plaintiff believes and alleges that the Presidential Library of President George W. Bush is connected to Bush appointee, Judge Brett Kavanaugh and his wife Ashley's financial interest. See 28 U.S.C. 455 a, b4, 5i, iii, 3c1c. Whereas, defendant Judge Kavanaugh's wife Ashley Kavanaugh was financially (employed) at the Bush White House, and she is connected to the Bush Library Foundation for the years 2008 and 2009, the same year in which her husband Judge Kavanaugh was assigned and ruled on the plaintiff's civil action cases Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. CBS/Viacom, et al., and Whitehead v. Federal Election Commission, et al, 08-8016 (the latter case 08-8016 Whitehead v. FEC, et al., is related to FEC Complaint MUR-5237). See 28 U.S.C. 455 a, b4, 5i,iii, 3c1c; also see  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). Also see C.F. Carbide Corp, v. US Cutting Service Inc. 782 F.2d 710 (7th Cir. 1986) and Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988).

89. Plaintiff believes and alleges that the above  relationships in paragraphs 1 through 88 violates the statutes: 28 U.S.C. 455 a, b4, 5i, ii, iii, 3c1c, relating to plaintiff's cases before Judges Friedman, Kavanaugh and others. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989); also see 28 U.S.C. 455 a, b4, 5i,ii, iii,  3c1c.

90. Further, Plaintiff believes and alleges that the White House conflicts of interest statutes possibly have been violated with Judge Kavanaugh denying  White & Case Judge Friedman and other judges recusal, one of which relates to the FEC and campaign finance in re: Whitehead v. FEC, et al., 08-8016. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

91. Further, Plaintiff believes and alleges that Judge Kavanaugh's action ruling against the plaintiff's cases relating to the recusal of Judge Friedman protected the letter written by Chief House Judiciary Counsel Julia Tomala, relating to alleged misconduct of Judge Friedman, discussed in the above paragraphs.

92. Plaintiff believes and alleges that The law firm White & Case representation of both President George H.W. Bush and President Bush is significant to this case, violating the plaintiff's civil rights to a fair trial, based on the alleged RICO Enterprise of Judge Friedman and White & Case and others. Judge Friedman lacked jurisdiction in <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436. See <u>US v. Tucker</u>, 1313, 1324 (8th Cir. 1996). Also see <u>US v. Isaacs</u>, 493 F.2d 1124 (7th Cir. 1974), whereas, "…the judge acted in the absence of jurisdiction, and that judicial immunity does not extend to this sort of criminal behavior."

40. Plaintiff believes and alleges that Judge Kavanaugh, a former Bush White House employee, was promoted to become a federal judge by President Bush, and later in 2008 and 2009, Judge Kavanaugh was assigned plaintiff's cases.

In 2009, Judge Kavanaugh ruled against the plaintiff, denying the recusal of Judges Friedman, Richard Roberts, Royce Lamberth and other conflict judges involved in the plaintiff's cases, violated plaintiff's civil rights to fair trials. <u>28 U.S.C. 455 a, b4, 3c1c 5i,iii</u>.

93. Further, Plaintiff believes and alleges that Judges Kavanaugh, Garland and Ginburg rulings in re: <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010, <u>Whitehead v. CBS/Viacom</u>, et al., and <u>Whitehead v. Federal Election Commission</u>, et al, 08-8016 (the latter case 08-8016 <u>Whitehead v. FEC</u>, et al., is related to FEC Complaint MUR-5237), improperly extended the original payment of sanctions in <u>Whitehead v. Warner Bros</u>, et al.,00-7163, signed by Judges Judith Rogers, Sentelle and Williams.

94. Plaintiff believes and alleges that the plaintiff in re: <u>Whitehead v. Warner Bros</u>, et al.,00-7163 was only required to pay $1263.10, to have access to the courts in the initial sanctions. However, to protect the alleged Rico Enterprise and activity, Judges Ginsburg, Garland and Kavanaugh ruled that plaintiff would have to pay all of the sanctions, denying him access to the courts to fight against alleged corruption. <u>28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c</u>; Also see <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

95. Plaintiff believes and alleges that the above acts stated by the plaintiff in paragraphs 1 through 94, were extreme, outrageous and reckless, violating the plaintiff's civil rights to fair trials and due process (5th and 14th amendments of the Constitution) and obstruction of justice.

96. Further, Plaintiff believes and alleges, the court's sanction rulings cited in the above paragraphs 1 through 40, obstructed justice, allowing the Hollywood studios to continue to massively infringe plaintiff's intellectual properties. (See Whitehead v. Paramount Pictures, et al., 08-8010, also see Whitehead v. CBS/Viacom Inc, et al., 08-8015, and Whitehead v. FEC, et al., 08-8016). 28 U.S.C. 455 a, b4, 5 i, ii,iii; 3c1c; US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

97. Plaintiff believes and alleges that Judge Kavanaugh and other judges involved in his cases, having various conflicts of interest in violations of the statutes, protected the alleged RICO Enterprise and activity of White & Case, Judge Friedman, Wallpark LLC, Julia Tomala and others, denying Judge Friedman and other judges recusals, involved in this matter. 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). Also see Also see C.F. Carbide Corp, v. US Cutting Service Inc. 782 F.2d 710 (7th Cir. 1986) and Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988).

98. Moreover, Plaintiff believes and alleges that Judge Kavanaugh and other judges involved with his cases violated the plaintiff's civil rights to a fair trial, with his many conflicts of interest stated in this complaint. 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c; US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

99. Plaintiff believes and alleges that President Bush retaliated against the plaintiff for writing his CIA book, discussing the elder Bush's domestic policies, vetoing the 1990 Civil Rights bill, and discussing the Iran Contra Affair, involving the Senior Bush, and for writing the play *"The Big Bad Wolf vs. Miss Little Red Riding Hood-The Mike Tyson Story"*, fictitiously accusing the Senior Bush of going after Mike Tyson for making racial comments about America.

100. Plaintiff believes and alleges that the above retaliation and extreme outrageous, overt and reckless acts by President George W. Bush and other named and unnamed defendants against the plaintiff violated his civil rights to free speech, because the plaintiff's writings are part of the American culture and idea, involving the First Amendment rights to Free Speech. (The plaintiff's play "The Big Bad Wolf vs. Ms. Little Red Riding Hood-The Mike Tyson Story" was highlighted by the Washington Post on October 1, 1996. Governor George W. Bush, the plaintiff, Mike Tyson, John F. Kennedy Jr, and his wife Carolyn Kennedy were listed in the Reliable Source article). (See attached Washington Post Article listing the plaintiff's play with Mr. Bush in

the article) (Also see Howard University's Community News article on the plaintiff's play discussing the fictitious plot involving the Senior President Bush in the Mike Tyson Story).

101.     Plaintiff believes and alleges that Judge Friedman also presided on the case in re: Whitehead v. New Line Cinema, Time Warner, Howard University, H. Patrick Swygert, Dick Parsons, et al., 98cv1231, involving the alleged infringing film "WAG THE DOG", created from the plaintiff's college paper, "*International Law Regarding The Use of Force and Collective Security A Comparative Analysis of the Korean and Persian Gulf Wars*."

Whereas, a US President creates a foreign war to divert attention from his personal problems. In this instance, the Savings and Loan Crisis, involving the Bush Family was stated in plaintiff's college paper.

102.     Plaintiff believes and alleges that White & Case LLP represents New Line Cinema, a subsidiary of Time Warner; and the law firm White & Case represents Time Warner, defendant in plaintiff's case, before Judge Friedman. See Whitehead v. New Line Cinema, Time Warner, et al., 98cv1231, and Whitehead v. Time Warner, et al., 98cv257. 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c;. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

103.     Plaintiff believes and alleges  that White & Case as mentioned represented the Bushes; and Judge Friedman is tied to White & Case, dismissed the civil action Whitehead v. New Line Cinema, et al., 98cv1231. See 28 U.S.C. 455a, b4, 5i,iii , 3c1c.  See US v. Tucker, 1313, 1324, 8th Cir. 1996;  Also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985);  US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

104.     Plaintiff believes and alleges that Judge Friedman also dismissed the cases Whitehead v. New Line Cinema, Howard University, Time Warner, Dick Parsons, H. Patrick Swygert, et al., 98cv1231 and Whitehead v. Time Warner, et al., 98cv257.  These entities sued by the plaintiff are White & Case clients, and Judge Friedman was attached to White & Case through the Enterprise Wallpark LLC. 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c;  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

105.  Plaintiff believes and alleges that Plaintiff's college paper at Howard University examines the Iran Contra Affair, and Attorney Friedman was a Government investigator of Iran Contra, while his law firm White & Case, was on the other side representing President George H.W. Bush. Therefore, it was in the interest of President George W. Bush to protect Judge Friedman of White & Case.  (See 28 U.S.C. 455a, b4, 5iii, 3c1c.  Also see US v. Tucker, 1313, 1324, 8th Cir. 1996;  Also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985);  US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

106. Plaintiff believes and alleges that Judge Friedman dismissed the plaintiff's cases protecting the alleged RICO Enterprise and activity of White & Case, Judge Friedman, Julia Tomala, Wallpark LLC, and others, including Judge Friedman's spouse defendant Elizabeth Friedman, violated the plaintiff's civil rights to a fair trial. 28 U.S.C 455 a, b4, 5i, ii, iii, 3c1c,. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

107. Plaintiff believes and alleges that as part to the retaliation, the Bush administration prohibited the publisher Palgrave Mcmillan from publishing the plaintiff's manuscript "Black America's Partial Migration to Africa", and the Bush administration later appointed Judge Michael Mukasey as Attorney General controlling the investigation of Judge Friedman. Noting that Judge Mukasey was involved with the case Whitehead v. Warner Bros, et al, in the US District Court for Southern District of New York, in which he dismissed, ruling improper transfer, and Judge Mukasey commented negatively about the plaintiff, relating to Whitehead v. Paramount Pictures, et al., 96cv2436, before Judge Friedman. 28 U.S.C. 455 a.

108. Plaintiff believes and alleges that Attorney Beth Walker informed him that President Clinton testified that he prevented the publishing of another author's book. This evidence is tantamount to plaintiff's allegations that President Bush and his administration blocked the publishing of plaintiff's manuscript entitled "Black America's Partial Migration To Africa".

109. Plaintiff believes and alleges that Mr. Bush promoted unnamed defendant Judge Reggie Walton to the federal bench, who improperly denied plaintiff's motion for default judgment against Howard University and H. Patrick Swygert, in re: Whitehead v. H. Patrick Swygert, et al., 98ca715.

110. Plaintiff believes and alleges that Judge Walton is connected to Howard University through pre-law classes at the Law school at Howard. (See attached exhibit of Judge Walton's relations with Howard University Law School).

111. Plaintiff believes and alleges that in re: Whitehead v. H. Patrick Swygert, et al., 98ca715, Howard University's counsel failed to file a responsive pleading in a timely manner, and Judge Walton, who attended Howard University law seminar, denied plaintiff's motion for default, giving the University another opportunity to respond.

112. Further, Plaintiff believes and alleges that Howard University's counsel, again, failed to respond by providing the court with an answer to plaintiff's complaint, after being given a second opportunity.

113. Further, Plaintiff believes and alleges that Judge Walton, who had a conflict ,would not allow plaintiff to prevail on his motions for default judgment.

114. Further, Plaintiff believes and alleges that Judge Walton violated his civil rights to a fair trial, when he denied plaintiff's motions for default judgement based on retaliation by the Bush administration. Judge Walton was later promoted to federal court, as a judge, by President George W. Bush.

115. Plaintiff believes and alleges that Howard University had Defendant Dick Parson of Time Warner on the board of Trustees, and the University also had Professor Ronald Walters on the board of Trustees. Mr. Walters was chair of the Department of Political Science, where plaintiff's college paper on the Persian Gulf War was located.

116. Plaintiff believes and alleges that in 1990, Mr. Walters was Rev. Jesse L. Jackson's political advisor, and plaintiff ran a political campaign against Rev. Jackson in the District of Columbia, while attending Howard University, as a student in the Department of Political Science.

117. Plaintiff believes and alleges that in 1990, Mr. Walters and Howard University retaliated against the plaintiff for running against Rev. Jackson for District of Columbia Shadow Senator. Plaintiff's political campaign against Rev. Jackson made the news: Washington Post, with no Howard University's support, as a student.

118. Further, plaintiff believes and alleges that because of Mr. Walters, Plaintiff's MA degree in Political Science was held up, including the defense of his legitimate comparative paper on the Korean and Persian Gulf Wars, which became the film "Wag The Dog".

119. Plaintiff believes and alleges that in the late 1990s Howard University retaliated against the plaintiff by holding up his college degree, and later denying his application for the Ph.d program.

120. Plaintiff believes and alleges that Time Warner's Dick Parson had access to his paper on the Persian Gulf war, relating to President George H.W. Bush's policy on Iraq and war in the Persian Gulf, which led to the film "Wag The Dog" produced by Time Warner's subsidiary New Line Cinema. White & Case represents Time Warner, and Judge Friedman is connected to White & Case through Wallpark LLC. 28 U.S.C. 455 a, b4, 5 i, ii,iii; 3c1c; Also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

121. Plaintiff alleges and believes that the case <u>Whitehead v. New Line Cinema, Howard University, Dick Parson</u>, et al, 98cv1231, was assigned to White & Case's Judge Friedman, who was a General Partner with other White & Case Partners, former Partners and spouses, in Wallpark LLC, as a federal judge. White & Case represents Time Warner; and Judge Friedman is connected to White & Case through Wallpark LLC. (28 U.S.C. 455 a, b4, 5iii, 3c1c,. See also <u>US v. Tucker</u>, 1313, 1324, 8th Cir. 1996). <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

122. Plaintiff believes and alleges that Defendants Mike Myers, Time Warner, Time Warner's New Line Cinema stoled plaintiff's script "A New World" to create a business enterprise film operation entitled "Austin Powers". The Austin Powers film alleged infringement case was within <u>Whitehead v. Warner Bro</u>, et al., 00ca-3710, before Judge Stephanie DuncanPeters.

123. Plaintiff believes and alleges that Defendants act against the plaintiff was outrageous, reckless and extreme, violating the RICO Activity Act, grossing millions and billions of dollars from the theft of the plaintiff's intellectual properties, and improper judicial rulings protecting the RICO Enterprise of Judge Friedman, Time Warner, New Line Cinema, Mike Myers, White & Case, Wallpark LLC, and others.

124. As previously stated, Plaintiff believes and alleges that the plaintiff's MA paper at Howard University, was on the first Persian Gulf War, involving President George H.W. Bush. White & Case represented both Bushes: President George H. W. Bush on Iran Contra, and President George W. Bush in the famous Supreme Court case <u>Bush v. Gore</u>. Judge Friedman is attached to White & Case. (28 U.S.C. 455 a, b4, 5iii, 3c1c, , See also <u>US v. Tucker</u>, 1313, 1324, 8th Cir. 1996). <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

125. Plaintiff believes and alleges that Judge Friedman, as an attorney was involved with the Iran Contra investigation; and plaintiff's CIA book discusses President George H.W. Bush and Iran Contra Affair. (See Attorney Friedman 1994 Senate Confirmation statement on Iran Contra, also see Iran Contra Special Prosecutor Lawrence E. Walsh's book "Firewall: The Iran-Contra Conspiracy and Cover-up").

126. Plaintiff believes and alleges that Judge Friedman was assigned many (11) of the plaintiff's cases, one of which, he did not have jurisdiction in re: <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436. Judge Friedman dismissed all 11 of the plaintiff's cases in total conflict financially with the dismissed cases. (28 U.S.C. 455 a, b4, 5iii, 3c1c, , See also <u>US v. Tucker</u>, 1313, 1324, 8th Cir. 1996). <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

127. Plaintiff believes and alleges that once it was discovered that defendant Judge Friedman of White & Case LLP and Wallpark LLC did not have jurisdiction to dismiss plaintiff's case on the merits (lacking jurisdiction) in re: Whitehead v. Paramount Pictures, et al., 96cv2436, many judges and courts engaged in a broad base conspiracy to protect Judge Friedman's unlawful activity as a General Partner with White & Case LLP Partners, Former Partners and spouses, including defendant Elizabeth Friedman in Wallpark LLC, including the Clinton, Bush and Obama White Houses, involving Julia Tomala, Judges Brett Kavanaugh, Douglas Ginsburg and Merritt Garland of the District of Columbia Circuit Court.

128. Plaintiff believes and alleges that the above individuals and judges lost judicial immunity due to their financials, biases and White House Conflicts of Interest laws, protecting a RICO Enterprise allegedly involving White & Case, Judge Friedman, Current and former White & Case Partners and Spouses, and some of the Wall Street lenders and investors, and Hollywood studios, connected to the scheme. (See 28 U.S.C. 455a, b4, 5iii, 3c1c. See US v. Tucker, 1313, 1324, 8th Cir. 1996; Also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

129. Plaintiff believes and alleges that in 2008 and 2009, Judge Kavanaugh's wife Ashley Kavanaugh was connected financially to the Presidential Library Foundation of President George W. Bush, and Ms. Kavanaugh reportedly was President Bush's personal assistant. (See rulings of Judge Aubrey Robinson, in the first civil action Whitehead v. Paramount Pictures Corp, et al, 96cv1616, and the US Court of Appeals for the District of Columbia Circuit ruling affirming Judge Robinson's ruling in Whitehead v. Paramount Pictures Corp, et al., 96-7212, stripping Judge Friedman of any type of jurisdiction in re: Whitehead v. Paramount Pictures Corporation, et al., 96cv2436). US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). Also see Also see C.F. Carbide Corp, v. US Cutting Service Inc. 782 F.2d 710 (7th Cir. 1986) and Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988).

130. Further, Plaintiff believes and alleges that the Presidential Library of President George W. Bush is connected to Bush appointee, Judge Brett Kavanaugh's financial interest and his wife's interest. Whereas, in 2008 and 2009, defendant Judge Kavanaugh's wife defendant Ashley Kavanaugh was financially (employed) by the Bush White House and she is financially connected to the Bush Library Foundation in 2008 and 2009, the same years in which her husband, Judge Kavanaugh was assigned and decided the civil action cases Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015, and Whitehead v. Federal Election Commission, et al, 08-8016.

26

See  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see  28 U.S.C. 455 a, b4, 5 i, ii,iii., 3c1c

131.  Further, Plaintiff believes and alleges that Judge Kavanaugh, a former Bush White House employee (lawyer), was promoted to become a federal judge by President Bush; and that Judge Kavanuagh knew about the plaintiff while he was employed at the White House.

132.  Further, Plaintiff believes and alleges that in 2008 and 2009, Judge Kavanaugh was assigned plaintiff's cases Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015, and Whitehead v. Federal Election Commission, et al, 08-8016, when his wife Ashley Kavanaugh worked for Mr. Bush in the White House and financially connected to the Presidential Library of President George W. Bush. See  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see  28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c.

133.  Further, Plaintiff believes and alleges that in 2009, Judge Kavanaugh ruled against the plaintiff, denying Judge Friedman, Judge Richard Roberts and others  recusals. Noting that White & Case had previously represented both Presidents, George H.W. Bush, and George W. Bush.  See Whitehead v. Paramount Pictures, et al., 08-8010, also see 08-8015, Whitehead v. CBS/Viacom, et al, and 08-8016  Whitehead v. FEC, Walt Disney, et al., (relates to FEC MUR-5237 complaint)  See  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989)(because of his wife's relations to President George W. Bush and the White House and his Presidential Library, Judge Kavanaugh is a material witness in matters of David Louis Whitehead, requiring a mandatory disqualification as judge in matters of the plaintiff).  See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

134.  Plaintiff believes and alleges that both Judges Friedman and Kavanaugh are material witnesses due to their legal representation of President Bush and Delegate Norton. See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

135. Plaintiff believes and alleges that Judge Friedman did not have jurisdiction to rule on the merits of plaintiff's second case <u>Whitehead v. Paramount Pictures Corp</u>, et al., 96cv2436, due to the first identical case, before Judge Aubrey Robinson, who dismissed the case, to be refiled in New York or California; and Judge Aubrey Robinson's second ruling denying the plaintiff's motion for reconsideration, stated that the dismissal was a 28 U.S.C. 1915 dismissal. See <u>Whitehead v. Paramount Pictures Corp</u>, et al. 96cv1616, and the appeals court's decision in <u>Whitehead v. Paramount Pictures Corp</u>, et al., 96-7212. "When a judge knows that he lacks jurisdiction or acts in the face of clearly depriving him of jurisdiction, judicial immunity is lost". <u>Rankin v. Howard</u>, (1980) 633 F.2d 844, cert, denied. Also see <u>Zeller v. Rankin</u>, 101 S. Ct. 2020, 451 U.S. 939, 68 L. Ed 2d 326.

136. Plaintiff believes and alleges that Judge Thomas F. Hogan held financial stocks in Hollywood, presiding on the sanction matters in <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, before Judge Friedman, violating the plaintiff's civil rights to a fair trial (5th and 14th amendments). This act was extreme, outrageous, reckless. The action by the defendants also protected the alleged Rico Enterprise of Judge Friedman, White & Case and others. See 28 U.S.C. 455 a, b4, 5i,ii, iii, 3c1c.

137. Plaintiff believes and alleges that the Presidential Library Foundation of President George W. Bush is connected to Bush appointee, Judge Brett Kavanaugh's financial interest. Whereas, defendant Judge Kavanaugh's wife Ashley Kavanaugh is financially (employed) by the Bush White House and she was connected to the Bush Library Foundation in 2008 and 2009, the same year in which her husband, Judge Kavanaugh was assigned and decided the civil action cases <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010, <u>Whitehead v. CBS/Viacom</u>, et al., 08-8015, and <u>Whitehead v. Federal Election Commission</u>, et al, 08-8016. See <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, and <u>28 U.S.C. 455 a, b4, 5 i, ii,iii,3c1c</u>.

138. Plaintiff believes and alleges that Judge Kavanaugh, a former Bush White House employee, was promoted to become a federal judge by President George W. Bush. Further, plaintiff believes and alleges that Attorney Kavanaugh was a staff lawyer in the <u>Executive Office of the President of the United States</u> under President <u>George W. Bush</u>, and was later promoted to become a federal appeals judge in the District of Columbia US Court of Appeals for the DC Circuit Court. See <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, and <u>28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c</u>.

139. Plaintiff believes and alleges that in 2008, Judge Kavanaugh was assigned plaintiff's cases <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015, and <u>Whitehead v. FEC</u>, et al., 08-8016. See <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see <u>28 U.S.C. 455 a, b4, 5 i, ii,iii</u>, 3c1c.

140. Plaintiff believes and alleges that in 2009, Judge Kavanaugh ruled against the plaintiff, denying Judge Friedman, Judge Richard Roberts and others recusals, while having many conflicts of interest, due to his wife's employment with the Bush White House and the Bush Library Foundation. <u>28 U.S.C. 455 a, b4, 5 i, ii,iii</u>, 3c1c.

141. Plaintiff believes and alleges that Judge Richard Roberts presided on the plaintiff's cases <u>Whitehead v. CBS/Viacom</u>, et al., 01cv1192, and <u>Whitehead v. FEC, Walt Disney</u> et al., 02cv1630, holding Comcast and Communication III stock bonds, in violation of the statutes. 28 U.S.C. 455, a, b4, 3c1c. Also see <u>C.F. Carbide Corp, v. US Cutting Service Inc</u>. 782 F.2d 710 (7th Cir. 1986) and <u>Liljeberg v. Health Services Acquisition Corp</u>, 486 U.S. 847 (1988).

142. Plaintiff further believes and alleges that no service of the complaint was provided on the defendants in re: <u>Whitehead v. FEC</u>, et al., 02cv1630, when Judge Richard Roberts entertained the case. The case was removed from Superior Court for the District of Columbia to District Court, without service of the complaint on the defendants.

143. Further, plaintiff believes and alleges that Judge Richard Roberts did not have authority to rule on the merits of his cases <u>Whitehead v. CBS/Viacom</u>, et al., 01cv1192 and <u>Whitehead v. FEC</u>, et al., 02cv1630, due to the sanction rulings against the plaintiff by Circuit Judges Judith Rogers, Sentelle and Williams in re: <u>Whitehead v. Warner Brothers</u>, et al., 00-7163, which stated that plaintiff could not have any new appeals or cases in the district court until he paid sanctions to Warner Brothers.

144. Plaintiff believes and alleges that White & Case had previously represented both Presidents George H.W. Bush, and George W. Bush, and Judge Kavanaugh and his wife Ashley Kavanaugh worked for President Bush, and defendant Ashley Kavanaugh worked on the Presidential Library Foundation for President Bush when Judge Kavanaugh was assigned and presided on plaintiff's cases. See <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010, also see 08-8015 <u>Whitehead v. CBS/Viacom</u>, et al., and <u>Whitehead v. FEC</u>, et al., 08-8016 (relates to FEC MUR-5237 complaint) See <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989), <u>US v. Tucker</u>, 1313, 1324, 8th cir. 1996, and <u>28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c</u>.

145.   Plaintiff believes and alleges that Judge Kavanugh have various conflicts of interest in violations of the statutes, including his wife's financial interest in the subject matter, protected the alleged RICO Enterprise and activity of White & Case, Judge Friedman, Julia Tomala and others, denying Judge Friedman and other judges recusals involved in the plaintiff's civil appeal cases. (See US v. Tucker, 1313, 1324, 8th Cir. 1996); also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989). 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c.

146.   Moreover, Plaintiff believes and alleges that Judge Kavanaugh violated the plaintiff's civil rights to a fair trial, with his many conflicts of interest related to his wife's employment with the Bush White House and Library Foundation stated in the above paragraphs.   28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c. Also see  US v. Tucker, 1313, 1324 (8th Cir. 1996). US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985);   US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

147.  Further, Plaintiff believes and alleges that  according to President George W. Bush's own testimony in his newly released book, Judge Kavanaugh's  wife Ashley Kavanaugh worked in the Bush White House, as President Bush's personal assistant.

148.  In addition, Plaintiff believes and alleges that President Bush appointed Judge Kavanaugh to the federal bench in the District of Columbia (See book entitled "Decision Points George W. Bush" Random House Publisher, p.98 and 296,  2010). US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), 28 U.S.C. 455 a, b4, 3c1c, 5iii.

149.  Plaintiff believes and alleges that Judge Kavanaugh's ruling on Judge Friedman, Judge Richard Roberts, Judge Lamberth and other judges recusal issues involves many of  his conflicts, is an Obstruction Justice, Fraud and Conspiracy.

150.  Plaintiff believes and alleges that Judge Kavanuagh's acts involving these matters  was overt and outrageous act of reckless nature, protecting  the RICO Enterprise and activity of White & Case and others, and protected the outrageous acts of  Judge Paul L. Friedman, who lacked jurisdiction to rule on the merits of plaintiff's second case in District Court, Whitehead v. Paramount Pictures, et al., 96cv2436.  See  28 U.S.C. 455 a, b4, 5i, iii, 3c1c; Also see  US v. Tucker, 1313, 1324 (8th Cir. 1996); US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985);   US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

151. Further, plaintiff believes and alleges that Judge Kavanaugh's rulings in Whitehead v. Federal Election Committee, Walt Disney, et al., 08-8016, denying Judge Richard Roberts recusal, protected the interest of the Bush administration, due to the fact that President Bush appointed the FEC Board members, who ruled against the plaintiff in FEC complaint No. MUR-5237, currently under investigation by the FBI. Moreover, Judge Kavanaugh's ruling protected the interest of House Chief Counsel Julia Tomala. Defendant Tomala's letter stating that Judge Friedman did not commit alleged misconduct contradicts the findings of House Chief Counsel Keith Ausbrook, who was hired by the Bush White House for immunity protection.

152. Plaintiff believes and alleges that Judge Richard Roberts held financial stocks in Comcast and Communication III stock bonds presiding on plaintiff's cases. Whitehead v. CBS/Viacom, et al., 01cv1192, and Whitehead v. FEC, Walt Disney, et al., 02cv1630. Moreover, as previously alleged, Judge Richard Roberts did not have authority to rule on his cases due to the sanction ruling of Judges Judith Rogers, Sentelle and Williams in re: Whitehead v. Warner Brothers, et al., 00-7163. See 28 U.S.C. 455 a, b4, 3c1c; Also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

153. Plaintiff believes and alleges that Judge Kavanaugh's ruling on the case Whitehead v. CBS/VIACOM, et al, No. 08-8015, violated the plaintiff's civil rights to a fair trial, denying Judge Richard Roberts recusal, who held financial stocks in Comcast and Communication III stock bonds presiding on plaintiff's case. 28 U.S.C. 455 a, b4, 3c1c. 5i, iii; also see attached financials records of Judge Richard Roberts; also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

154. Plaintiff believes and alleges that Judge Kavanaugh's ruling denying Judge Friedman's recusal, related to the Bush Presidential Library and the financial interest of his wife's employment involving the Foundation of the Library, is an obstruction of justice. 28 U.S.C. 455 a, b4 5i ii, iii, as amended. (See 2009 for the filing year 2008 financials of Judge Brett Kavanaugh, showing his wife's interest in the Presidential Library Foundation of President George W. Bush in Dallas, Texas).

155. Plaintiff believes and alleges that Ms. Ashley Kavanaugh was employed by the Bush White House, as the personal secretary of President Bush, and her husband worked as a White House attorney. See US v. Tucker, 1313, 1324 (8th Cir. 1996). 28 U.S.C. 455a, b4, 5i,ii,iii, 3c1c; Also see. US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

156.  Plaintiff believes and alleges that according to Judge Judge Kavanaugh's 2008 financial records and statement, his spouse, Ms. Kavanaugh, was employed with the Bush Library Foundation for the year 2008, when he was assigned the cases <u>Whitehead v. Paramount Pictures</u>, 08-8010, <u>Whitehead v. CBS/Viacom</u>, et al., 08-8015, and <u>Whitehead v. FEC</u>, et al. 08-8016.  (See attached 2009 for the year 2008 financials records of Judge Kavanaugh).  <u>28 U.S.C. 455a, b4, 5i,ii,iii</u>; 3c1c;  <u>US v. Tucker</u>, 1313, 1324 (8th Cir. 1996); also see <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985);  <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

157.  Plaintiff believes and alleges that Judge Kavanaugh is connected to Georgetown University, and Harvard University, which should have disqualified him as a judge presiding on plaintiff's appeals in re: <u>Whitehead v. Paramount Pictures</u>, 08-8010, <u>Whitehead v. CBS/Viacom</u>, et al., 08-8015, and <u>Whitehead v. FEC</u>, et al. 08-8016, in the US Court of Appeals for the District of Columbia Circuit.  *<u>28 U.S.C. 455a, b4, 3c1c, 5i, iii</u>*, 3c1c; also see <u>US v. Tucker,</u> 1313, 1324 (8th Cir. 1996); also see <u>US v. Murphy</u>, 768 F.2d 1518, 1531 (7th Cir. 1985);  <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

For instance, Judge Kavanaugh's 2008 financial records states that he is employed at Harvard University until the year 2011.  Plaintiff wrote his manuscript entitled "Harvard University Playa Hating on Black Intellectuals".  <u>28 U.S.C. 455 a</u>.

158.  Plaintiff believes and alleges that Judge Kavanaugh read plaintiff's manuscript on Harvard University, which should have disqualified him and Judge Garland from plaintiff's cases.  <u>28 U.S.C. 455 a</u>.

159.  Plaintiff believes and alleges that Circuit Judge Garland is also connected to Harvard University.

160.  Plaintiff believes and alleges that defendant Harvard University and it's employee Judge Brett Kavanaugh and relationship with Judge Merritt Garland, led to retaliation against the plaintiff for writing the manuscript "Harvard University Playa Hating on Black Intellectuals". <u>28 U.S.C. 455 a</u>.

161.  Plaintiff believes and alleges that Defendant Harvard University is liable for the action taken against him, by the defendant's employee Judge Kavanaugh, and the interest of Judge Merritt Garland. See <u>US v. Microsoft Corp.</u>, 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases).

162. Moreover, Plaintiff believes and alleges that Judge Kavanaugh has an affilation with Georgetown University, as a Professor. Plaintiff sued Georgetown University's Professor and House Delegate Eleanor Holmes Norton, whose deeply involved in the case involving Judge Friedman, her former employee. Both Judges Friedman and Kavanaugh were involved with plaintiff matters as practicing attorneys, requiring mandatory recusals. 28 U.S.C. 455a, b2, b4, 5i,ii,iii, 3c1c;  Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), material witnesses and recusal.

163. Plaintiff believes and alleges that in 1994 and 1995, Plaintiff settled several (2) lawsuits against Georgetown University, relating to the assassination of President John F. Kennedy. Noting that the plaintiff's research and court papers on the Kennedy Assassination are part of the United States National Archives II collection: Box 45, established by the The President John F. Kennedy Assassination Records Collection1991, by President George H.W. Bush. The Senior President Bush is a former member of the CIA as Director, and allegedly briefed FBI Director J. Edgar Hoover on the Kennedy assassination. Plaintiff is also a former member of the United States Central Intelligence Agency (CIA).

164. Plaintiff believes and alleges that the named and unnamed defendants in the above paragraphs 1 through 43, retaliation against him stemmed from the Georgetown University's settlements with the plaintiff on the Kennedy Asssassination, which also violates his civil rights to free speech.

165. Plaintiff believes and alleges that Plaintiff's manuscript, filed with the Library of Congress in 1993 or 1994, entitled "BLACK OPERATIONS" Did Greer Shoot the President?", brought the attention to plaintiff from Washington: Bush, Clinton, Bush, Obama administrations, violating his civil rights to free speech.

166. Plaintiff believes and alleges that defendant Judge Kavanaugh is a Bush appointee, with affiliation with the Bush White House, presiding on his cases. Further, Judge Kavanaugh's wife, Ms. Ashley Kavanaugh was employed at the White House and worked for the Presidential Library Foundation for President George W. Bush during this time sequence, requiring recusal. (See 28 U.S.C. 455 a, b4, 5iii, 3c1c; also see US v. Tucker, 1313, 1324, 8th Cir. 1996, also see US v. Kelly 888 F.2d 732 (11th Cir. 1989).

167. In addition, plaintiff believes and alleges that Defendant White & Case LLP represented both President George H.W. Bush, in the Iran Contra case, and the law firm of White & Case represented "President George W. Bush in the famous Supreme Court case, "Bush v. Gore", involving millions of dollars in the Florida Presidential Election. See US v. Tucker, 1313, 1324 (8th Cir. 1996).

168. Plaintiff believes and alleges that Judge Friedman is attached to the White & Case law firm, and Judge Kavanaugh voted to deny Judge Friedman and other judges recusals involving the plaintiff's case Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015, and Whitehead v. FEC, Walt Disney, et al., 08-8016. Noting that one of the judges involved is Judge Lamberth, who plaintiff believes and alleges was instrumental with judicial violations against the plaintiff in this entire case. See 28 U.S.C. 455 a, b4, 5i,iii, 3c1c.

169. Plaintiff believes and alleges that Judge Kavanaugh violated the plaintiff's civil rights due to a conspiracy with the Bush administration denying Plaintiff fair trials, when he (Judge Kavanaugh) protected the RICO Enterprise of White & Case, Judge Friedman and others, in violation of White House Conflict of Interest laws, relating to his wife's employment in the Bush administration and her connection to the Presidential Library of George W. Bush. 28 U.S.C. 455 a, b4, 5iii, 3c1c; also see US v. Tucker, 1313, 1324, 8th cir. 1996, and US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

170. Plaintiff believes and alleges that Judge Kavanaugh and other Judges Garland and Ginsburg denied Judge Friedman, Richard Robert and other judges recusals, one of which (Judge Friedman) was ordered to consider to recuse by Judge Ricardo Urbina. Further, Judge Kavanaugh's wife, Ms. Kavanaugh was employed at the White House and for the Presidential Library Foundation for President George W. Bush. See US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c.

171. On or about May 5, 2008, Judge Urbina issued an order, ordering Judge Friedman to consider to rule on plaintiff's 14 affidavits to detemine his recusal in 11 civil actions filed by the plaintiff, dismissed by Judge Friedman. (See Judge Urbina's order dated May, 2008 in Whitehead v. Paramount Pictures Corp, et al., 96cv2436). 28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c.

172. Plaintiff believes and alleges that Judge Urbina denied plaintiff the right to file the 11 motions of recusals, ordered by the Calendar Committee, signed by Judge Kessler on August 19, 2005.

173. Plaintiff believes and alleges that the above acts (denying plaintiff the right to file 11 motions of recusals against Judge Friedman) by Judge Urbina, was a civil rights violation, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case and others.

## HISTORY OF THE CASE & OTHER ALLEGATIONS

174.. Plaintiff alleges that the above named and unnamed defendants engaged in unlawful and outrageous and reckless conduct to violate the plaintiff's civil rights, and massively steal his intellectual properties, based on a broad base conspiracy, Fraud, Common Law Fraud, Maliceous acts, and Racketeering, protecting the RICO Enterprise of defendants White & Case Wallpark LLC, Judge Friedman and others. Noting that Judge Friedman lack of jurisdiction to rule on the merits of the civil action case Whitehead v. Paramount Pictures Corporation, et al., 96cv2436, and he had personal conflicts of interest in the related case in re: Whitehead v. Deutch, 96cv420, with Delegate Norton and himself, as material witnesses. See US v. Tucker, 1313, 1324, 8th Cir. 1996, and US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989); also see 28 U.S.C. 455 a, b4, 5iii, 3c1c.

175. Plaintiff believes and allege that the case snow-balled with added corruption to protect the RICO Enterprise and activity relating to Judge Friedman's decision (lacking jurisdiction) in Whitehead v. Paramount Pictures Corp, et al., 96cv2436, previously stated in the above paragraphs 1 through 174.

176. Plaintiff believes and alleges that the RICO Enterprise involved many Judges's financial stock interest in defendant General Electric Company (GE) and other defendants, ruling on plaintiff's various cases, protecting White & Case, Wallpark LLC, Judge Friedman and other RICO Enterprise through advertisement.

177. Plaintiff believes and alleges that on or about 1990 or 1991, GE was indicted by the US Government for racketeering. GE's CEO is attached to the Obama White House Boards. During the ruling by Judge Anthony Trenga in Whitehead v. Paramount Pictures, NBC Universal Pictures, of GE, Dreamworks Pictures, et al., 08cv792, President Obama was meeting with Dreamworks and other producers at a DNC Fundraiser sponsored by Dreamworks Pictures.

178. Plaintiff believes and alleges that Judge Trenga dismissed the case Whitehead v. Paramount Pictures, NBC Universal Pictures, of GE, Dreamworks Pictures, et al., 08cv792, on or about the same time span when Mr. Obama, and DNC Chairman Tim Kane (Gov. Va.) met with Dreamwork Pictures Executives at the DNC fundraiser.

179. Plaintiff believes and alleges that his case before Judge Trenga, challenged Mr. Obama's inauguration, sparking the interest of the Obama camp to the case. The Obama inauguration used plaintiff's intellectual properties for creation of Walt Disney's events and inauguration activities, without compensating the plaintiff. The Republican National Committee did the same with another artist, but paid (compensated) the artist, after the alleged infringement was discovered.

180. Plaintiff believes and alleges that Judge Trenga, holding GE financial stocks, dismissed the plaintiff's case against Dreamworks and GE's NBC Universal Pictures. Plaintiff believes and alleges that Judge Trenga, protected the RICO Enterprise of GE, White & Case, Judge Friedman and others, with his rulings, having financial conflicts with the case. GE is the parent company of NBC Universal Pictures. See 28 U.S.C. 455 a, b4, 3c1c.

190. Plaintiff believes and alleges that GE is the parent company of NBC Universal Pictures, which broadcast ACCESS HOLLYWOOD, with Billy Bush, as a commentator. Billy Bush is related to President Bush. Billy Bush conducted massive advertisement for the entities and individuals stealing plaintiff's intellectual properties, linked to this case.

191. Plaintiff believes and alleges that Billy Bush, like Oprah Winfrey, advertised for Hollywood studios and artists, mounts to protecting the massive theft of plaintiff's properties involving the Hollywood studios, and Tom Cruise, and others. Plaintiff believes and alleges that Tom Cruise and other defendants involved with the massive theft of plaintiff's intellectual properties were mentioned by Billy Bush and Oprah numerous of times, for many years, in which is considered RICO Act violations and activity (Supporting and Protecting the RICO Enterprise 18 U.S.C. 1961, 18 U.S.C. 1962, and 18 U.S.C. 1863).

192. Plaintiff sued Tom Cruise in Whitehead v. Paramount Pictures, et al., 96cv2436, before Judge Friedman, who lacked jurisdiction to rule on the merits of the plaintiff's case. In the alternative Judge Friedman had any kind of jurisdiction, plaintiff believes and alleges that Judge Friedman issued a false ruling on the merits of the case because of his business operations with White & Case Partners, Former Partners, and Spouses in Wallpark LLC.

193. Further, plaintiff believes and alleges that Judge Friedman, claiming that he had proper jurisdiction, in re: <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, due to his financial interest and the financial interest of defendant Elizabeth Friedman, improperly denied Attorney Daniel J. Henry's motion for leave to amend the complaint with the amended complaint, which stated a claim for relief, demanding 1 billion dollars and trial by jury. <u>See 28 U.S.C. 455 a, b4, 5i, iii, 3c1c,</u>

194. Plaintiff believes and alleges that GE's Access Hollywood and Oprah Winfrey's acts against the plaintiff was extreme, reckless and outrageous, violating the plaintiff's civil rights by protecting the RICO Enterprise and activity of White & Case, Judge Friedman, and others, which.

195. Plaintiff believes and alleges that the outrageous and reckless acts in paragraphs 1 through 194 by the above named and unnamed defendants violates the Civil RICO (Racketeering Enterprise in <u>Boyle v. US</u>, 129 S. Ct. 2237 (2009), encompasses "any group of individuals associated in fact", related to a "Structure of some kind----it needs, at minimum, "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.").

196. Plaintiff believes and alleges that the above named and unnamed defendants conspired to intentional harm the plaintiff and to prevent him from pursuing constitutional freedoms, granted by the US Constitution, by massively stealing, and infringing his intellectual properties, and denying him due process of law, pursuant to the 5th and 14th amendments of the Constitution, in the courts of the United States.

197. Plaintiff believes and alleges that this civil action involves racketeering, conspiracy, civil rights violations to fair trials and obstruction of justice action also stems from the most recent February 12, 2009 rulings of the United States Court of Appeals for the District of Columbia on recusal issue of Judge Friedman and others in re: <u>David Louis Whitehead v. Paramount Pictures</u>, et al, 08-8010, <u>Whitehead v. CBS/Viacom</u>, et al., 08-8015, and <u>Whitehead v. FEC</u>, et al., 08-8016, by defendants Judges Douglas Ginsburg, Merritt Garland, and Brett KAVANAUGH.The latter case <u>Whitehead v. FEC</u>, et al., 08cv8016, involves Bush appointees at the FEC. President Bush's personnel assistance is Ashley Kavanaugh. 28 U.S.C. 455 a, b4, 5i, iii, 3c1c, , also see <u>US v. Tucker</u>, 1313, 1324, 8th Cir. (1996); also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

198. Plaintiff believes and alleges that Circuit Judge Judith Rogers, is connected to the RICO Enterprise and activity of Judge Friedman, who lacked jurisdiction to rule on the merits of plaintiff's case <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436.

37

199. In addition, Plaintiff believes and alleges that Judge Judith Rogers is connected to Judge Aubrey Robinson. Both Judges Friedman and Judith Rogers clerked for Judge Robinson.

200. Further, Plaintiff believes and alleges that Defendant Circuit Judge Judith Rogers gave Judge Friedman a $250 gift and later presided on plaintiff's appeals, affirming Judge Friedman's rulings, and sanctioning the plaintiff, allowing the Hollywood studios to continue the massive theft of the plaintiff's intellectual properties.

201. Plaintiff believes and alleges that he was prohibited from filing any new lawsuits or appeals until he paid sanctions ($1263.10) to defendants, was an obstruction of justice, signed by Judge Judith Rogers, David Sentelle and Judge Stephen Williams.

202. Plaintiff believes and alleges that the sanction order was signed by Judge Judith Rogers, Judge David Sentelle and Judge Stephen Williams sanctioning the plaintiff protecting the massive theft of his intellectual properties, which were copyrighted. (See attached orders of Judge Judith Rogers, Judge Sentelle and Judge Williams, and also see attached 1999 financials of Judge Friedman receiving the $250 gift from Judge Judith Rogers).

203. Plaintiff believes and alleges that in cases in re: Whitehead v. Paramount Pictures, et al., 08-80-10, Whitehead v. CBS/Viacom, et al., 08-8015, and Whitehead v. FEC, Walt Disney, et al., 08-8016, Judges Ginsburg, Garland and Kavanaugh extended the sanctions, denying plaintiff access to the court, in essence, protecting the RICO Enterprise of White & Case, Judge Friedman and others. Judge Kavanaugh's wife, Ashley Kavanaugh was President Bush's personal assistant. Further, Ms. Kavanaugh was employed at the White House and for the Presidential Library Foundation for President George W. Bush. 28 U.S.C. 455a, b4, 5i, iii, 3c1c, also see US v. Tucker, 1313, 1324 (8th Cir. 1996), also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

204. Further, the plaintiff believes and alleges that the court obstructed justice, relating to their judicial rulings in the above cases, involving Judge Friedman's lack of jurisdiction in Whitehead v. Paramount Pictures, et al., 96cv2436.

205.  Plaintiff believes and alleges that Defendant Judge Judith Rogers also violated the plaintiff's civil rights to a fair trial, before Judge Friedman, who lacked jurisdiction in the case <u>Whitehead v. Paramount Pictures</u>,et al, 96cv2436, when the court presided on plaintiff's cases in State Court and Federal Court, in strict violations of the law.  See 28 U.S.C. Section 47 (1994) "provides that "no judge shall hear or determine an appeal from the decision of a case or issue tried by him."  Also see <u>Harris v. Champion</u>, 15 F. 3d 1538 (10th Cir. 1994) "A judge in a habeas case failed to recuse himself even though his uncle had been a judge in some of the state cases challenged on appeal".  Also see <u>Swann v. Charlotte-Mecklenburg Bd. Of Educ</u>, 431 F.2d 135 (4th Cir. 1970); and <u>Rexford v. Brunswick-Balke-Collender Co.</u>, 28 U.S. 339, 344 (1913); Also see <u>Russell v. Lane</u>, 890 F.2d 947 (7th Cir. 1989); <u>Rice v. McKenzie</u>, 581 F.2d 1114 (4th Cir. 1978).

206.  Plaintiff believes and alleges that Judge Judith Rogers protected the alleged RICO Enterprise  and activity of White & Case, Judge Friedman and others, dismissing plaintiff's appeals, and sanctioning him, while allowing the Hollywood studios to continue to steal plaintiff's intellectual properties.

207.  Plaintiff believes and alleges Judges Judith Rogers, Judge Friedman filed false statements, as a defense, in FEC MUR 5237, relating to this case, mounting to an obstruction of justice.

208.  Plaintiff believes and alleges that Defendant Judge Judith Roger's acts against the plaintiff were outrageous, reckless and  intentional, based on a broad base RICO scheme to protect White & Case, Judge Friedman, Wallpark LLC, and others, in matters involving the plaintiff's intellectual properties, valued in the billions of dollars.  This act was an obstruction of justice against the plaintiff by Judge Judith Rogers.

209.  Plaintiff believes and alleges that Judge Judith Rogers violated his rights to due process of law relating to cases before Judge Friedman, when she engaged and participated on plaintiff's cases in both State and Federal courts, in violations of the law and statutes. See 28 U.S.C. Section 47 (1994) "provides that "no judge shall hear or determine an appeal from the decision of a case or issue tried by him."  Also see <u>Harris v. Champion</u>, 15 F. 3d 1538 (10th Cir. 1994) "A judge in a habeas case failed to recuse himself even though his uncle had been a judge in some of the state cases challenged on appeal".  Also see <u>Swann v. Charlotte-Mecklenburg Bd. Of Educ</u>, 431 F.2d 135 (4th Cir. 1970); and <u>Rexford v. Brunswick-Balke-Collender Co.</u>, 28 U.S. 339, 344 (1913); Also see <u>Russell v. Lane</u>, 890 F.2d 947 (7th Cir. 1989); <u>Rice v. McKenzie</u>, 581 F.2d 1114 (4th Cir. 1978).

210. In addition, Plaintiff believes and alleges that Judge Judith Rogers gave Judge Friedman a $250.00 gift, and presided on the plaintiff's appeals, dismissing them, and the court later sanctioned the plaintiff to allow the Hollywood studios to continue to infringe and massively steal the plaintiff's intellectual properties.

211. Further, plaintiff believes and alleges that Judge Friedman denied plaintiff's attorney Daniel J. Henry's motion for leave to amend the complaint, with the significant amended complaint attached to the motion for leave to amend, protecting his financial interest and the financial interest of the RICO ENTERPRISE and activity of White & Case Partners, former Partners and Spouses, and Wallpark LLC, including the interest of his wife's employer Nixon and Peabody LLP. 28 U.S.C. 455 a, b4, 5i,iii, 3c1c,.

212. Plaintiff believes and alleges that a major part of this RICO ENTERPRISE and Obstruction of Justice case stems from Defendant Judge Royce Lamberth's recusing himself from the plaintiff's case Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917, barring the plaintiff from the Iran Contra trial in US v. Clair E. George (deputy director for operations (DDO) of the CIA from July 1984 through December 1987), denying plaintiff's motion for subpoenas in a miscellaneous case relating to Bradley University and the Central Intelligence Agency, where plaintiff once was employed.

213. Plaintiff believes and alleges that in the State of Illinois, Judge Michael Mihms also lacked jurisdiction to rule on the merits of the CIA case in re: Whitehead v. Bradley University, CIA employees, et al., 91cv1034 and Whitehead v. Bradley University, CIA Director, et al., 91cv1214, due to the ruling of Judge Norma Holloway Johnson in re: Whitehead v. Gates, Norton, et al., 92cv917. For instance, "Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).

Further, "Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction." See Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974)

214. In addition, Plaintiff believes and alleges that Judge Lamberth assigned the plaintiff's cases Whitehead v. Deutch, 96cv420, and related case Whitehead v. Paramount Pictures Corp, et al., 96cv2436, to Judge Paul L. Friedman, who lacked jurisdiction in the latter case Whitehead v. Paramount Pictures Corp, et al., 96cv2436. (See attached orders of Judge Lamberth involving the plaintiff).

For instance, "A Judge is not immune for tortuous acts committed in a purely administrative, non-judicial capacity." See Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545; Also see Stump v. Sparkman, 435 U.S. at 380, 98, S. Ct. at 1106. Also see Mireles v. Waco, 112, S. Ct. 286 at 288 (1991).

215.  Plaintiff believes and alleges that Judges Johnson, Friedman, Lamberth and Delegate Norton conspired to dismiss his cases in retaliation of plaintiff suing Delegate Norton, and to protect the RICO Enterprise and activity of Judge Friedman, White & Case and others.  28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

216.  Plaintiff believes and alleges that this civil action also stems from the order of District Columbia Superior Court Magistrate Judge Goodbread to the most recent February 12, 2009 through November 2010 decisions of the United States District Court Judges for the District of Columbia, Eastern District in Virginia, and US Court of Appeals for the Fourth Circuit and US Court of Appeals for the District of Columbia Circuit, protecting the RICO Enterprise and activity of White & Case, Judge Friedman and others, holding financial stocks in conflict with plaintiff's cases:

Judges Anthony Trenga, James Cacheris, Claude Hilton, and Magistrate Thomas R. Jones  in re: Whitehead v. Paramount Pictures, et al., 08cv792.

Judge  Leonia Brinkema, Magistrate Judge Theresa Carroll Buchanan, in re: Whitehead v. Strayer University, et al., 08-832. Judge Claude Hilton in re:  Whitehead v. 20th Century Fox Film, et al., 06cv1349.

Appeals in the United States Court of Appeals for the Fourth Circuit in re: 09-1213, 09-1512, 09-1641, 09-1522, 09-1784 Whitehead v. Paramount Pictures, et al, involving Circuit Judges Roger Gregory, Andre Davis, Allyson  Duncan, Robert King, J. Harvey Wilkerson, Blane Michaels and others (En banc, relating to the recusal issue of Judge Cacheris,who recused himself after 8 months, presiding the case).

Appeals  in re: Whitehead v. Strayer University, 08-2060,  09-1154 involving appeals court judges Roger Gregory, Blane Michael, Robert King, and Enbanc ruling, involving  all of the Fourth Circuit judges.

Appeals in re: Whitehead v. 20th Century Fox Film, et al., 07-1120 and 09-1736 involving appeal court judges J. Harvey Wilkerson, Roger Gregory and Hamilton.

217. Plaintiff believes and alleges that many of the above judges had financial and judicial bias conflicts of interest, violating federal law and statutes, dismissing the plaintiff's copyright cases, valued in billions of dollars. 28 U.S.C. 455 a, b4; 3c1c. See C. F. Carbide Corp. v. US Cutting Service Inc, 782 F2.d 710 (7th Cir. 1986) Whereas, "a judge failure to recuse in a case where he or she knowingly holds financial interest in a party or the subject matter, particularly in the absence of the disclosure to counsel is a disciplinary violation."

218. Further, Plaintiff believes and alleges that both Judges T. S. Ellis in re: Whitehead v. Robert M. Gates, et al., 93cv1547, and Whitehead v. Woolsey, 93cv1291-A, lacked jurisdiction to rule on the case due to the rulings of Judge Norma Holloway Johnson in re Whitehead v. Robert Gates, Norton, 92cv917, and Whitehead v. Bradley University, CIA employees et al, 91cv1034, and Whitehead v. Bradley University, CIA Director et al., 91cv1214. For instance, **"Where there is no jurisdiction, there can be no discretion, for discretion is incident to jurisdiction." Piper v. Pearson, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).**

**Further, "Generally, judges are immune from suit for judicial acts within or in excess of their jurisdiction even if those acts have been done maliciously or corruptly; the only exception being for acts done in the clear absence of all jurisdiction." See Gregory v. Thompson, 500 F2d 59 (C.A. Ariz. 1974).**

219. Plaintiff believes and alleges that Attorney Paul L. Friedman was the architect behind the schemes to dismiss plaintiff's cases in the federal and state courts, lacking jurisdiction, due to plaintiff's law suits against his former employer and mentor Eleanor Holmes Norton. Defendant Friedman became a federal judge and continue his outrageous acts against the plaintiff presiding on the plaintiff's cases as a General Partner with White & Case, White & Case Partners, Former Partners, and spouses in Wallpark LLC/Media Communication ll Partners located in White & Case LLP offices in New York City. 28 U.S.C. 455 a, b4, 5i, iii; 3c1c;

220. Plaintiff believes and alleges that the United States Court of Appeals for the District of Columbia Circuit and US District Court for the District of Columbia and United States Court of Appeals for the Fourth Circuit issued decisions on the same day, February 12, 2009. Plaintiff believes that he has a 3 year statute of limitations on the rulings in the District of Columbia.

42

221. Plaintiff believes and alleges that he has until October 26, 2011, to file for relief, relating to the Virginia Court's rulings on Judge Cacheris's recusal issue.

The Enbanc decision was rendered on October 26, 2009.

In this Western District of Arkansas, plaintiff is within the 3 year statute of limitations to proceed in this case, relating to his claims; and because of the forum of nonconvenience, this court has subject matter jurisdiction and diversity jurisdiction to have this forum.

222. Plaintiff believes and alleges that the above decisions in the District of Columbia and Virginia courts varied from allowing Attorney Beth Walker's 20 pages of Congressional testimony into the evidenciary record related to Judge Friedman's recusal, to denying Judge Friedman, Judge Richard Roberts, Judge Lamberth and others recusal, and denying Judge James Cacheris's recusal, when in fact, Judge Cacheris recused himself after 8 months, holding General Electric (GE) financial stocks. 28 U.S.C. 455 a, b4, 3c1c.

223. Moreover, Plaintiff believes and alleges that Judge Urbina had previously allowed the Walker report 20 pages into the record in a minute order in April 2008. (See Judge Urbina's minute order ruling in Whitehead v. Paramount Pictures, et al., 96cv2436 on May 5, 2008 at footnote).

224. Further, Plaintiff believes and alleges that the evidence list Stephens Inc in the Walker Report, which relates to Circuit Judge Douglas Ginsburg's 2009 and 2008 financial disclosure statements, listing Stephens Family Inc and Warner Brothers financial stocks, in conflict with the plaintiff's cases, connected to Whitehead v. Paramount Pictures, et al., 96cv2436, before Judge Friedman and Whitehead v. Paramount Pictures, et al., 08-8010, before Judges Ginsburg, Garland and Kavanaugh. 28 U.S.C. 455 a, b4, 3c1c.

225. Plaintiff believes and alleges that Judge Urbina's February 12, 2009 order on the Walker Report on Judge Friedman was unnecessary due to the fact that the district court's minute order had previously allowed Attorney Walker's congressional evidence into the record. (See May 5, 2008 order of Judge Urbina at footnote on April 24, 2008).

226. Plaintiff believes and alleges that his filing of this action is within the Statute of Limitations in this district, involving 2009 and 2010 decisions of the various courts.

The matters stems from the 2005 reopening of Judge Friedman's decisions by Judge Kessler's August 19, 2005 order, and the 2009 and 2010 rulings of various courts related to the case.

227. Plaintiff believes and alleges that the above outrageous acts by the named and unnamed defendants Judges Ricardo Urbina, Douglas Ginsburg, Merritt Garland, Brett Kavanaugh, Roger Gregory, Blane Michaels, Paul Friedman, Richard Roberts, Judith Rogers, Anthony Trenga, James Cacheris, Norma Hollyway Johnson, Royce Lamberth, Paul L. Friedman, Richard Roberts, Allyson Duncan, Magistrate Thomas R. Jones, Magistrate Goodbread and others relates to the conspiracy and obstruction of justice statutes, violating the plaintiff's civil rights, protecting a RICO Enterprise, involving White & Case, Wallpark LLC, Judge Friedman (lacking jurisdiction in <u>Whitehead v. Paramount Pictures Corp</u>, et al., 96cv2436) and others.

228. Plaintiff believes and alleges that the Civil Rico violations began with his matters before Defendant Judge Paul L. Friedman, who dismissed eleven (11) of the plaintiff's civil action cases, while the judge was a General Partner with White & Case LLP Partner, Former Partners, Spouse in an investment group known as Wallpark LLC, operating out of White & Case offices in New York, stemming from the action <u>Whitehead v. Paramount Pictures Corporation</u>, et al., 96cv2436, lacking jurisdiction due to the first instance case <u>Whitehead v. Paramount Pictures Corporation</u>, et al., 96cv1616, dismissed without prejudice and on reconsideration denied, citing 28 U.S.C. 1915, affirmed by the US Court of Appeals for the District of Columbia Circuit in <u>Whitehead v. Paramount Pictures</u>, et al., 92-7212, involving Judges Ginsburg and Sentelle.

For instance, "Whenever a judge acts where he/she does not have jurisdiction to act, the judge is engaged in an act or acts of treason. <u>U.S. v. Will</u>, 449 U.S. 200, 216, 101 S.Ct. 471, 66 L.Ed.2d 392, 406 (1980); <u>Cohens v. Virginia</u>, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821").

Plaintiff further state that "Even judges with limited jurisdiction can be cited for violations of the law:

"Although the municipal court is a court of limited, rather than general, jurisdiction, we have held that even "judges of courts of limited jurisdiction are entitled to absolute immunity for their judicial acts unless they act in the clear absence of all jurisdiction." <u>King v. Love</u>, 766 F.2d 962, 966 (6th Cir.), cert. denied, 474 U.S. 971, 106 S.Ct. 351, 88 L.Ed.2d 320 (1985)." Here, Judge Friedman lacked total jurisdiction to rule on the merits of <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436.

**229.   Further, Plaintiff believes and alleges that "Under the common law, judges are generally immune from civil liability for judicial acts, subject to the conditions described above, but they do not enjoy immunity from criminal liability. See O'Shea v. Littleton, 414 U.S. 488, 503 (1974).**

For instance, "The Seventh Circuit Court of Appeals held that the Circuit Court of Cook County is a criminal enterprise". U.S. v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985). The United States Supreme Court recently acknowledged the judicial corruption in Cook County, when it stated that Judge "Maloney was one of many dishonest judges exposed and convicted through 'Operation Greylord', a labyrinthine federal investigation of judicial corruption in Chicago". Bracey v. Gramley, 519 U.S. 1074, 117 S.Ct. 726 (1997).

**230.     Plaintiff believes and alleges that three to fourth districts of courts and individual judges engaged in aiding and abetting, protecting Judge Friedman's acts (lacking jurisdiction in civil action case Whitehead v. Paramount Pictures Corp, et al., 96cv2436) against the plaintiff involving his enterprise with White & Case and Partners and former partners of White & Case and spouses, including his wife defendant Elizabeth Friedman, leads into the conspiracy statutes and obstruction of justice. See 28 U.S.C. 455 a, b4, 3c1c, 5 i, ii,iii.   also see US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th Cir. 1996.**

For instance, "Judges have given themselves judicial immunity for their judicial functions. Judges have no judicial immunity for criminal acts, aiding, assisting, or conniving with others who perform a criminal act, or for their administrative/ ministerial duties. When a judge has a duty to act, he does not have discretion - he is then not performing a judicial act, he is performing a ministerial act. Judicial immunity does not exist for judges who engage in criminal activity, for judges who connive with, aid and abet the criminal activity of another judge, or to a judge for damages sustained by a person who has been harmed by the judge's connivance with, aiding and abeting, another judge's criminal activity."

231.  Plaintiff believes and  alleges that White & Case LLP Partners and Former Partners, Wallpark LLC  and spouses investors has an interest in the plaintiff's civil cases filed against the defendants, dismissed by Judge Friedman, who is also a General Partner, along with his wife Elizabeth Friedman.  This financial relationship violated the plaintiff's rights for due process of law. 28 U.S.C455 a, b4, 3c1c. 5iii, US v. Tucker, 1313, 1324, 8th Cir. 1996, and US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

232.  Plaintiff  believes and alleges that Defendant White & Case represent many of the Hollywood defendants sued by the plaintiff, before Judge Friedman; and Wallpark LLC Media Communication has an interest in the cases plaintiff filed before Judge Friedman, a General Partner with White & Case Partners, Former Partners, Spouses in Wallpark LLC.

(See attached financials  and records of Attorney Paul L. Friedman, before the US Senate in 1994, Judge Friedman 1995, 1999, 2000, 2004, 2005, 2006, 2007, 2008, 2009).  See  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see  28 U.S.C. 455 a, b4, 5 i, ii,iii.

233.  Plaintiff  believes and alleges that the above financial relationship stated in paragraphs nos. 231 and 232 violated the plaintiff's rights for due process of law. 28 U.S.C455 a, b4, 3c1c, 5iii.

234.  Plaintiff  believes and alleges that Judge Friedman practiced law from the bench, never leaving the White & Case law firm, as a General Partner with White & Case Partners, and former Partners and spouse, including his wife Elizabeth Friedman in Wallpark LLC/Media Communications. This financial relationship with White & Case and Judge Friedman and his wife and others violated the plaintiff's rights for due process of law. 28 U.S.C455 a, b4, 3c1c.

235.  Plaintiff  believes and alleges that the dismissal of the plaintiff's cases by defendant Judge Friedman, who  lacked  jurisdiction in Whitehead v. Paramount Pictures Corp, et al., 96cv2436, violates the plaintiff's civil rights to due process, a fair trial (5th and 14th amendments of the Constitution of the United States).

236.  Plaintiff believes and alleges that there are other conflicts with Judge Friedman presiding on plaintiff's cases.  For instance, Defendant Judge  Paul L. Friedman was the chair of the District of Columbia Federal Judicial Nomination Committee, as attorney Friedman, along with Judge Norma Holloway Johnson, who presided on the civil action case David Louis Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917. Attorney Friedman also co-chaired of defendant's Norton's 1990 and 1992 political campaign for Congress.

237. Plaintiff believes and alleges that he sued Ms. Norton in 1992 in the District of Columbia in re: Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917, and Plaintiff sued Delegate Norton in 1993, in the State of Virginia, in re: Whitehead v. Woolsey, Norton, et al., 93cv1363-A, before Judge James Cacheris, and Plaintiff sued Delegate Norton in 1994, in the Federal Claims Court, which should have disqualified Judge Friedman from presiding on plaintiff's civil cases. However, Judge Friedman failed to recuse himself, evenafter Judge Urbina issued an order in May 2008, ordering Judge Friedman to decide on his recusal, based on 14 affidavits filed that the plaintiff, allowed in the record as evidence, in Whitehead v. Paramount Pictures Corp, et al, 96cv2436. Noting that several (2) filed affidavits and motions of the plaintiff were denied, one of which, requested Judge Friedman's recusal list.

238. In addition, Plaintiff believes and alleges that Attorney Friedman, as chair of the District of Columbia Federal Judicial Nomination Committee with Judge Johnson, should have disqualified Judge Friedman from presiding on plaintiff's cases, due to the fact that Judge Johnson presided on the case Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917, serving on the District of Columbia Federal Judicial Nomination Committee with Defendant Norton's former employee, Attorney Friedman. 28 U.S.C. 455a. see US v. Tucker, 1313, 1324 (8th Cir. 1996), US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

239. Plaintiff believes and alleges that Attorney Friedman was involved with Delegate Norton's political campaigns in 1990 and 1992. Attorney Friedman, was chair of defendant Norton's 1990-92 campaigns. Defendant Norton was Attorney Friedman's employer. 28 U.S.C. 455 a. Also see US v. Tucker, 1313, 1324 (8th Cir. 1996). Also see subsection 455 b (2) requiring disqualification where in private practice the judge served as a lawyer in the matter in controversy..." In re Roger, 537 F. 2d 1196 (4th Cir. 1976). US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

240. Plaintiff believes and alleges that Judge Johnson dismissed his case Whitehead v. Gates, Norton, 92cv917, in 1993, the same year, when plaintiff filed his second case against Delegate Norton in Virginia in Whitehead v. Woolsey, Norton, et al., 93cv1363-A, violating plaintiff's civil rights to a fair trial, based a retaliation, fraud and outrageous and reckless conduct. The conspiracy statutes ignites and/or triggers when Judge Johnson presided on the plaintiff's case Whitehead v. Gates, Norton, et al., 92cv917, and at the same time period presided on the District of Columbia Federal Judicial Nomination Committee with Attorney Friedman, who worked for defendant Norton in 1990 and 1992.

Moreover, Defendant Norton appointed Attorney Friedman as chair of the Committee. <u>US v. Tucker</u>, 1313, 1324 (8th Cir. 1996), <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

241.  Plaintiff believes and alleges that Attorney Friedman, as Judge Friedman became a material witness, which should have required him to recuse from plaintiff's cases. 28 U.S.C. 455 a, also see <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

242.  Plaintiff believes and alleges that Judge Friedman, instead of recusal in plaintiff's cases, he, Judge Friedman dismissed 11 cases of the plaintiff, in violation of the statutes and laws of the Judicial Codes. <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989). 28 U.S.C. 455 a.  Also see <u>US v. Tucker</u>, 1313, 1324 (8th Cir. 1996).  Also see subsection 455 b (2) requiring disqualification where in private practice the judge served as a lawyer in the matter in controversy..." <u>In re Roger</u>, 537 F. 2d 1196 (4th Cir. 1976). <u>US v. Kelly</u>, 888 F.2d 732 (11th Cir. 1989).

243.  Plaintiff believes and alleges that Judge Johnson on the Committee with Judge Friedman have appearances or actual conflicts of interest in re: <u>Whitehead v. Gates, Norton</u>, 92cv917, and cases in re: <u>Whitehead v. Deutch</u>, 96cv420 and <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, and other cases, violating his civil rights to fair trials. (See <u>US v. Tucker</u>, 1313, 1324 (8th Cir. 1996). Also see 28 U.S.C. 455 a. The Wall St. Journal article by Law Professor Ronald Rotunda's article on the Clinton Federal Judges, involving Judges Johnson and Friedman, by-passing the district court random selection case system process, channeling the criminal campaign finance cases to Clinton appointees. Further, plaintiff alleges that the same activity occurred with the assigning of plaintiff's Hollywood cases to Judges Friedman and Aubrey Robinson, by Chief Judge Norma Holloway Johnson and Judge Royce Lamberth.

244.  Plaintiff believes and alleges that Judge Johnson was a member of the District of Columbia Federal Judicial Nomination Committee, with Attorney Friedman as Chair of the Committee, appointed by defendant Norton, who he worked for in 1990 and 1992. Further, plaintiff believes and alleges that Judges Johnson and Friedman's action against the plaintiff violated his civil rights to fair trials.  The judges action against plaintiff were extreme, outrageous and reckless conduct, constituting conspiracy, fraud, obstruction of justice and other unlawful acts against the plaintiff supporting and protecting the RICO ENTERPRISE involved in cases <u>Whitehead v. Deutch</u>, 96cv420 and <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436, related to <u>Whitehead v. Gates, Norton</u>, 92cv917.

245.    Plaintiff believes and alleges that Judge Johnson in-conjunction with the support of Judge Royce Lamberth, assigned his cases to Judges Aubrey Robinson and Judge Friedman. (Noting that Judge Robinson, whose diseased, was a member with Attorney Friedman on the District of Columbia Federal Judicial Nomination Committee, replaced by Judge Johnson; and Judge Friedman and Judge Judith Rogers clerked for Judge Robinson). Judge Johnson is also a material witness, when she presided on plaintiff's cases, after being attached to Attorney Friedman and Delegate Norton. 28 U.S.C. 455 a, Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

246.    Plaintiff believes and alleges that Attorney Friedman, worked on Ms. Norton's 1990 and 1992 campaigns, and later presided on the District of Columbia Federal Judicial Nomination Committee with Judge Johnson and Judge Aubrey Robinson, and later as a federal judge and General Partner with White & Case Partners, Former Partners and spouses, including his wife, dismissed 11 civil action cases of the plaintiff valuing in the billions of dollars, one of which, in re: Whitehead v. Paramount Pictures Corp, et al., 96cv2436, Judge Friedman lacked jurisdiction. (See 28 U.S.C. 455 a, b4, 5iii; 3c1c, Also see affidavit of CPA Alexis Stowe on Mission Impossible Projects, partially filmed at CIA, where plaintiff's manuscript was located. Also see affidavits of Dr. Barry L. Casey, Dr. Merritt, and Publisher and Author Samuel Yette on Mission Impossible 1996 film by Viacom/Paramount Pictures); US v. Tucker, 1313, 1324, 8th Cir. 1996). Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

247.    Plaintiff believes and alleges that in 1996 through 1998 defendant Judge Friedman, received 11 of plaintiff's cases filed against some of the above named captioned defendants in the United States District Court for the District of Columbia, involving defendants Judges Johnson and Lamberth. (See attached Wall Street Journal article by Law Professor Ronald Rotunda's article on the Clinton Federal Judges, involving Judges Johnson and Friedman, by-passing the district court random selection case system process, channeling the criminal campaign finance cases to Clinton appointees).

248. Plaintiff believes and alleges that Judge Friedman dismissed all eleven (11) of plaintiff's cases as a General Partner with White & Case LLP Partners, former Partners and spouses in a capital venture known as Wallpark LLC/Media Communications II, one of which, in re: Whitehead v. Paramount Pictures Corp, et al., 96cv2436, Judge Friedman lacked total jurisdiction to rule on the merits of plaintiff's case, violated the plaintiff civil rights to a fair trial. (See 28 U.S.C. 455 a, b4, 3c1c, 5iii).

249. Plaintiff believes and alleges that Judge Friedman engaged in a RICO Enterprise, and activity with White & Case and others, violating the plaintiff's civil rights to a fair trial, lacking jurisdiction to hear the merits of plaintiff's case in re: Whitehead v. Paramount Pictures, et al., 96cv2436. (See 28 U.S.C. 455, a, b4, 5i,iii, 3c1c,. Also see US v. Tucker, 1313, 1324, 8th Cir. 1996, and US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

250. Moreover, Plaintiff believes and alleges that Judge Friedman protected the alleged RICO Enterprise and activity of White & Case, and others, violating the plaintiff's civil rights and engaging in the massive theft of his intellectual properties.

251. Plaintiff believes and alleges that the RICO Enterprise was transcended into the State of Virginia, by the order signed by Magistrate Judge Goodbread in the District of Columbia.

252. Plaintiff believes and alleges that the Virginia courts and judges in the State of Virginia became attached to the RICO Enterprise and activity with their decisions on plaintiff's cases, holding Hollywood financial stocks, and relations with Carol Lamm of the ABA. Noting that Ms. Lamm's name is listed in the Walker Report, and she's a Partner with White & Case, and friend of Judge Friedman. See 28 U.S.C. 455 a, b4, 3c1c.

253. Plaintiff believes and alleges that Defendant Lamm's relations with Judge Gregory and Kavanuagh through the ABA, links plaintiff's cases to the RICO Enterprise and activity in the District of Columbia, Maryland and Virginia. See United States of America v. J. Wilton Hunt, Sr., 749 F.2d 1078 (4th Cir. 1984)("...A judge, whether elected or appointed, must be more circumspect in his dealings with the public, in light of the standards of judicial ethics and the responsibilities of his office, which require him to be a neutral arbiter above partisan concerns...")("... the Supreme Court has recognized that "the primary purpose of RICO is to cope with the [organized crime] infiltration of legitimate businesses," United States v. Turkette, 452 U.S. 576, 591, 101 S.Ct. 2524, 2533, 69 L.Ed.2d 246 (1981), it has declined to limit the applicability of RICO to its core purpose alone, and lower courts have expressly held that the RICO statute does not require proof that the defendant or his enterprise is connected to organized crime. See, e.g. United States v. Aleman, 609 F.2d 298, 303 (7th Cir.1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 780 (1980). We have previously upheld convictions of public office holders under RICO where there was no evidence of any "organized crime" connection, see, e.g. United States v. Long, 651 F.2d 239 (4th Cir.), cert. denied, 454 U.S. 896, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981), and we will not graft an ambiguous

"organized crime" precondition onto the RICO statute now..." "...The remaining RICO issues raised by the defendant, whether a judgeship can constitute an "enterprise" for RICO purposes, and whether multiple bribes may be treated as distinct felonies, have been dispositively resolved by our decisions in United States v. Altomare, 625 F.2d 5, 7 (4th Cir.1980), and United States v. Karas, 624 F.2d 500, 504 (4th Cir.1980), cert. denied, 449 U.S. 1078 , 101 S.Ct. 857, 66 L.Ed.2d 800 (1981...)). Also see United States v. Baker, 617 F.2d 1060 (4th Cir. 1980).

254. Plaintiff believes and alleges that defendant Judge Friedman's dismissal of the plaintiff's civil action cases in the above paragraphs 1 through 70 violates the statutes and the plaintiff's civil rights to fair trials (5th and 14th amendments), including the fact that his wife is connected to Wallpark LLC and White & Case. See 28 U.S.C. 455 a, b4, 5 i, ii, iii as amended. (See UNITED STATES CODE ANNOTATED TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE PART I--ORGANIZATION OF COURTS CHAPTER 21--

GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES § 455.

Disqualification of justice, judge, or magistrate judge

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
(ii) Is acting as a lawyer in the proceeding;
(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.
(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

(d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;
(2) the degree of relationship is calculated according to the civil law system;
(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

(i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

(e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection

(a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for

disqualification.

(f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification"). Also see United States v. Grinnell Corp., 384 U.S. 563, 583--applies to §455(a); and **Liteky v. United States (92-6921), 510 U.S. 540 (1994).**

255.  Plaintiff believes and alleges that Defendant Friedman's General Partnership with White & Case LLP partners and former partners and spouses, and his wife, defendant Elizabeth Friedman is illegal, and violated the plaintiff's constitutional rights (5th and 14th amendments) to due process and fair trials, dismissing his cases, one of which, in re:

Whitehead v. Paramount Pictures Corp, et al., 96cv2436, Judge Friedman lacked jurisdiction to rule on the merits of the case. See US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), US v. Tucker, 1313, 1324, 8th cir. 1996, also see  28 U.S.C. 455 a, b4, 5 i, ii,iii, 3c1c.

256. Plaintiff believes and alleges that Judge Friedman, White & Case and others engaged in Fraud, RICO Enterprise, violating the plaintiff's civil rights to a fair trial.

257. Plaintiff believes and alleges that Attorney Friedman gave a false statement to the United States Congress during his Senate Confirmation Testimony, when he testified that he would not seek any outside employment or have a business, as a federal judge. (See attached Senate Confirmation Testimony Sworn records and statements of Attorney Paul L. Friedman).

For instance, in 1994, Attorney Friedman testified to the Senate when asked the question whether he would seek employment as a federal judge: "I Have No Such Plans".

258. Plaintiff believes and alleges that Attorney Friedman also testified before the Senate that he would recuse himself from cases involving clients of White & Case. However, he failed to do so. White & Case's client base includes many of the defendants involved in the plaintiff's cases before Judge Friedman. 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

259. In addition, Plaintiff believes and alleges that Attorney Friedman testified that he would recuse himself from cases involving his wife's employer, at the time, Inlaw. However, Judge Friedman failed to recuse himself from plaintiff's cases when his wife worked for the law firm Nixon and Peabody, which has an interest in plaintiff's cases before Judge Friedman. 28 U.S.C. 455 a, b4, 3c1c, 5iii. Also see US v. Kelly, 888 F.2d 732 (11ᵗʰ Cir. 1989).

260. Further, Plaintiff believes and alleges that Attorney Friedman stated that he would recuse himself from cases involving former clients, of White & Case. However, here in re: Whitehead v. MGM, et al., 98cv256, Judge Friedman failed to recuse himself, when he knew the client base of White & Case. Whereas, White & Case attorneys Charles Meeker became interim President of MGM, and Mr. Johnson was vice President of the MGM film company. White & Case represents MGM. 28 U.S.C. 455 a. Also see US v. Tucker, 1313, 1324 (8ᵗʰ Cir. 1996). Also see subsection 455 b (2) requiring disqualification where in private practice the judge served as a lawyer in the matter in controversy…" In re Roger, 537 F. 2d 1196 (4ᵗʰ Cir. 1976). US v. Kelly, 888 F.2d 732 (11ᵗʰ Cir. 1989).

261. Plaintiff believes and alleges that Judge Friedman's rulings against the plaintiff protected the RICO Enterprise and his interest and his wife's interest attached to the White & Case Partners, former Partners and others. (See attached letter of Attorney Daniel J. Henry to the US House of Representatives Judiciary Committee Chairman).

262. Plaintiff believes and alleges that Judge Friedman as an attorney at White & Case represented Bankers Trust Company, which is connected to defendant Stephens Inc, Lippo, Lippo Group, James Riday, Maria Haley, Maria Hsia, defendant White & Case, Paula Kanchanalak, Blockbuster of Viacom, and others.

263. Plaintiff believes and alleges that some of the defendants, individuals and entities are connected to the United States Senate 1996 Campaign Finance investigation.

264. Plaintiff believes and alleges that Judge Friedman was assigned some of the criminal campaign finance cases as well as the Hollywood copyright cases. (See Law Professor Ronald Rotunda's Wall St. article on the Clinton Judges).

265. Plaintiff believes and alleges that Judge Friedman, instead of recusing himself from plaintiff's 11 cases, due to various conflicts stated in the above paragraphs 1 through 75, Judge Friedman, as a former executive partner with White & Case, and his current position as General Partner with White & Case Partners, former Partners, and spouses, including his wife defendant Elizabeth Friedman in Wallpark LLC Partnership, dismissed plaintiff's 11 cases filed against MGM and Time Warner and others, some of which are White & Case clients. Noting that Time Warner owns MGM Library. (See Whitehead v. Time Warner, et al., 98cv257, and Whitehead v. MGM Inc, et al., 98cv256). Also see Whitehead v. Paramount Pictures, et al., 96cv2436, Whitehead v. Warner Bros, et al., 97cv752, Whitehead v. Dreamwork Pictures, HBO, et al, 98cv1917, Whitehead v. Columbia Pictures Inc, et al, 98cv1882, Whitehead v. Columbia Pictures Industries Inc, Paramount Pictures, et al., 98cv2938, Whitehead v. New Line Cinema, Time Warner, Howard University, et al., 98cv1231, Whitehead v. Clinton,et al., 99cv2891) Also see statutes 28 U.S.C. 455 a, b4, and 3c1c). 28 U.S.C. 455 a, b4, 3c1c, 5iii. Also see 28 U.S.C. 455 a. Also see US v. Tucker, 1313, 1324 (8th Cir. 1996). Also see subsection 455 b (2) requiring disqualification where in private practice the judge served as a lawyer in the matter in controversy..." In re Roger, 537 F. 2d 1196 (4th Cir. 1976). US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

266. Plaintiff believes and alleges that in 1994, Defendant Judge Friedman testified to the United States Senate during his Senate Confirmation Hearings that he had financial stocks in Paramount Communications, subsidiary of Viacom.

However, in the civil action Whitehead v. Columbia Pictures Industries, et al., 98cv2938, on February 7, 2001, Judge Friedman filed an affidavit/statement stating that he sold his financial stocks in Paramount Communications in 1993, a complete contradiction from his 1994 Senate Judicial Confirmation Testimony.

267. Plaintiff believes and alleges that the above statement filed in re: <u>Whitehead v.</u> <u>Columbia Pictures Industries</u>, et al., 98cv2938, by Judge Friedman, contradicts Attorney Friedman's 1994 Senate testimony and records on Paramount Communications financial stock holdings, which suggests that he had Paramount Communication financial stocks in 1994. (Also see attached letter of Attorney Daniel J. Henry submitted to the House Judiciary Committee Chairman). (See also attached Senate Confirmation Sworn statements of Attorney Friedman and also see affidavit filed by Judge Friedman in <u>Whitehead v. Columbia Pictures</u> <u>Industries, Inc</u>, et al., 98cv2938).

268. Plaintiff believes and alleges that Judge Friedman never left the White and Case law firm He remained a General Partner with White & Case Partners, former partners and spouses, including his wife, defendant Elizabeth Friedman, when he dismissed plaintiff's 11 civil actions, valued in the billions of dollars, one of which, in re: <u>Whitehead v. Paramount</u> <u>Pictures Corp</u>, et al., 96cv2436, whereas, Judge Friedman lacked jurisdiction to rule on the merits of plaintiff's case, engaging in a RICO Enterprise and activity, with White & Case and others, violating the plaintiff's civil rights to a fair trial (5th and 14th amendments to the Constitution). 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

269. Moreover, plaintiff believes and alleges that Judge Friedman rulings in the plaintiff's cases, protected the alleged RICO Enterprise and activity, discussed in the above paragraphs 1 through 77.

270. Plaintiff believes and allege that Judge Friedman's wife defendant Elizabeth Friedman is also a General Partner with White & Case Partners, Former Partners and spouses, with her husband, Judge Friedman in Wallpark LLC, located in White & Case offices in New York. This relationship is based on fraud and RICO. (See 1994 Senate Confirmation Records of Attorney Friedman, listing defendant Elizabeth Friedman as a General Partner with White & Case LLP Partners, Former Partners, and Spouse, including Attorney Friedman). 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

271. Plaintiff believes and alleges that Defendant Elizabeth Friedman was employed at the law firm of Nixon and Peabody LLP, during the time of Judge Friedman's dismissal rulings against the plaintiff's 11 cases, one of which, in re: <u>Whitehead v. Paramount</u> <u>Pictures Corp</u>, et al., 96cv2436, Judge Friedman lacked jurisdiction to rule on the merits of the plaintiff's case. 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

272. Plaintiff believes and alleges that Judge Friedman engaged in a RICO Enterprise, and fraud with White & Case and others, violating the plaintiff's civil rights to a fair trial (5th and 14th amendments of the Constitution). Further, Plaintiff believes and alleges that Judge Friedman's rulings against the plaintiff protected the RICO Enterprise and activity of White & Case, Wallpark LLC and others, including his financial interest and the financial interest of his wife and her employer the law firm of Nixon and Peabody LLP. See 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

273. Plaintiff believes and alleges that Nixon and Peabody LLP has a financial interest in the plaintiff's cases before Judge Friedman, when Mrs. Friedman was employed at Nixon and Peabody LLP. Noting that Ms. Friedman also had a financial interest in the cases of the plaintiff before Judge Friedman, her husband, requiring disqualification/recusal. However, Judge Friedman failed to recuse in plaintiff's cases, dismissing 11 cases. 28 U.S.C. 455 a, b4, 5iii, 3c1c.

274. Plaintiff believes and alleges that Nixon and Peabody LLP sent the plaintiff an email stating that the law firm represents the corporations and Hollywood studios, many whom were sued by the plaintiff, before Judge Friedman. 28 U.S.C. 455 a, b4, 5iii, 3c1c,.

275. Plaintiff believes and alleges that Nixon and Peabody LLP, came clean, when the firm admitted to the plaintiff via email that the law firm represents the large Hollywood studios. (See email from the law firm Nixon and Peabody to plaintiff on the law firm's representation for the large corporations and Hollywood studios). 28 U.S.C. 455 a, b4, 5iii, 3c1c,.

276. Plaintiff believes and alleges that Judge Friedman lacked jurisdiction to rule on the merits of the plaintiff's case Whitehead v. Paramount Pictures, et al., 96cv2436, due to the previous ruling in Whitehead v. Paramount Pictures, et al., 96cv1616, by Judge Aubrey Robinson. (See Nov. 22, 1996 Memorandum Order of Judge Friedman, in re: Whitehead v. Paramount Pictures, et al., 96cv2436, at footnote, questioning his own jurisdiction in the case), and US Court of Appeals ruling in Whitehead v. Paramount Pictures, et al., 96-7212, AFFIRMING THE DECISIONS OF JUDGE AUBREY ROBINSON.

277. Plaintiff believes and alleges that Judge Robinson's ruling in Whitehead v. Paramount Pictures, 96cv1616, was upheld by the Circuit Court in Whitehead v. Paramount Pictures, et al., 96-7212. Noting that plaintiff do not believe that Judge Robinson ruled on the merits of his case, but stated in the reconsideration order, the dismissal was sua sponte and 28 U.S.C. 1915...

278. Plaintiff believes and alleges that The initial order by Judge Robinson in re: Whitehead v. Paramount Pictures, 96cv1616, was dismissed without prejudice, and plaintiff's motion for reconsideration was denied by Judge Robinson's order, stating that the initial dismissal was 28 U.S.C. 1915.

279. Plaintiff believes and alleges that in 1997 in re: Whitehead v. Paramount Pictures, et al., 96cv2436, Judge Friedman read plaintiff's CIA book entitled "Brains, Sex, & Racism In the CIA And The Escape" which discusses the 1990 political campaign of his employer Eleanor Holmes Norton, involving Attorney Friedman, as chair of defendant Norton's 1990 campaign. (See US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases). Also see 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

280. Plaintiff believes and alleges that Judge Friedman dismissal of the plaintiff's case after reading plaintiff's CIA book, which discussed defendant Norton's 1990 campaign, involving Attorney Friedman, also violates the District of Columbia Circuit statute, which requires judges to recuse themselves, when involving reading books related to cases. (See US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995). Also see 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

281. Plaintiff believes and alleges that in 1993, Judge Johnson was a member of the District of Columbia Federal Judicial Nomination Committee, with Attorney Friedman, when she ruled against the plaintiff in re: Whitehead v. Gates, Norton, 92cv917. See 28 U.S.C 455 (a), also see US v. Tucker, 1313, 1324 (8th Cir. 1996).

282. Plaintiff believes and alleges that Judge Johnson dismissed the plaintiff's lawsuit, in re: Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917, relying on a false affidavit of a CIA official, who didn't have access to the plaintiff's materials (manuscript) discussed in the affidavit. The CIA employee's affidavit was false because the officer did not work in the CIA's Publication Review Board (PRB) in March 1991, when plaintiff's submitted his manuscript to PRB for security review.

283. Plaintiff believes and alleges that the CIA employee began his employment with the CIA's PRB office in December 1991, several (7) months after plaintiff submitted his manuscript to CIA/PRB in March 1991.

284. Plaintiff believes and alleges that the CIA officer's affidavit filed with the court is false.

285. Plaintiff believes and alleges that Judge Johnson dismissal of plaintiff's case Whitehead v. Gates, Norton, 92cv917, was retaliation against the plaintiff involving Attorney Friedman and Delegate Norton. The court's action violated the plaintiff's civil rights to due process of law for fair trials.  See US v. Tucker, 1313, 1324 (8th Cir. 1996). Also see 28 U.S.C. 455a.

286. Plaintiff believes and alleges that defendants Judges Norma Holloway Johnson and Royce Lamberth violated his civil rights (5th and 14th amendments) for fair trials, based on RICO, Fraud, Conspiracy and Obstruction of Justice, when they assigned the plaintiff's cases Whitehead v. Paramount Pictures Corp, et al., 96cv2436 and Whitehead v. Deutch, 96cv420, to Judges Robinson and Friedman. (See attached orders signed by Judge Lamberth, assigning plaintiff's cases to Judges Robinson and Friedman, after he recused himself in Whitehead v. Gates, Norton, 92cv917. Also see Wall St. Journal Article by Professor Ronald Rotunda on the Clinton Judges, involving Judges Friedman and Johnson and others).

286. Plaintiff believes and alleges Judge Lamberth retaliated against the plaintiff after he recused himself in re: Whitehead v. Gates, Norton, 92cv917, which was later reassigned to Judge Johnson, who immediately dismissed the case, after becoming a member of the DC Federal Judicial Nomination Committee, with Attorney Friedman, who worked for Defendant Delegate Norton in 1990 and 1992.

287. Plaintiff believes and alleges that Judge Johnson ruled against the plaintiff after 2 weeks joining the District of Columbia Federal Judicial Nomination Committee with Attorney Friedman, as chair.

288. Plaintiff believes and alleges that President Bill Clinton and Delegate Norton created the District of Columbia Federal Judicial Nomination Committee, which appointed Attorney Friedman as chair, and Judge Johnson as a member.

289. Plaintiff believes and alleges that Judge Lamberth, after recusing himself in Whitehead v. Gates, Norton, et al., 92cv917, later, engaged in assigning plaintiff's cases to Judges Aubrey Robinson and Judge Friedman, who clerked for Judge Robinson. (See case Law on Judges recusing and later participating on litigants case: Doddy v. Oxy, USA, Inc., 101 F.3d 448, 457, (5th Cir. 1996). (Also see Arnold v. Eastern Air Lines, Inc, 712 F.2d 899, 904 (4th Cir. 1983)("Patently a judge who is disqualified from acting must not be able to affect the determination of any cause from which he is barred." ) (See Also US v. Will, 449, U.S. 200, 212 (1980), and McCuin v. Texas Power & Light Co, 714 F.2d 1255 (5th Cir. 1983). Also see Whitehead v. Paramount Pictures, et al., 96cv2436, and Whitehead v. Deutch, 96cv420, assigned to Judges Aubrey Robinson and Paul L. Friedman, by Judge Lamberth).

290. Plaintiff believes and alleges that District of Columbia City Councilman Jack Evans informed him that "there is an awful amount of money involved in your case, David, that's all I can tell you."

291. Plaintiff believes and alleges that the above statement in paragraph no. 290, which was made to him by Councilman Evans linking the City of the District of Columbia to the case, with Defendant Norton, as Delegate.

292. Plaintiff believes and alleges that Judge Lamberth barred him from the public criminal CIA trial entitled US v. Clair E. George Nos. 91-0521, and 92-0215.

293. Plaintiff believes and alleges that Judge Lamberth continued his outrageous acts and reckless conduct against the interest of the plaintiff when he denied subpoenas in the matter involving Bradley University, after he recused himself in Whitehead v. Gates, Norton, 92cv917. See Whitehead v. Abraham J. Greenstein, MC-94-85. (See case Law on Judges recusing and later participating on litigants case: Doddy v. Oxy, USA, Inc., 101 F.3d 448, 457, (5th Cir. 1996). (Also see Arnold v. Eastern Air Lines, Inc, 712 F.2d 899, 904 (4th Cir. 1983)("Patently a judge who is disqualified from acting must not be able to affect the determination of any cause from which he is barred." ) (See Also US v. Will, 449, U.S. 200, 212 (1980), and McCuin v. Texas Power & Light Co, 714 F.2d 1255 (5th Cir. 1983).

294. Plaintiff believes and alleges that Judge Lamberth violated his civil rights to fair trials, when the court assigned the case Whitehead v. Deutch, CIA Director, 96cv420 (related to Whitehead v. Gates, Norton, 92cv917) and Whitehead v. Paramount Pictures Corp, et al., 96cv2436 to Judge Friedman, who later in 1997, after reading plaintiff's CIA book dismissed the case 96cv420, Whitehead v. Deutch, CIA Director, and in 1999 dismissed the case Whitehead v. Paramount Pictures Corp, et al., 96cv2436, lacking jurisdiction to rule on the merits of the case. (See US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases. Noting in early 1997, Judge Friedman read plaintiff's CIA book, which discusses the District of Columbia 1990 Political Election Cycle, involving Defendant Norton's 1990 political campaign, and Attorney Friedman, as Ms. Norton's employee during the 1990 election cycle).

295. Plaintiff believes and alleges that Judge Friedman was presiding on the cases Whitehead v. Deutch, 96cv420, with Delegate Norton and Friedman as material witnesses. See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

296. Further, plaintiff believes and alleges that the case No. 92cv917 Whitehead v. Gates, Norton, is related to Whitehead v. Deutch, 96cv420. Whereas, Attorney Friedman was a member of the District of Columbia Federal Judicial Nomination Committee, with the presiding Judge Norma Holloway Johnson, when she dismissed the case Whitehead v. Gates, and Norton, 92cv917. Judge Friedman is a material witness in matters involving the plaintiff and his CIA book, which discusses the political campaign of Delegate Norton, his employer. See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

297. Plaintiff believes and alleges that on or about February 1997, in re: Whitehead v. Paramount Pictures, et al., 96cv2436, Judge Friedman became more exposed to the facts that the plaintiff's CIA book discussed the 1990 political campaign of his employer Delegate Norton, after he ordered parties to file motions for summary judgment, with defendants submitting the plaintiff's CIA book to the court for review. See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

298. Plaintiff believes and alleges that in re: Whitehead v. Deutch, 96cv420, Judge Friedman, after dismissing the case, he wrongfully, improperly and recklessly directed the plaintiff to refile his case and claims against Delegate Norton in the wrong court, US Court of Claims. Noting that the case Whitehead v. Deutch, 96cv420, involved both Defendants Eleanor Holmes Norton and Attorney Friedman as material witnesses, relating to plaintiff's CIA book, discussing Delegate Norton's 1990 political campaign, which involved Attorney Friedman as co-chair of defendant Norton's campaigns in 1990 and 1992. See 28 U.S.C. 455 a. b2, b4, 3c1c, 5i, iii, also See US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

299. Plaintiff believes and alleges that Judge Friedman's dismissal order in re: Whitehead v. Deutch, 96cv420, wrongly and maliciously directed the pro se plaintiff to refile his case in the US Court of Claims. However, the US Court of Claims and Federal Claims Courts (lower and appeal) issued orders, improper venue and lack of jurisdiction. 28 U.S.C. 455 a. b2, b4, 5i, iii, 3c1c, , also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

300. Plaintiff believes and alleges that Defendant Delegate Norton, and President Clinton created the District of Columbia Federal Judicial Nomination Committee, which appointed Attorney Friedman as chair, and Judge Johnson as a member. (See Attorney Friedman attached 1994 Senate statement on his role involving Delegate Norton's 1990 and 1992 political campaigns). (Also see US Court of Appeals for the DC Circuit on recusal for judges reading books related to the case: US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995). US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

301. Plaintiff believes and alleges that defendant Judge Lamberth assigned the related cases Whitehead v. Deutch, 96cv420 and Whitehead v. Paramount Pictures Corporation, et al., 96cv2436, to Judges Robinson and Friedman, after he recused himself in the related case in re: Whitehead v. Gates, Norton, 92cv917. Judge Lamberth barred plaintiff from his courtroom, in re: Whitehead v. Gates, Norton, 92cv917 and later denied subpoenas motions of the plaintiff relating to Bradley University and the CIA cases in Illinois. See Whitehead v. Abraham J. Greenstein, MC-94-85; (Also See case Law on Judges recusing and later participating on litigants case: Doddy v. Oxy, USA, Inc., 101 F.3d 448, 457, (5th Cir. 1996). (Also see Arnold v. Eastern Air Lines, Inc, 712 F.2d 899, 904 (4th Cir. 1983)("Patently a judge who is disqualified from acting must not be able to affect the determination of any cause from which he is barred." ) (See Also US v. Will, 449, U.S. 200, 212 (1980), and McCuin v. Texas Power & Light Co, 714 F.2d 1255 (5th Cir. 1983). US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

302. Plaintiff believes and alleges that Judge Lamberth violated the plaintiff's civil rights (due process of law), obstructed justice and supported the RICO involving matters of Judge Friedman and others, assigning his cases to Judge Friedman, who lacked jurisdiction to rule on the merits in Whitehead v. Paramount Pictures Corporation, 96cv2436.

303. Plaintiff believes and alleges that Judge Lamberth and Judge Johnson conspired against the plaintiff by assigning his cases to Judge Friedman, who worked with her (Judge Johnson) on the DC Federal Judicial Nomination Committee, and employed by Defendant Norton, who created the Committee.

304. Plaintiff believes and alleges that Judge Johnson also retaliated against the plaintiff for writing an article about her ruling against him. (See Washington Afro American article by plaintiff on black judges).

305. Plaintiff believes and alleges that Judge Lamberth and Judge Johnson committed outrageous, overt, reckless and extreme acts against the plaintiff, obstructing justice, retaliation, supporting the RICO Enterprise of Judge Friedman and White & Case involving the cases of the plaintiff.

306. Plaintiff believes and alleges that Defendants Judge Lamberth and Johnson assigning the plaintiff's cases Whitehead v. Deutch, 96cv420 and Whitehead v. Paramount Pictures Corp, et al, 96cv2436 to Judge Friedman, who lacked jurisdiction, also violates the plaintiff's civil rights based on conspiracy, fraud and obstruction of justice statutes of federal law.

307. Plaintiff believes and alleges that Defendant Judge Lamberth violated the statutes and law, relating to the plaintiff's civil cases in the District Court for the District of Columbia. (See case Law on Judges recusing and later participating on litigants case: Doddy v. Oxy, USA, Inc., 101 F.3d 448, 457, (5th Cir. 1996). (Also see Arnold v. Eastern Air Lines, Inc, 712 F.2d 899, 904 (4th Cir. 1983)("Patently a judge who is disqualified from acting must not be able to affect the determination of any cause from which he is barred.") (See Also US v. Will, 449, U.S. 200, 212 (1980), and McCuin v. Texas Power & Light Co, 714 F.2d 1255 (5th Cir. 1983).

308. Plaintiff believes and alleges that Defendant Judge Lamberth retaliated against the plaintiff after he learned about the plaintiff's writing his book entitled "Lacking Due Process, US v. Claire E. George", on Judge Lamberth's barring him from the case US v. Claire E. George. (See US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases).

309. Plaintiff believes and alleges that Judge Lamberth, a long time member of the US Spy Court known as Foreign Intelligence Survelliance Court (FISC), learned about the plaintiff's writings, retaliated against the plaintiff, violating his civil rights to fair trials. 28 U.S.C. 455 a.

310. Plaintiff believes and alleges that Judge Lamberth retaliated against him, for also filing judicial misconduct complaints against him and Judge Joyce Hen Green (FISC Court members, ruling on his cases) (See misconduct ruling of Circuit Judge Harry Edwards in re: 96-10, 96-9.)

311. Plaintiff believes and alleges that Defendant Judge Lamberth used his power on the FISC Court, to gather information on the plaintiff who is a former CIA officer, violating the plaintiff civil rights to fair trials. (See misconduct matters 96-10, and 96-09 by Judge Harry Edwards on FISC judges on the plaintiff's CIA book).

312. Plaintiff believes and alleges that Judge Lamberth's judicial rulings relating to his recusal in Whitehead v. Robert M. Gates, and Eleanor Holmes Norton, 92cv917, and the reassignment of plaintiff's cases Whitehead v. Deutch, 96cv420, and Whitehead v. Paramount Pictures Corp, et al., 96cv2436, to Judge Friedman, who lacked jurisdiction in Whitehead v. Paramount Pictures, et al., 96cv2436, violates the statutes/law.

For instance, "A Judge is not immune for tortuous acts committed in a purely administrative, non-judicial capacity." (See Forrester v. White, 484 U.S. at 227-229, 108 S. Ct. at 544-545; also see Stump v. Sparkman, 435 U.S. at 380, 98 S. Ct. at 1106; and Mireles v. Waco, 112 S. Ct. 286 at 288 (1991).

313.  Plaintiff believes and alleges that Defendant Judge Lamberth has a significant relationship with both President George H. W. Bush, and President George W. Bush, as a Iran Contra judge, from the State of Texas.  Plaintiff believes and alleges that President Bush appointed Judge Lamberth as Chief Judge in the District Court.

314.  Plaintiff believes and alleges that White & Case represented both President George H.W. Bush, in Iran Contra case, and President George W. Bush in the famous Supreme Court case Bush vs. Gore.

315.  Plaintiff believes and alleges that the senior Bush was involved with Iran Contra Affair, and plaintiff's CIA book discusses the Iran Contra Affair, and the presidency of the elder Bush, vetoing the 1990 civil rights bill.  Mr. Clinton joined senior President Bush in several charity foundations, after the facts stated in this claim.  US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985); also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

316.  Plaintiff believes and alleges that Judges Friedman and Robinson are connected to the Iran Contra Affair matters, as an investigator and judge, respectively. Judge Lamberth also was involved with Iran Contra.

317.  Plaintiff believes and alleges that President George W. Bush appointed Judge Lamberth as Chief Judge of the District Court, to control the matters (civil cases) related to plaintiff, Judge Friedman and others, violating the plaintiff's civil rights and obstructing justice.

318.  Plaintiff believes and alleges that Judge Kavanaugh provided added protection, for defendant Julia Tomala, and Judge Friedman, Judge Richard Roberts, Judge Lamberth and others, with defendant Ashley Kavanaugh as Mr. Bush's personal assistant.  28 U.S.C. 455 a, b4, 5i,iii, 3c1c.

319.  Plaintiff believes and alleges that Judge Lamberth and other judges on FISC Court are material witnesses relating to the plaintiff's CIA background and civil matter controversies, requiring disqualification as a presiding judge.  US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

320. Plaintiff believes and alleges that Defendant Judge David Sentelle enjoined plaintiff from filing misconduct complaints relating to his greviances on Judge Friedman and others, when he (Judge Sentelle) held financial stocks in Marvel Entertainment in 2004. 28 U.S.C. 455 a, b4, 3c1c (and Obstruction of Justice) protecting the RICO Enterprise of Judge Friedman, White & Case and others. Moreover, both Judges Ginsburg and Sentelle knew that Judge Friedman lacked jurisdiction in Whitehead v. Paramount Pictures, et al., 96cv2436, due to Judge Aubrey Robinson's ruling in re: Whitehead v. Paramount Pictures, et al., 96cv1616, and the Appeals Court affirming Judge Aubrey Robinson's ruling in re: Whitehead v. Paramount Pictures, et al. 96-7212.

321. Plaintiff believes and alleges that he was suing Columbia Pictures of Sony Entertainment in re: Whitehead v. Columbia Pictures Inc, 98cv1882; and Columbia Pictures Industries Inc, of Sony Entertainment, in re: Whitehead v. Columbia Pictures Industries Inc, et al., 98cv2938, before Judge Friedman, when Judge Sentelle holding Marvel Entertainment financial stocks, ruled against Plaintiff's misconduct complaints filed against Judge Friedman.

322. Plaintiff believes and alleges that in 2004, Marvel Entertainment was connected to the Sony Corporation, during the time of Judge Sentelle's rulings against the plaintiff. Judge Sentelle enjoined Plaintiff from filing misconduct complaints against Judge Friedman and others related to the matter.

323. Plaintiff believes and alleges that Judge Sentelle violated plaintiff's civil rights to a fair trial (5th and 14th amendments of the constitution), ruling against the plaintiff's appeals and misconduct complaints holding financial stocks in the subject matter. (See 2005 for the filing year 2004 financials of Judge Sentelle holding Marvel Entertainment financial stocks). Also see 28 U.S.C. 455 a, b4, and 3c1c. Also see C.F. Carbide Corp, v. US Cutting Service Inc. 782 F.2d 710 (7th Cir. 1986) and Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847 (1988).

324. Plaintiff believes and alleges that Defendants Judge Sentelle and Judge Ginsburg's extreme outrageous and reckless acts against plaintiff is an obstruction of justice, protecting the alleged Racketeering Enterprise and activity (Rico enterprise of White & Case , Wallpark LLC, and Judge Friedman and others). (See 28 U.S.C. 455 b4, and 3c 1c, on Judge Sentelle's financial interest in the cases in matters of David Louis Whitehead. Also see attached financials of Judge Sentelle for the year 2004, holding Marvel Entertainment financial stocks).

325. Plaintiff believes and alleges that both Judges Judith Rogers and Sentelle sanctioned the plaintiff, prohibiting him from filing anymore lawsuits, or appeals, until the plaintiff paid monetary sanctions $1263.00, while allowing the Hollywood studios to continue to infringe his intellectual properties, involving billions of dollars.

326. Plaintiff believes and alleges that the rulings by Judges Rogers and Sentelle violate the statute, protecting an alleged RICO Enterprise and activity of Judge Friedman, White & Case and others. (See attached rulings of Judges Judith Rogers and Sentelle on sanctioning the plaintiff)( Obstruction of Justice, denying the plaintiff access to the courts, while allowing the Hollywood studios continue to infringe plaintiff's intellectual properties).

327. Plaintiff believes and alleges that Defendant Judge Judith Rogers gave Judge Friedman a $250 gift, and later, presided on plaintiff's appeals, dismissing plaintiff's appeals and later sanctioning him, allowing the Hollywood studios to continue to infringe/steal plaintiff's Intellectual properties, valued in the billions of dollars. (See affidavit of CPA Fraud Examiner, Ms. Alexis Stowe on the Paramount Pictures film Pictures, involving defendants Viacom, Tom Cruise and Paula Wagner and others. Also see letter for Columbia Union Professor on the alleged infringement of the film Mission Impossible involving plaintiff's CIA book entitled "Brains, Sex, & Racism In the CIA And The Escape)".

328. Plaintiff believes and alleges that Judge Judith Rogers presided on his cases in both federal and state courts, in re: Whitehead v. Howard University, H. Patrick Swygert, et al., in the District of Columbia Court of Appeals and US Court of Appeals for the District of Columbia, in re: Whitehead v. New Line Cinema, Howard University, H. Patrick Swygert, et al. See 28 U.S.C. Section 47 (1994) "provides that "no judge shall hear or determine an appeal from the decision of a case or issue tried by him." Also see Harris v. Champion, 15 F. 3d 1538 (10th Cir. 1994) "A judge in a habeas case failed to recuse himself even though his uncle had been a judge in some of the state cases challenged on appeal"; Also see Swann v. Charlotte-Mecklenburg Bd. Of Educ, 431 F.2d 135 (4th Cir. 1970); and Rexford v. Brunswick-Balke-Collender Co., 28 U.S. 339, 344 (1913); Also see Russell v. Lane, 890 F.2d 947 (7th Cir. 1989); Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978).

329. Plaintiff believes and alleges that Judge Judith Rogers violated the statutes and the law presiding on plaintiff's cases in both state and federal court. See Federal Rule 28 U.S.C. Section 47 (1994); also see "Russell v. Lane" 890 F.2d 947 (7th Cir. 1989); Swann v. Charlotte-Mecklenburg Bd. Of Educ, 431 F.2d 135 (4th Cir. 1970); Rice v. McKenzie 581 F.2d 1114, 1116, 1117 (4th Cir. 1978).

330. Plaintiff believes and alleges that the acts of defendants Judge Judith Rogers and Judge Sentelle is outrageous and reckless, obstructing justice in matters of the plaintiff. The overt acts of the defendants Judge Rogers and Judge Sentelle violated the plaintiff's civil rights to a fair trial (5th and 14th amendment of the Constitution) .

331. Moreover, Plaintiff believes and alleges that the overt and outrageous acts of Judge Judith Rogers and Judge Sentelle against the plaintiff, obstructed justice and supported and protected the RICO Enterprise of Judge Friedman, White & Case and others.

332. Plaintiff believes and alleges that Judge Judith Rogers and Judge Sentelle's acts and outrageous conduct mentioned in the above paragraphs, violated plaintiff's civil rights to a fair trial (5th and 14th amendments of the constitution) and obstructed justice, based on a broad base conspiracy, overt act, supporting the RICO Enterprise of defendants White & Case, Judge Friedman and others.

333. In addition, Plaintiff believes and alleges that Judge Judith Rogers filed opposition pleadings in Plaintiff's Federal Election Complaint MUR-5237, when she knew that she was involved with plaintiff's case against Howard University in State Court and Federal Court.

334. Plaintiff believes and alleges that Judge Judith Rogers acts against him were extreme, outrageous and reckless as well. Judge Judith Rogers acts against the plaintiff are unlawful, violating the statutes. (See Federal Rule 28 U.S.C. Section 47 (1994); also see "Russell v. Lane" 890 F.2d 947 (7th Cir. 1989); Swann v. Charlotte-Mecklenburg Bd. Of Educ, 431 F.2d 135 (4th Cir. 1970); Rice v. McKenzie 581 F.2d 1114, 1116, 1117 (4th Cir. 1978).

335. Plaintiff believes and alleges that on August 19, 2005, Judge Gladys Kessler and the District of Columbia Federal Court Calendar Committee voted unanimously and issued an order stating that plaintiff could file 11 motions of recusal against Judge Friedman's decisions, presiding as a General Partner with White & Case Partners, former partners and spouses, including his wife, defendant Elizabeth Friedman. (See attached order signed by Judge Kessler dated August 19, 2005, which includes the case Whitehead v. Clinton, 99cv2891, dismissed by Judge Friedman, who was appointed by defendant Clinton).

336. Plaintiff believes and alleges that Judge Kessler improperly denied plaintiff's motion to obtain defendant Judge Friedman's recusal list and the court improperly denied affidavit number 14, which shows how defendant Eric Michael Dyson was creating works from plaintiff's material. Washington Times reporter Brian Debose informed the plaintiff that Dyson was capturing treaties from plaintiff's material (themes, ideas and subject matters to create his works).

337. Plaintiff believes and alleges that the Washington Times fired reporter Brian Debose for the leak. Defendant Dyson is currently employed at Georgetown University in Washington, D.C.

338. Plaintiff believes and alleges that on or about November 2006, Judge Kessler went on senior status and relieved of her duties, as Chair of the Calendar Committee for the DC Federal Court.

339. Plaintiff believes and alleges that prior to her Senior Status appointment, Judge Kessler was involved with several of plaintiff's matters as follows:

- Whitehead v. Twentieth Century Fox Film, et al., 05cv1492, whereas, plaintiff alleged that Mel Gibson stole and infringed his intellectual property entitled "God v. Satan", to create and produce his film "The Passion of the Christ" grossing millions, if not billions of dollars. (See attached affidavit of Rev. Brian Hamilton on the comparisons between "God vs. Satan" and "The Passion the Christ").

- Judge Kessler holding GE financial stocks, dismissed the plaintiff's case in re: Whitehead v. Twentieth Century Fox Film, et al., 05cv1492. GE is has contractual relations with Twentieth Century Fox Film. See 28 U.S.C. 455 a, b4, 3c1c.

- It is unclear if Judge Kessler ruled on the merits of the case, however, the court did not have the power and/or authority to do so, due to the ruling in Whitehead v. Warner Bros., et al, 00-7163, by Judges Judith Rogers , Sentelle and Williams, prohibiting the plaintiff from filing anymore lawsuits, pending him paying $1263.10 sanctions to Warner Brother's. (See attached financial records dated 2006 for the year 2005 of Judge Kessler).

- Plaintiff believes and alleges that Judge Kessler lacked jurisdiction to rule on the merits of the case involving the alleged copyright infringement by Mel Gibson and Twentieth Century Fox Film, of the plaintiff's work "God vs. Satan" for the creation of the films and accessories "The Passion of the Christ".

- Plaintiff believes and alleges that Judge Kessler presided on plaintiff's misconduct complaints against Superior Court Judges Rhonda Reid Winston, and Susan Winfield and Stephanie DuncanPeters, with Attorney Eric Holder, as a board member of the Judicial Disabilities Commission on judges. (See attached letters to the plaintiff from the commission, involving Mr. Holder and Judge Kessler).

- Plaintiff believes and alleges that Judge Kessler was a director in the Abramson Foundation, with Judge Friedman, when she issued rulings on the plaintiff's cases.

- Plaintiff believes and alleges that Judge Kessler violated the plaintiff's civil rights to fair trials, as a presiding judge , and a member of the Abramson Foundation with Judge Friedman. Judge Friedman's financials are redacted for the years when Judge Kessler was director for Abramson Foundation.

Plaintiff believes and alleges that Judge Friedman is also connected to the Abramson Foundation organization, as the Director, in 1999 and 2000, but again, his 2004 financials are redacted. Discovery is needed in this area.

340. Plaintiff believes and alleges that on or about March 2007, the new chairperson of the US District Court Calendar Committee, Judge Ellen Huvelle, improperly participated on plaintiff's 11 cases, after ruling on one of the cases as a State Court as Judge, in violation of 28 U.S.C. Section 47 1994. A Judge cannot preside on a case in both state and federal court.

341. Plaintiff believes and alleges that Judge Huvelle, like Judge Judith Rogers improperly participating on the plaintiff's cases in both State and Federal Courts, which violates the plaintiff's civil rights, protecting the RICO Enterprise of Judge Friedman, White & Case, Wallpark LLC, and others. See 28 U.S.C. section 47 (1994). US v. Kelly, 888 F.2d 732 (11th Cir. 1989); also see See 28 U.S.C. Section 47 (1994) "provides that "no judge shall hear or determine an appeal from the decision of a case or issue tried by him." Also see Harris v. Champion, 15 F. 3d 1538 (10th Cir. 1994) "A judge in a habeas case failed to recuse himself even though his uncle had been a judge in some of the state cases challenged on appeal". Also see Swann v. Charlotte-Mecklenburg Bd. Of Educ, 431 F.2d 135 (4th Cir. 1970); and Rexford v. Brunswick-Balke-Collender Co., 28 U.S. 339, 344 (1913); Also see Russell v. Lane, 890 F.2d 947 (7th Cir. 1989); Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978).

342. Plaintiff believes and alleges that Judge Huvelle was assigned the case Whitehead v. Columbia Pictures Industries Inc, et al., No. Whitehead v. Columbia Pictures Industries Inc, et al., 98CA No. 0007221, in the Superior Court for the District of Columbia.

343. Further, Plaintiff believes and alleges that Judge Huvelle is a former partner of the law firm Williams and Connolly LLP, opposing counsel in the cases: Whitehead v. Columbia Pictures Industries, et al., 98cv2938, and Whitehead v. Paramount Pictures Corp, et al., 96cv2436. 28 U.S.C. 455 a. See also US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

344. Plaintiff believes and alleges that the case Whitehead v. Columbia Pictures Industries Inc, et al., 98CA No. 0007221, in the Superior Court for the District of Columbia, was removed to federal court and filed as Whitehead v. Columbia Pictures Industries, et al., 98cv2938, assigned to Judge Friedman.

345. Plaintiff believes and alleges that Judge Huvelle was assigned the 11 cases of the plaintiff relating to Judge Friedman's recusal matter, and one of them was in re: Whitehead v. Columbia Pictures Industries, et al., 98cv2938.

346. Plaintiff believes and alleges that Judge Huvelle violated the law and statutes ruling on plaintiff's case in State Court Whitehead v. Columbia Pictures Industries Inc, et al., 98CA No. 000722, and the same case in Federal court Whitehead v. Columbia Pictures Industries, et al., 98cv2938. (See Federal Rule 28 U.S.C. Section 47 (1994); also see "Russell v. Lane" 890 F.2d 947 (7th Cir. 1989); Swann v. Charlotte-Mecklenburg Bd. Of Educ, 431 F.2d 135 (4th Cir. 1970); Rice v. McKenzie 581 F.2d 1114, 1116, 1117 (4th Cir. 1978). (See Whitehead v. Columbia Pictures Industries Inc, et al., 98CA No. 0007221, in the Superior Court for the District of Columbia, and Whitehead v. Columbia Pictures Industries, et al., 98cv2938, in federal court.

347. Plaintiff believes and alleges that Judge Huvelle held financial stocks in Apple Computers, a company which is connected to Viacom's 1996 Mission Impossible computer games, related to the case Whitehead v. Paramount Pictures, et al, 96cv2436, before Judge Friedman. Further, Judge Huvelle held financial stocks in Time Warner's AOL. Time Warner is a defendants in many of the plaintiff's cases before Judge Friedman, including Whitehead v. Paramount Pictures, et al., 96cv2436. See 28 U.S.C. 455 a, b4, and 3c1c. (Also see 2007, 2008, 2009 financial stocks of Judge Huvelle, with Apple Computer and Time Warner financial stocks).

348. Plaintiff believes and alleges that Judge Huvelle is a former partner of the law firm of Williams and Connolly LLP, opposing counsel to plaintiff in the case Whitehead v. Paramount Pictures, et al., 96cv2436 and Whitehead v. Columbia Pictures Industries Inc, et al., 98cv2938 before Judge Friedman.

349. Plaintiff believes and alleges that Williams and Connolly LLP represents both Bill and Hillary Clinton; and President Clinton appointed Judge Friedman to the federal bench. One of the cases before Judge Friedman was Whitehead v. Dreamwork Pictures, HBO, Debbie Allen, et al., 98cv1917.

350. Plaintiff believes and allege that Defendant Clinton hosted Dreamwork Pictures executives for White House sleep-overs, investigated by the Congress, and the Clinton White House co-sponsored Dreamwork's Amistad film.

351. Plaintiff believes and alleges that Judge Friedman dismissed the plaintiff's case on alleged Amistad infringement of his intellectual properties, in re: Whitehead v. Dreamworks Pictures, HBO, Debbie Allen, et al., 98cv1917.

352. Plaintiff believes and alleges that Dreamworks Pictures executive producer Debbie Allen obtained plaintiff's materials from Howard University.

353. Plaintiff also believes and alleges that the Clinton White House was involved with Dreamworks Pictures film "Amistad" production, which was based on plaintiff's intellectual properties.

354. Plaintiff believes and alleges that White & Case represents Time Warner's Warner Brothers' HBO. Judge Friedman is tied to White & Case via Wallpark LLC/Media Communication II Partners. 28 U.S.C. 455 a, b4, 3c1c., 5i, ii, iii.

355. Plaintiff believes and alleges that President Obama also met with Dreamwork Pictures Executives at a DNC fundraiser paid for by Dreamworks in Los Angeles, California. The case Whitehead v. Paramount Pictures, Dreamwork Pictures, et al., 98cv792 was pending before Judge Trenga, holding Wall Street and GE financial stocks, when Mr. Obama and other DNC members met with Dreamworks Executive. See 28 U.S.C. 455 a, b4, 3c1c. Dreamworks Pictures was involved with several Presidents: Clinton and Obama, relating to the plaintiff's intellectual properties and cases.

356. Plaintiff believes and alleges that in March 2007, Judge Huvelle issued several orders, one of which, assigned the evideniciary matters relating to Judge Friedman's recusal to Judge Ricardo Urbina, a Georgetown University undergraduate and law graduate, a place where defendant Norton is employed. Defendant Norton is employed at Georgetown University, connected to Judge Friedman. 28 U.S.C. 455 a.

357. Plaintiff believes and alleges that the above relations should have disqualified Judge Urbina, as well. However, Judge Urbina, would not recuse himself in <u>Whitehead v. Twentieth Century Fox Film</u>, et al., 07MC63, nor recuse himself, from the remaining 11 cases before Judge Friedman, in re: <u>Whitehead v. Paramount Pictures Corp</u>, et al., 96cv2436. Also see <u>Whitehead v. Time Warner</u>, et al., 98cv257, and <u>Whitehead v. MGM Inc</u>, et al., 98cv256). Also see <u>Whitehead v. Warner Bros</u>, et al., 97cv752, <u>Whitehead v. Dreamwork Pictures</u>, HBO, et al, 98cv1917, <u>Whitehead v. Columbia Pictures Inc</u>, et al, 98cv1882, <u>Whitehead v. Columbia Pictures Industries Inc, Paramount Pictures</u>, et al., 98cv2938, <u>Whitehead v. New Line Cinema, Time Warner, Howard University</u>, et al., 98cv1231).

358. Plaintiff believes and alleges that Judge Kavanaugh is connected to both Georgetown University and Harvard University. Whereas, defendant Norton is employed at the Georgetown University Law Center, where Judge Kavanuagh was employed as well. <u>28 U.S.C. 455 a</u>.

360. Plaintiff believes and alleges that in 2008 and 2009, Judge Kavanaugh's wife was employed by Presidential Library Foundation for President George W. Bush, when plaintiff's cases were assigned to her husband. Moreover, Ms. Kavanaugh worked at the Bush White House, as the President's personal assistant. 28 U.S.C. 455 a, b4, 3c1c, 5iii.

362. Plaintiff believes and alleges that in 2008 and2009 Judge Kavanaugh engaged in a conspiracy, obstruction of Justice and Fraud, denying Judge Friedman's recusal, basically protecting the RICO Enterprise of Judge Friedman, White & Case and others. <u>28 U.S.C. 455 a, b4 , 5i, iii, 3c1c.</u>

Moreover, Plaintiff wrote a manuscript about Harvard University, entitled "Harvard University Playa Hating on Black Intellectuals", posted on the internet by someone. The manuscript should have also recused both Judges Kavanaugh and Judge Garland. 28 U.S.C. 455 a.

363. Plaintiff believes and alleges that Judge Kavanaugh and Judge Garland had access to plaintiff's manuscript on Harvard. Both Judges Kavanaugh and Garland are affiliated with Harvard University. Judge Kavanaugh and Judge Garland should have recused themselves from the plaintiff's cases due to the manuscript on Harvard University.

(See <u>US v. Microsoft Corp.</u>, 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases. Also See attached excerpt of plaintiff's book on Harvard University posted on internet by someone).

364. Plaintiff believes and alleges that in 2008 and 2009 Judge Ginsburg held Stephens Family Inc and Warner Brothers financial stocks, one of which (Stephens Inc) is connected to the Plaintiff's case and Senate 1996 investigation on campaign finance involving Stephens Inc. <u>28 U.S.C. 455 a, b4, 3c1c</u>.

365. Plaintiff believes and alleges that Judge Ginsburg improperly presided on plaintiff's cases <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010, 08-8015, 08-8016, because of his financial conflicts. (See financial records of Judge Ginsburg for the years 2008 and 2009; Also see Attorney Beth Walker's Congressional Report on Judge Friedman, listing Stephens Inc in the investigation. 28 U.S.C. 455 a, b4, 3c1c.

366. Plaintiff believes and alleges that On April 24, 2008 and February 12, 2009 Judge Urbina allowed 20 pages of the Walker report into the evidenciary record in <u>Whitehead v. Paramount Pictures</u>, et al, 96cv2436,).

367. Plaintiff believes and alleges that his papers on Judge Friedman's recusal were filed in the Virginia Courts. Therefore, the Virginia judges who presided on plaintiff's case learned about the recusal issue involving Judge Friedman, and the 55 page Memorandum order of Magistrate Goodbread. Magistrate Judge Goodbread's order carries the RICO Enterprise and the protection of the RICO Enterprise into the State of Virginia.

368. Plaintiff believes and alleges that the Virginia judges ruling on his cases had knowledge of the Judge Friedman recusal matter and Magistrate Judge Goodbread's slanderous 55 page Memorandum order, which connects and/or transends the RICO and Conspiracy claims alleged by the plaintiff to Virgina and this case. 28 U.S.C. 455a.

For instance, Judge Trenga cited Magistrate Judge Goodbread's order in the court's order enjoining to the plaintiff from filing cases, without leave of the court. This action by Bush appointee Judge Trenga was extreme, reckless and outrageous and malicious conduct, violating the plaintiff's civil rights to a fair trial, involving his personal financial conflicts in GE and Wall St. Before the court were issues of plaintiff involving Wall Street. 28 U.S.C. 455 a, b4, 3c1c.

369. Plaintiff believes and alleges that Judge Ginsburg also held Warner Brothers financial stocks, ruling against the plaintiff, when Warner Brothers is a defendant in the Plaintiff's case. (See <u>Whitehead v. Warner Brothers</u>, et al., 98cv752; <u>Whitehead v. Paramount Pictures</u>, et al, 96cv2436, and <u>Whitehead v. Paramount Pictures</u>, et al., 08-8010 and <u>Whitehead v. Warner Brothers</u>, et al., No.00-7164) Also see financial records of Judge Ginsburg for the years 2008 and 2009). Also see <u>Whitehead v. FEC</u>, 08-8016, and <u>Whitehead v. CBS/Viacom</u>, et al., 08-8015. Also see 28 U.S.C. 455 a, b4, 3c1c.

370. Plaintiff believes and alleges that Judge Ginsburg violated the plaintiff's civil rights to due process, relating to matters of Judge Friedman, who lacked jurisdiction to rule on the merits of the case Whitehead v. Paramount Pictures, et al., 96cv2436. (Also see Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. FEC, et al., 08-8016, and Whitehead v. CBS/Viacom, et al., 08-8015). Also see 28 U.S.C. 455 a, b4, 3c1c.

371. Moreover, Plaintiff believes and alleges that Judge Ginsburg engaged in a conspiracy, obstruction of Justice and Fraud, denying Judge Friedman's recusal, holding Stephens Family Inc and WB financial stocks, basically protecting the RICO Enterprise and activity of Judge Friedman, White & Case and others. (See Whitehead v. Paramount Pictures, et al., 96cv2436. Also see Whitehead v. Paramount Pictures, et al., 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015, and Whitehead v. FEC, et al, 08-8016. Also see 28 U.S.C. 455 a, b4, 3c1c. Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

372. Plaintiff believes and alleges that the financial stock interest of the judges relates to material witness statute violations in US v. Kelly, 888 F.2d 732 (11th Cir. 1989).

373. Plaintiff believes and alleges that Judge Merritt Garland held General Electric financial stocks, and he is also connected to Harvard University. Again, Plaintiff state that he wrote a manuscript about Harvard University entitled "Harvard University Playa Hating on Black Intellectuals", posted on the internet by someone. (see internet data on plaintiff's manuscript). US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases.

374. Plaintiff believes and alleges that Judge Garland ruled against him due to his financial stocks in General Electric Company and his relations with Harvard University. 28 U.S.C. 455 a, b4, 3c1c.

375. Plaintiff believes and alleges that the District of Columbia Circuit Court judges in Whitehead v. Paramont Pictures, 08-8010, Whitehead v. CBS/Viacom, et al., 08-8015 and Whitehead v. FEC, 08-8016, violated the court's own rulings in US v. Microsoft Corp., 56 F. 3d 1448 (D.C. Cir. 1995), relating to judges reading books or manuscripts and presiding on cases.

376. Plaintiff believes and alleges that Judge Richard Roberts improperly presided on plaintiff's cases Whitehead v. CBS/Viacom Inc, 01cv1192, and Whitehead v. Federal Election Commission, Walt Disney, et al., 02cv1630, holding financial stocks in Comcast and Communication III stock bonds. (See financials records of Judge Richard Roberts filed 2004 for 2003, 2008 for 2007 and 2009 for 2008). 28 U.S.C. 455a b4, 3c1c.

377. Plaintiff believes and alleges that Judge Kavanaugh also has a conflict in Whitehead v. Federal Election Commission, Walt Disney, et al., due to the fact that the Federal Election Commission Board members who voted in FEC complaint MUR-5237, filed by the plaintiff, were President George W. Bush appointees. 28 U.S.C. 455, a, b4, 5i,iii, 3c1c.

378. Plaintiff believes and alleges that Judge Kavanaugh improperly participated on the appeal related to Whitehead v. Paramount Pictures, et al., 08-8010, in re: Whitehead v. Federal Election Commission, et al., 08-8016, denying Judge Richard Robert's recusal, when Judge Richard Roberts held financial stocks in COMCAST and Communication III stock bonds. 28 U.S.C. 455a, b4, 3c1c, 5i,iii.

379. Plaintiff believes and alleges that Judges in the Superior Court for the District of Columbia named in this case were either connected to Georgetown University, or received judicial appointments from Judge Friedman, Johnson on the District of Columbia Federal Judicial Nomination Committee, created by Georgetown University Professor Eleanor Holmes Norton. Attorney Friedman worked for Defendant Norton's 1990 campaign, and plaintiff had sued defendant Norton in 1992 and 1993 and 1994 (in Federal Court of Claims).

380. Plaintiff believes and alleges that Judges Rhonda Reid Winston, Russell Canan, Susan Winfield, Michael Rankins, Magistrate Goodbread and other judges dismissed the plaintiff's cases, protecting the RICO ENTERPRISE of Judge Friedman, White & Case, and others, violating the plaintiff's civil rights.

381. Plaintiff believes and alleges that Judge Canan was interviewed by attorney Friedman for his judgeship, and he presided on plaintiff's case Whitehead v. Paramount Pictures, et al, 96cv7386, removed to federal court assigned to Judge Friedman.

382. Plaintiff believes and alleges that Judge Canan later enjoined the plaintiff in the case Whitehead v. Wickham, et al, (new case number) in the Superior Court, relating to Magistrate Goodbread's reassignment ruling on the merits of the case, in which he sent to several states and their courts: Virginia, Maryland and District of Columbia.

383. Plaintiff believes and alleges that Magistrate Judge Goodbread's 55 page order mocking the plaintiff with disparaging remarks, was granted (plaintiff's motion for the judge to step aside, lacking authority and jurisdiction to hear the merits of the case).

384. Plaintiff believes and alleges that his civil rights were violated by Judge Goodbread, and he was slandered by the court, which sent the 55 page memorandum order to several states: Virginia, Maryland and District of Columbia. This action transcends the RICO Enterprise, activity and statutes to through States in receipt of the order signed by Magistrate Goodbread.

385. Plaintiff believes and alleges Judge Canan enjoined the plaintiff to prevent him from suing Magistrate Goodbread for slander. Plaintiff allege that Judge Canan's action mounts to an objection of justice, violating the plaintiff's civil rights to a fair trial.

386. Plaintiff believes and alleges that the chief Civil Judge for the Superior Court in the District of Columbia is Judge Joan Zeldon, whose husband John Zeldon, is a White & Case Partner. Judge Zeldon recused herself from cases of the plaintiff, however, plaintiff cases were reassigned to Judge Canan, and Judge Stephanie Duncanpeters.

387. Plaintiff believes and alleges that Judge DuncanPeters filed a false statement in the case Whitehead v. Warner Bros, et al., 00ca-3710, that she did not know anything about the plaintiff and Judge Friedman matters, when in fact, the plaintiff's complaint and amended complaint discussed Judge Friedman.

388. Plaintiff believes and alleges that Judge DuncanPeters improperly transferred the plaintiff's case Whitehead v. Warner Bros, et al., 00ca-3710, to the Southern District of New York. However, the Chief Judge for that court, Judge Michael Mukasey, ruled improper transfer, from the State Court in the District of Columbia to the federal court in New York.

389. Plaintiff believes and alleges that Judge DuncanPeters violated the plaintiff civil rights with her judicial rulings, protecting the Rico Enterprise of Judge Friedman, White & Case and others and Time Warner's New Line Cinema "Austin Powers" series, valuing billions of dollars.

390. Plaintiff believes and alleges that Judge Deborah Chasanow in the Southern District of Maryland, in re: Whitehead v. Viacom, et al., 02DKC-1899, improperly presided on his case, having a home loan with First Union Bank, a White & Case client. 28 U.S.C. 455 b4, and 3c 1c.

391. Plaintiff believes and alleges that Judge Chasanow improperly participated in a judicial conference at Georgetown University Law Center, with Judges Friedman and other judges in dispute with the plaintiff, while she presided on plaintiff's case in re: Whitehead v. Viacom, et al., 02-DKC-1899. Judge Chasanow ruled against the plaintiff 2 weeks after attending the conference with Judge Friedman and other judges in dispute with the plaintiff, violating plaintiff's civil rights to a fair trial.

392. Plaintiff believes and alleges that Judge Chasanow used New York State Law to strike plaintiff's amended complaint in re: Whitehead v. Viacom, et al. 02-DKC-1899, stating that the plaintiff had to have leave of the court to amend his complaint naming Time Warner and Microsoft, as defendants.

393. Plaintiff believes and alleges that Viacom's witness filed a false affidavit in plaintiff's civil action case Whitehead v. Viacom, et al., 02-DKC-1899, before Judge Chasanow. The false affidavit stated that Viacom had nothing to do with the production of the alleged infringing film "Forrest Gump", when in fact, Viacom's subsidiary Paramount Pictures produced the film, with Viacom's name.

394. Plaintiff allege that he filed a misconduct complaint against Judge Chasanow involving the ruling and her ex parte contacts with Judge Friedman, Judge James Cacheris, Magistrate Judge Theresa Carroll Buchanan in Virginia, and other judges, in dispute with the plaintiff, while she presided on his case, and later after attending the Georgetown University judicial conference, the court eventually ruled against the plaintiff in the case in re: Whitehead v. Viacom, et al., 02-DKC-1899.

395. Plaintiff believes and alleges that his misconduct complaint filed against Judge Chasanow, was tainted as well, with the ruling of Chief Judge J. Harvey Wilkerson, who appears to have presided on the case holding General Electric and Media Communications financial stocks, violating plaintiff's civil rights to a fair trial. (See attached 2004 financial stocks of Judge Wilkerson, and a subpoena should be filed for Judge Wilkerson's 2003 financial statements). 28 U.S.C. 455 a, b4 and 3c 1c.

396. Plaintiff believes and alleges that he also appealed the decisions of Judge Chasanow in re: 03-1148 Whitehead v. Viacom, et al. However, Fourth Circuit Court of Appeals Judge Robert King, held Time Warner and Microsoft financial stocks, presiding and ruling on the plaintiff case, violating his civil rights to a fair trial, protecting the RICO Enterprise involving White & Case, Judge Friedman and others. 28 U.S.C. 455 a, b4, 3c1c.

397. Plaintiff believes and alleges that in theVirginia Courts, the Virgina judges engaged in a broad base conspiracy to protect the RICO Enterprise of Judge Friedman, White & Case and others, dismissing the plaintiff's cases with conflicts of interest with their financial stocks, related to the cases. 28 U.S.C. 455 a, b4, and 3c1c.

398. Plaintiff believes and alleges that the Virgina Courts and judges involved with the plaintiff's cases were aware of Magistrate Judge Ronald Goodbread's Memorandum order, which carried the RICO Enterprise of White & Case, Judge Friedman and others into the State of Virginia.

399. Plaintiff believes and alleges that Judge Leona Brinkema improperly presided on his case <u>Whitehead v. Strayer University, Southeastern University</u>, et al., 08cv832, having financial interest in BB&T Bank, connected to financial loans with Southeastern University. 28 U.S.C. 455 a, b4, 3c1c.

400. Plaintiff believes and alleges that According to tax papers of Southeastern University, BB&T Bank was involved with bank loans to the University. 28 U.S.C. 455 a, b4, 3c1c. (See financials of Judge Brinkema and other judges with BB&T financial stock interest). 28 U.S.C. 455 a, b4, 3c1c.

401. Further, plaintiff alleges that the law firm of Arnold and Porter had employees on the Board of Trustees at Southeastern, engaged in stealing the plaintiff's intellectual properties from the University's computer harddrive system. SEU was selling the plaintiff's intellectual property discovered on the computer system for funding. SEU was later forced to shut completely down as a University, losing it's accreditation. The action by defendants and unnamed defendants were extreme, reckless and outrageous, violating the plaintiff's privacy and his civil rights.

402. Plaintiff believes and alleges that Judge Brinkema improperly presided on his case <u>Whitehead v. Strayer University, Southeastern University, Grand Hyatt</u>, et al., 08cv832, when allegations against the Grand Hyatt and Southeastern and Strayer University involved plaintiff's first amendment views on the assassinations of President John F. Kennedy and Dr. Martin Luther King, Jr. See 28 U.S.C. 455a.

403. Plaintiff believes and alleges that Judge Brinkema was the research assistant for US House of Representatives Chief Counsel G. Robert Blakely, on the assassinations of President John F. Kennedy and Dr. Martin Luther King, Jr. Noting that plaintiff received an honorium from Columbia Union College in Takoma Park, Maryland on his speech on the assassination of President John F. Kennedy. <u>See 28 U.S.C. 455a</u>

404. Plaintiff believes and alleges that at Howard University, plaintiff gave a lecture to the Department of History on the Kennedy assassination, and plaintiff lectured at Howard University's Physics Department on the assassination of Dr. Martin Luther King, Jr.

405. Plaintiff believes and alleges that Judge Brinkema has serious conflicts of interest in the plaintiff's cases, protecting the conspiracy rico involving White & Case, Judge Friedman and others. 28 U.S.C. 455 a.

406. Plaintiff believes and alleges that Judge Brinkema improperly presided on plaintiff's case Whitehead v. Strayer University, Southeastern University, Grand Hyatt, et al., 08cv832, and the court failed to timely recuse Magistrate Judge Theresa Carroll Buchanan, who was the Government's lawyer opposing the plaintiff in the case before Judge Cacheris, in re: Whitehead v. Woolsey, et al., 93cv1291a, and Judge T. S. Ellis in re: Whitehead v. Robert M. Gates, et al., 93cv1547.

407. Plaintiff believes and alleges that Judge Brinkema violated the plaintiff's civil rights when the court dismissed the plaintiff's case Whitehead v. Strayer University, Southeastern University, Grand Hyatt, et al., 08cv832, on the same day, in when she recused Magistrate Judge Buchanan, who also held GE, Walt Disney, financial stocks. Noting that Walt Disney, was a defendant in the related case assigned to Judge Cacheris in re: Whitehead v. Macy's et al., 08cv792.

408. Plaintiff believes and alleges that both Judge Cacheris, T.S. Ellis and Magistrate Judge Buchanan attended the Georgetown University judicial seminar with judges Friedman and Chasanow. Judge Chasanow violated the plaintiff's civil rights when the court ruled against the plaintiff after she attended the Georgetown University's judicial seminar. See Whitehead v. Viacom, et al, 02DKC-1899.

409. Plaintiff believes and alleges that he filed a judicial misconduct complaint against Judge Brinkema, however, Chief Judge Karen Williams dismissed the complaint, holding nearly 800 financial stocks, related to the case, violating the plaintiff's civil rights. See 28U.S.C. 455 a, b4, 5i,iii, 3c1c.

410. In addition, Plaintiff believes and alleges that Judge Williams' husband had a financial interest in Traveler's Insurance Company, a White & Case client, which represented the Grand Hyatt in the matter involving the plaintiff. (See letter to the United States Congress and attachment of Judge Williams financials stock records). 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

411. Plaintiff believes and alleges that his related case Whitehead v. Macy's, et al., 08cv792, was assigned to Judge Cacheris, who was involved with plaintiff's cases, with Judge T. S. Ellis, in re: Whitehead v. Woolsey, 93cv1291-A, Whitehead v. Gates, et al., 93cv1547, and Whitehead v. Woolsey, Eleanor Holmes Norton, et al., 93cv1363-A, lacking jurisdiction to rule on the merits of several of the plaintiff's cases, decided in Whitehead v. Robert M. Gates, Eleanor Holmes Norton, 92cv917, and in re: Whitehead v. Bradley University, et al., 91cv1034, and Whitehead v. Bradley University, CIA Director, et al., 91cv1214.

412. Plaintiff believes and alleges that Judge Cacheris, like Judge Lamberth presided on the FISC Court, and presided on the plaintiff's cases, with conflicts of interest. 28 U.S.C. 455a.

413. Plaintiff believes and alleges that Judge Cacheris dismissed plaintiff's CIA discrimination case 1 day before trial and jury, with 10 CIA witnesses scheduled to testify. Both Judges Ellis and Cacheris lacked jurisdiction to rule on the merits of plaintiff's cases due to previous rulings by Judges Johnson and Michael Mihms. (See attached plaintiff grievance letter to the Department of Justice on Judge Cacheris's action against the plaintiff).

414. Plaintiff believes and alleges Judges Ellis and Cacheris knew that Judge Johnson had already dismissed plaintiff's CIA case in re: Whitehead v. Robert M. Gates, Eleanor Holmes Norton, et al., 92cv917, and Judge Michael Mihms dismissed the case involving the CIA in re: Whitehead v. Bradley University, CIA employees, et al., 91cv1034 and 91cv1214, when they dismissed the plaintiff's cases in re: Whitehead v. Gates, et al., 93cv1547, and Whitehead v. Woosley, 93cv1291-A.

415. Plaintiff believes and alleges that later on November 7, 2008, Judge Cacheris participated in the case Whitehead v. Macy's et al., 08cv792, and signed a settlement agreement between the plaintiff and Macy's and Ann Taylor, which was also based on fraud of Macy's.

416. Plaintiff believes and alleges that Macy's had signed an agreement with Sean P. Diddy Combs, on a fragrance entitled "I Am King", when the company (Macy's) settled with the plaintiff, knowing that Defendant Combs had infringed the plaintiff's play entitled "Erykah Badu in Paris With Momma Voodoo" as a plot for the fragrance.

417. Plaintiff alleges that Macy's settlement involved fraud, and Defendant Sean P. Diddy Combs, acquired plaintiff's intellectual property from his agency, NBC Universal Pictures, and/or Times Warner, Warner Bros, who had access to the material.

418. Plaintiff believes and alleges Defendants received plaintiff's intellectual properties and materials, from Hollywood sources who have been selling the plaintiff's intellectual properties creating other projects. For instance, Dreamworks Pictures film "Dreamgirls" was plaintiff's Aretha and My Aretha works, on the life of Aretha Franklin.

419. Plaintiff believes and alleges that Dreamworks apologized to Smokey Robinson and Barry Gordy concerning the fraudulent advertisement for the film "Dreamgirls". Internet sources states that Jennifer Hudson was Aretha Franklin in Dreamgirls, produced by Dreamworks. Dreamworks Pictures legal representatives David Seltzer had plaintiff's intellectual properties My Aretha and Aretha scripts, years before Dreamgirls was produced by Dreamworks.

420. Plaintiff believes and alleges that the same scheme was used by Defendant Walt Disney on plaintiff's Erykah Badu script for the film animation "The Princess and The Frog".

421. Plaintiff believes and alleges that his intellectual properties were passed around from studio to studio, supporting the RICO Enterprise based on the above paragraphs 1 through 172.

422. Plaintiff believes and alleges that on November 7, 2008, plaintiff amended his complaint as Whitehead v. Paramount Pictures, NBC Universal Pictures, Dreamworks Pictures, Walt Disney, LionsGate, Tyler Perry, Sony et al, 08cv792, which required Judge Cacheris to recuse himself, holding GE financial stocks. GE is the parent company of NBC Universal Pictures, a defendant in the case.

423. Plaintiff believes and alleges that in re: Whitehead v. Paramount Pictures, et al, 08cv792, formerly Whitehead v. Macy's, et al., 08cv792, Judge Cacheris initially, failed to recuse himself, holding General Electric Company and other related financial stocks.

424. Plaintiff believes and alleges Magistrate Judge Thomas R. Jones, also failed to recuse himself holding GE financial stocks. (See attached financial records of Judge Trenga, and Magistrate Jones, for the filing years 2008, and 2009)(Judge Trenga's new filings for these years offer explanations, to be interpreted by plaintiff's counsel. Plaintiff reserve the right to submit added materials for Judge Trenga. Also see Judge Trenga 2009 Senate Confirmation Hearings financials and statement). (On April 30, 2008, Judge Cacheris recused himself from the case Whitehead v. Paramount Pictures, NBC Universal Pictures, et al., 08cv792).

425. Plaintiff believes and alleges that Judge Cacheris denied 50 motions of the plaintiff, related to the Obama Inauguration, evidenciary hearings ( to subpoena) Judges and former presidents, including, Mr. Clinton, Mr. Bush, and current president Mr. Obama.

426.   Plaintiff believes and alleges that Plaintiff also attempted to subpoena, the

Chief Justice John G. Roberts, who recused himself in the Supreme Court case in re:

<u>Whitehead v. Dewayne Wickham, RandomHouse Publishers</u>, et al. Noting that Justice

John Paul Stevens voted to hear plaintiff's petition for certiorari.

427.   Plaintiff believes and alleges that the case <u>Whitehead v. Dewayne Wickham,</u>
<u>RandomHouse Publishers</u>, et al, involved Superior Court for the District of Columbia Small
Claims Magistrate Judge Goodbread, who issued a 55 page memorandum on the merits of
the case, lacking jurisdiction to do so, but Magistrate Goodbread did not dismiss the case,
but transferred it to the Superior Court.

428.   Plaintiff believes and alleges that Plaintiff did not sign the court's agreement
to allow Magistrate Goodbread to rule on the merits of his case, requesting a Judge to hear
the matter. The matter was reassigned to Judge Russell Canan, placed on the bench by the
DC Nomination Committee, led by Attorney Friedman.

429.   Plaintiff believes and alleges that Magistrate Goodbread sent copies of the 55
page memorandum order to the State of Virginia, State of Maryland and District of
Columbia (State and Federal Courts), violating the plaintiff's civil rights to a fair trial.

430.   Plaintiff believes and alleges that the action by Magistrate Goodbread carried
the RICO Enterprise to the State of Virginia. Noting that Judge Cacheris's name is listed in
the Memorandum order, which was sent to the Chief Judge for the US District Court for
the Eastern District of Virginia, (Chief Judge James Cacheris). 28 U.S.C. 455a.

431.   Plaintiff believes and alleges that Judge Cacheris should have immediately

recused himself from the initial action in re: <u>Whitehead v. Macy's</u> et al., 08cv792, later

converted to <u>Whitehead v. Paramount Pictures</u>, et al., 08cv792, due to his past history as a

FISC Court member and presiding on plaintiff's CIA cases, and the Georgetown University

conference, with Judge Chasanow attending.   <u>28 U.S.C. 455 a.</u>

432.   Plaintiff believes and alleges that Chief Justice John G. Roberts, who <u>recused</u>

himself in <u>Whitehead v. Wickham</u>, et al.,  appointed District of Columbia Judge John Bates

on the FISC Court.

433.   Plaintiff believes and alleges that Judge Bates was opposing Asst US Counsel in
<u>Whitehead v. Gates, Norton</u>, 92cv917.

434.   Plaintiff believes and alleges that Judge Bates was connected and/or attached to
Judge Trenga's law firm Miller & Chevalier Chartered.   Judge Bates is connected to the US
District of Columbia Court with Judge Friedman, who presided on the District of Columbia
Federal Judicial Nomination Committee with Judge Johnson, presiding Judge in
<u>Whitehead v. Gates, Norton</u>, 92cv917, involving Judge Bates, as an Assistant US Attorney
for the District of Columbia.

435.  Plaintiff believes and alleges that the above political and judicial appointments (paragraphs 1 through 179) involves the protection for the RICO Enterprise of White & Case, Judge Friedman and others, violating the plaintiff's civil rights to fair trials (5th and 14th amendments of the Constitution).

436.  Plaintiff believes and alleges that Judge Claude Hilton transferred the plaintiff's case Whitehead v. Twentieth Century Fox Film, Mel Gibson, et al, 06cv1349, to the District of Columbia, holding financial stocks in Walmart and General Electric (GE), companies attached to the Hollywood studios and film productions.  28 U.S.C. 455 a b4, 3c1c.

437.  Plaintiff believes and alleges that Judge Claude Hilton recused himself in the related case Whitehead v. Paramount Pictures, et al, 08cv792, before Judge Cacheris, who also held GE financial stocks, recusing himself. However, Judge Hilton would not recuse himself in Whitehead v. Twentieth Century Fox Film, et al., 06cv1349, violating the plaintiff's civil rights to a fair trial, protecting the RICO Enterprise.

438. Plaintiff believes and alleges that Judge Cacheris, after 8 months finally recused himself, presiding on the case, Whitehead v. Paramount Pictures, NBC Universal Pictures, et al., 08cv792.  Before he recused himself, Judge Cacheris had denied 50 of the plaintiff's motions, while holding GE financial stocks. Judge Cacheris's delay of recusing himself violated the plaintiff's civil rights to a fair trial.   28 U.S.C. 455 a, b4, 3c1c.

439.  Plaintiff believes and alleges that Judge Trenga, nor Magistrate Jones would not recuse themselves, holding GE and other related stocks, in plaintiff's case Whitehead v. Paramount Pictures, NBC Universal Pictures, et al, 08cv792, violating the plaintiff's civil rights to a fair trial, protecting the RICO Enterprise of Judge Friedman, White & Case and others.  See 28 U.S.C. 455 a, b4, 3c1c.

440.  Plaintiff believes and alleges that Judge Trenga's 2009 financial also includes financial stocks in Barclay, and Walmart.  Barclay is a White & Case client.

441.  Plaintiff alleges that Judge Robert King and some of the other judges on the Fourth Circuit Court of Appeals held financial stocks in several of Plaintiff's appeals, violating his civil rights to a fair trial.

**442. Plaintiff alleges that Judge King and other judges held Hollywood related financial stocks ruling on appeal cases of the plaintiff in violations of the statutes:**

Appeals in the United States Court of Appeals for the Fourth Circuit in re: 09-1213, 09-1512, 09-1641, 09-1522, 09-1784 Whitehead v. Paramount Pictures, et al, involving Circuit Judges Roger Gregory, Andre Davis, Allyson Duncan, Robert King, J. Harvey Wilkerson, Blane Michaels and others (Judge Duncan's financial stocks list his relations with defendant American Bar Association, and White & Case Partner Carol Lamm, who is listed in Attorney Beth Walker's Congressional Report and plaintiff's papers filed in the Virginia case) (See attached financial statements for 2009 of Judges King, Wilkerson, Davis, Gregory, Duncan, Michaels).

Appeals in re: Whitehead v. Strayer University, 08-2060, involving appeals court judges Roger Gregory, Blane Michael, and Robert King; and Enbanc ruling, involving all of the Fourth Circuit judges. (Plaintiff reserve the rights to submit other judges (en banc) financial stock listings).

Appeals in re: Whitehead v. Strayer University, 08-2047, Whitehead v. Paramount Pictures, et al., 09-1213, and Whitehead v. Paramount Pictures, et al, 09-1270, involving appeals court judges Michael, Gregory and Duncan.

Appeals in re: Whitehead v. 20th Century Fox Film, et al., 07-1120 and 09-1736 involving appeal court judges J. Harvey Wilkerson, Roger Gregory and Hamilton. (See financial statement of Judge Hamilton, Wilkerson and Gregory) (Judge Gregory's financials list his ties to the ABA and Carol Lamm, who is listed in the plaintiff's moving papers in the Virginia Courts, and The Walker Congressional report). (See the Walker Congressional Report on Judge Friedman and Carol Lamm, allowed 20 pages in the judicial records in Whitehead v. Paramount Pictures, et al., 96cv2436).

443. Plaintiff believes and alleges that defendants American Bar Association and Carol Lamm (President of the ABA), and White & Case Partner are connected to Judge Roger Gregory of the US Court of Appeals for the Fourth Circuit, due to Judge Gregory's participation on ABA functions involving Ms. Lamm's White & Case Partnership and Judge Friedman and others. See US v. Tucker, 1313, 1324 (8th Cir. 1996).

444. Plaintiff believes and alleges that Defendants Lamm, ABA, Judge Gregory's action taken against the plaintiff were extreme, reckless and outrageous.

445. Plaintiff believes and alleges that the relationship between Judge Gregory, Ms. Lamm, and the ABA is significant, protecting the RICO Enterprise and activity of Judge Friedman, White & Case and others, violating the plaintiff's civil rights to a fair trial (5th and 14th amendments).

446. In addition, Plaintiff believes and alleges that according to the full Walker Congressional Report, defendant Lamm, received a political appointment from Defendant President Clinton, relating to Indonesia. The Indonesian criminal campaign finance cases were assigned to Judge Friedman, with Attorney Michael Manigan as Chief Counsel in the Senate Investigation of Campaign Finance and Delegate Norton on the House of Representatives investigations into campaign finance 1996 involving Indonesia, James Riady and others. (See Law Professor Ronald Rotunda's Wall St. article on the Clinton Judges).

447. Plaintiff believes and alleges that the case Whitehead v. Paramount Pictures, et al, 08cv792, in the district court involved plaintiff's papers on Carol Lamm and the Walt Disney's alleged infringement of plaintiff's script on Michael Jackson, creating a Disney animated film "Tale of Despereaux".

448. Plaintiff believes and alleges that on appeal in the US Court of Appeals for the Fourth Circuit Court, plaintiff requested the court to refer a criminal investigation in the murder of Michael Jackson, relating to his partial ownership of the Beatles Catalog with Sony. White & Case represents Sony, and defendant Lamm is a Partner with White & Case, and a friend of Judge Friedman, and possibly a Partner in Wallpark LLC. Judge Gregory, a Clinton appointee ruled against the plaintiff on many of his appeals, is connected to the ABA and Carol Lamm.

449. Plaintiff believes and alleges that Judge Kavanaugh's financials also show a significant role with the ABA and Ms. Lamm of White & Case. (See 28 U.S.C. 455 a, b4, 3c1c, 5i, iii; also see US v. Tucker, 1313, 1324 (8th Cir. 1996). Judges Kavanaugh and Roger Gregory in relations with the ABA were involved with issuing rulings (on recusal on Judges Friedman and Cacheris) on plaintiff's appeals in the District of Columbia and State of Virginia courts on the same day: February 12, 2009. The Virgina Court denied en banc reconsideration on August 26, 2009 and October 26, 2009.

450. Plaintiff believes and alleges that the above acts points to conspiracy and civil rights violations based on the relationships between the ABA, Carol Lamm, Judge Friedman, White & Case, Jack Mcvoy of White & Case a member of the ABA Editors board, Judges Kavanaugh and Roger Gregory). See (See US v. Tucker, 1313, 1324 (8th Cir. 1996). Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), and US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985). Noting that both Ms. Lamm and Mr. McVoy attended Attorney Friedman's Senate Judicial Confirmation Hearings in 1994.

451. Plaintiff believes and alleges that Defendant Lamm and Judge Gregory's relationship is extremely significant, relating to protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case, and others, massively violating the plaintiff's civil rights, and denying the criminal referral to the Department of Justice into the murder of Michael Jackson, a witness in the plaintiff's cases involving Sony and others. (See US v. Tucker, 1313, 1324 (8th Cir. 1996). Also see US v. Kelly, 888 F.2d 732 (11th Cir. 1989), and US v. Murphy, 768 F.2d 1518, 1531 (7th Cir. *1985).*

452. Plaintiff believes and alleges that Defendants Oprah Winfrey advertized for the RICO Enterprise for payment, promoting several films projects which were based on plaintiff's intellectual properties stated in the above paragraphs 1 through 451. Further, plaintiff believes and alleges that GE through Billy Bush advertized for the RICO Enterprise protecting Tom Cruise and others massive theft of the plaintiff's intellectual properties stated in the above paragraphs 1 through 451.

453. Plaintiff believes and alleges that Defendants Tyler Perry, LionsGate, Sean Combs, Debbie Allen, James Cameron, Mel Gibson, Dreamwork Pictures, Tom Cruise, Paula Wagner, Dick Parson, Walt Disney, Microsoft Inc, Apple Computer, Time Warner, MGM, 20th Century Fox Film, Bank of America, Paramount Pictures, Viacom, Sony, and the Hollywood lender's, JPMorgan, Bank of America Corp., Wells Fargo & Co., SunTrust Banks Inc and Goldman Sachs and other named and unnamed defendants in the above paragraphs 1 through 191 engaged in outrageous and reckless and extreme acts against the plaintiff, with the massive theft of the plaintiff's copyrighted works, grossing millions if not billions of dollars, supporting and protecting the RICO ENTERPRISE and activity, led by White & Case, Judge Friedman, Wallpark LLC, and others.

454. Further, Plaintiff believes and alleges that JPMorgan, Bank of America Corp., Wells Fargo & Co., SunTrust Banks Inc, General Electric Company, and Goldman Sachs are White & Case clients. And White & Case is tied to Judge Friedman and Carol Lamm. Plaintiff believes and alleges that these entities are the Hollywood lenders involved with the Rico Enterprise and activity discussed in paragraphs 1- 453.

455. Further, believes and alleges that the named and unnamed defendants in the above paragraphs 1 through 454, knew about the massive theft ongoing involving the plaintiff's intellectual properties, valued in billions and billions of dollars.

456. Plaintiff believes and alleges that Presidents George W. Bush and Barrack Obama gave out stimulus bailout moneys to Goldman Sachs and JP Morgan, and other White & Case clients, involved in the RICO Enterprise and activity discussed in the above paragraphs 1 through 455.

457. Plaintiff believes and alleges that President Obama, later signed a Financial Reform Bill, for the same entities, who received bailout moneys: the Hollywood lenders, Bank of America, Well Fargo of Wachovia Bank, Goldman Sachs and J P Morgan, White & Case clients, defendants and unnamed defendants in the above paragraphs 1 through 456, involved in the plaintiff's cases.

458. Plaintiff believes and alleges that the lenders and advertizers stated in the above paragraphs 1 through 457 are entities and individuals involved in the Rico Enterprise, of White & Case, Judge Friedman and others, stealing the plaintiff's intellectual properties. Further plaintiff alleges that Goldman Sachs and JP Morgan, Bank of America, Wells Fargo and others listed above are White & Case clients.

**459. Plaintiff believes and alleges that the lenders defendants J. P. Morgan, Bank of America, Goldman Sachs, Stephens Inc, and other financial institutions linked to White & Case, Wall St, and Hollywood named and unnamed in paragraphs 1 through 458, knew about the RICO ENTERPRISE of White & Case, Judge Friedman and others, are liable, including Stephens Inc, in contractual relations with Viacom, a White & Case client. (See recent News dated Feb. 16, 2011, on the Madoff scandal: Madoff: Banks 'had to know' about his scam** *Convicted Ponzi scheme king cites "willful blindness" of banks and hedge funds.*

460. Plaintiff believes and alleges that the lenders knew about Judge Friedman and Wallpark LLC operations with White & Case Partners, former partners and spouses, grossing billions of dollars from the massive theft of the plaintiff's intellectual properties, violating his privacy, and civil rights, supporting and protecting the RICO Enterprise stated in paragraphs 1 through 459.

461. Plaintiff believes and alleges that the OBAMA Administration, including President Obama (who is deeply connected to Oprah Winfrey), and Defendant Tim Kane (Governor of Virginia and DNC Chair) and others, met with Dreamwork Pictures Executives at a Dreamwork Pictures reception in Los Angeles, California, sponsored by Dreamwork Pictures during the period when Virginia federal Judge Trenga dismissed the case in re: Whitehead v. Paramount Pictures, Dreamwork Pictures, NBC Universal Pictures, et al., 08cv792.

462. Plaintiff believes and alleges that Defendant Obama's meeting with Dreamwork executives, during the period when Judge Trenga's fail to recuse himself, and dismissed plaintiff's claims against the defendant Dreamwork Pictures and other defendants, including NBC Universal Pictures, violated the plaintiff's civil rights to a fair trial. Noting that Plaintiff allege that Judge Trenga held financial stocks in GE, the parent company of NBC Universal Pictures. 28 U.S.C. 455, a,b 4, 3c1c.

463. Plaintiff believes and alleges that the case also involved the Obama Presidency. Judge Cacheris denied plaintiff's motion for an injunction against the inauguration of Mr. Obama because the inauguration allegedly infringed various copyrighted works of the plaintiff's. Judge Cacheris, after denying the plaintiff's motion relating to the inauguration, later recused himself from the case, violating the plaintiff's civil rights. 28 U.S.C. 455, a,b 4, 3c1c.

464. Plaintiff believes and alleges that Judge Trenga also held Wall St, financial stocks, dismissed the action relating to plaintiff's Wall Street injunction, in re: Whitehead v. Paramount Pictures, NBC Universal Pictures, Dreamwork Pictures, et al., 08cv792, holding Wall Street stocks, and GE's financial stocks in conflict with the decision. 28 U.S.C. 455 a, b4, 3c1c.

Claims for Relief 1

Plaintiff alleges and realleges paragraphs 1 through 464 that the above named and unnamed defendants violated his civil rights in civil action cases, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case, Wallpark LLC and others. See Forbes v. Eagleson, 228 F.3d 471 (3d, 2000). Also see Klehr 521 US at 194, 117 S. Ct. 1984.

Claims for Relief 2

Plaintiff alleges and realleges paragraphs 1 through 464 that the above named defendants and unnamed defendants conspired to violate the plaintiff's civil rights in civil action cases, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case, Wallpark LLC and others.

## Claims for Relief 3

Plaintiff alleges and realleges paragraphs 1 through 464 that the above named defendants and unnamed defendants obstructed justice, violating the plaintiff's civil rights in civil action cases, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case and others.

## Claims for Relief 4

Plaintiff alleges and realleges paragraphs 1 through 464 that the above named defendants and unnamed defendants committed fraud, holding financial stocks and conflict of interest in plaintiff's cases, violating his civil rights in civil action cases, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case and others.

## Claims for Relief 5

Plaintiff alleges and realleges paragraphs 1 through 464 that some of the above named defendants and unnamed defendants engaged in RICO violations, committed fraud, holding financial stocks and conflict of interest in plaintiff's cases, violating his civil rights in civil action cases, protecting the alleged RICO Enterprise and activity of Judge Friedman, White & Case and others.

## Claims for Relief 6

Plaintiff alleges and realleges paragraphs 1 through 464 that the above named defendants and unnamed defendants engaged in Retaliation against him, violating his civil rights for due process (5th and 14th amendments).

## Count 1

## Civil Rights violations pursuant to the 28 U.S.C. 1964 as amended, 1981, 1983, 1985 (3) and 1991 civil rights act.

**Plaintiff realleges from paragraphs 1 through 464 that Defendants and unnamed defendants that Defendants and unnamed defendants violated the plaintiff's civil rights to a fair trial (5th and 14th amendments), holding financial stocks in conflict in the civil action cases filed by the plaintiff. Further, plaintiff states the Judge Friedman also retaliated and discriminated against the plaintiff because of his race (black), in re: <u>Whitehead v. Clinton</u>, et al, 99cv2891, with the term "jewish interest" discussed in Judge Friedman's dismissal order,** based on plaintiff's pleadings. "Section 1985 provides a cause of action for conspiracy to obstruct justice with the intent to deprive any citizen the equal protection of the laws. However, it applies only to private conspiracies predicated upon "racial, or perhaps otherwise class-based, invidiously discriminatory animus." <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 101-102 (1971). The other sections are related to Sec. 1985 and require racial or ethnic discrimination. See, e.g., <u>St. Francis College v. Al-Khazraji</u>, 481 U.S. 604, 613-614 (1987).

## Count 2

## Constitutional Rights Violations to Due Process of Law

## US Constitution Amendments 5th and 14th

**Plaintiff realleges from paragraphs 1 through 464 that Defendants and unnamed defendants violated the plaintiff's civil rights pursuant to the US Constitution (5th and 14th Amendments). Defendant and unnamed defendants denied plaintiff's the right to fair trials, based on fraud, lacking authority and/or jurisdiction to rule on the merits of the plaintiff's cases.**

## Count 3

## Conspiracy   28 U.S.C. 1985 (3)

**Plaintiff realleges from paragraphs 1 through 464 that Defendants and unnamed defendant conspired to steal the plaintiff's intellectual property, which was sent to the Hollywood Studios and various corporations, and some law firms.**

Count 4

**Conspiracy to Protect RICO ENTERPRISE AND ACTIVITY**

**18 U.S.C. 1961, 1962, 1963, 1964, 1965**

**28 U.S.C. 1985 (3)**

**Plaintiff realleges from paragraphs 1 through 464 that some of the above named Defendants and unnamed defendants conspired to protect the alleged RICO Enterprise alleged in paragraphs 1 through 464, using Government officials and Judges, majority of the individuals having financial conflicts in the case.**

Count 5

**Obstruction of Justice**

**18 U.S.C. 371**

**Plaintiff realleges from paragraphs 1 through 464 that named Defendants and unnamed defendants conspired to obstruct justice, denying the plaintiff fair trials, while having financial and political conflicts of interest, and lacking jurisdiction to rule on the cases.**

Plaintiff mention, and factually support, several allegations with regard to a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. Secs. 1961, 1965. Several accusations of corruption and a conspiracy to deprive plaintiff of his rights and property are made. See Section 1962 sets forth four general elements to a valid claim: 1) the conducting of; 2) an enterprise; 3) through a pattern; 4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). Facts have been alleged that support a claim that defendants conducted a common enterprise, or were involved in racketeering activity.  See  William A. Ortman v. State of Michigan, et al., (16 F.3d, 1220)  Sixth Circuit 1994).

**Judges Huvelle and Judge Judith Rogers obstructed justice by presiding on the plaintiff's cases in both State and Federal Courts, in violation of 28 U.S.C. Section 47 (1994).**

Judges Ginsburg and Sentelle involved in <u>Whitehead v. Paramount Pictures</u>, et al., 96-7212, (96cv1616, before Judge Aubrey Robinson) knew that the second case <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436,  before Judge Friedman, lacked jurisdiction, leading to sanctions by Judges Sentelle, Williams and Judith Rogers.

In addition, Judges Sentelle and Ginsburg improperly denied misconduct complaints against Judge Friedman relating to the second case <u>Whitehead v. Paramount Pictures</u>, et al., 96cv2436., knowing that Judge Friedman lacked jurisdiction from the cases David <u>Whitehead v. Paramount Pictures</u>, et al., 96cv1616, and appeal No. 96-7212 <u>Whitehead v. Paramount Pictures, et al</u>.  Moreover, Judges Sentelle and Ginsburg knew about Judge Friedman's alleged business operations as a federal judge with White & Case Partners, former Partners and spouses in Wallpark LLC and Media Communications II Partners, which plaintiff alleges as a RICO ENTERPRISE AND ACTIVITY.

Further, Judge Sentelle held Marvel Entertainment (Sony) stocks in conflict with the misconduct complaints filed by plaintiff against Judge Friedman. <u>See 28 U.S.C. 455 a, b4, 3c1c</u>.

The above acts of Judges Ginsburg and Sentelle against the plaintiff's interest were extreme, outrageous and reckless, obstructing justice, violating the plaintiff's civil rights to fair trials.

Judges Richard Roberts and Gladys Kessler lacked authority to rule on the merits in civil matters <u>Whitehead v. FEC</u>, 02cv1630, <u>Whitehead v. CBS/Viacom</u>, et al., 01cv1192, Whitehead v. Twentieth Century Fox Film, et al., 05cv1462, due to the appeals court's ruling in <u>Whitehead v. Warner Brothers</u>, et al., 00-7163 (sanctions by Judge Judith Rogers, Judge Sentelle and Judge Williams.  Noting that Judges Judith Rogers and Sentelle had serious conflicts of interest relating to the cases).

18 or more judges held financial stocks in conflict with the plaintiff's cases, denying  the plaintiff his day in court.  <u>See 28 U.S.C. 455 a, b4, 3c1c.</u>

Several judges (7) lacked jurisdiction to rule on the <u>merits of the plaintiff's case</u>, due to the rulings of Judge Johnson in re: <u>Whitehead v. Gates, Norton</u>, 92cv917, and in re: <u>Whitehead v. Paramount Pictures</u>, et al., 96cv1616, by Judge Aubrey Robinson, and in

re: <u>Whitehead v. Warner Bros</u>, et al., 00-7163, by Judges Judith Rogers, Sentelle and William as follows:

(1) Judge Friedman, (2) Judge Cacheris, (3) Judge Mihms, (4) Judge Ellis, (5) Judge Richard Roberts, (6) Judge Kessler, (7) Magistrate Judge Goodbread. "...courts have found that the judges acted outside of their judicial capacity and were not entitled to immunity: <u>Forrester v. White</u>, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)(state court judge did not have absolute immunity from damages suit under S 1983 for his decision to demote and dismiss a probation officer);"

Named and Unnamed defendants Judges had an ethical duty to report Judge Friedman, White & Case, Partners, Former Partners and spouses and Wallpark LLC operations. See <u>TITLE 18</u> § 4. Misprision of felony

Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

Defendants District of Columbia Government and District of Columbia Federal Judicial Nomination Committee obstructed justice with the scheme involving former members of the Nomination Committee and Delegate Norton undermining the administration of justice and Congressional Investigation (1996 Senate Campaign Finance (Thompson Hearings) with Mr. Manigan as Chief Counsel, shutting down the hearings due to the Hollywood connection, with Delegate Norton in the House of Representatives suppressing and opposing subpoenas, relating to campaign Finance cases and Hollywood cases before Judge Paul L. Friedman, which included cases involving Delegate Norton and Judge Friedman as material witnesses in <u>Whitehead v. Deutch</u>, 96cv420. See <u>US v. Kelly</u>, Noting that the case <u>Whitehead v. Deutch</u>, 96cv420, was reassigned to Judge Friedman by Judge Lamberth, also in violation of the statutes/law.

Judges Ginsburg, Garland and Kavanaugh in re: <u>Whitehead v. Paramount Pictures</u>, et al., 08-80-10, <u>Whitehead v. CBS/Viacom</u>, et al., 08-80-15, and <u>Whitehead v. FEC</u>, et al., 08-8016, obstructed justice by requiring the plaintiff to pay further sanction cost, deviating from the initial rulings in <u>Whitehead v. Warner Bros</u>, et al, 00-7163, by

Judges Judith Rogers, Sentelle and Williams. This action denied plaintiff access to the court, allowing the Hollywood studios to continue to infringe and massively steal plaintiff's intellectual properties.

The named defendants and unnamed defendants allowed the Hollywood studios to flow the markets involving the massive thief of plaintiff intellectual properties, which were copyrighted by the Library of Congress.

Judges Friedman and Kavanaugh both affiliated with Georgetown University, improperly presided on plaintiff's cases, after being involved in the subject matter, Delegate Norton and President Bush, Georgetown University and Harvard University, in violation of 28 U.S.C. 455 a, b2. This act by Judges Friedman and Kavanaugh is also an obstruction of justice.

Further, both Judges Friedman and Kavanaugh had conflicts of interest due to their spouses employment. Elizabeth Friedman's employment with Nixon and Peabody LLP, and Ashley Kavanaugh's employment with the Presidential Foundation of President Bush. 28 U.S.C. 455 a, b4, 5i, iii, 3c1c.

Judge Kavanugh's ruling relating to Judge Friedman's recusal protects the illegal decision of Chief House Judiciary Counsel Julia Tomala, mounting to an obstruction of justice and protecting the RICO Enterprise and activity of Judge Friedman, Ms. Tomala, White & Case, Wallpark LLC and others.

### Count 6

### Mental Pain and Suffering

Plaintiff realleges from paragraphs 1 through 464 that Defendants and unnamed defendants outrageous and reckless action taken against the plaintiff caused him mental pain and suffering.

### Count 7

### Racketeering

Plaintiff realleges from paragraphs 1 through 464 that some of the above named Defendants and unnamed defendants were engaged in a RICO Enterprise and activity involving the massive theft of the plaintiff's intellectual properties, currently under FBI investigation in FEC complaint MUR-5237.

Plaintiff realleges from paragraphs 1 through 464 that The Rico Enterprise activity involved White & Case, Wallpark LLC, Judge Friedman and others, and the protection of the RICO related involving the plaintiff's cases against the Hollywood studios and others.

Plaintiff realleges from paragraphs 1 through 464 that the RICO continued from the District of Columbia to the State of Maryland to Virginia, Illinois, and possibly the State of Louisiana.

Plaintiff realleges from paragraphs 1 through 464 that Magistrate Judge Goodbread's 55 page Memorandum order, which was sent to three States, continued the RICO Enterprise and activity in those districts, to protect the RICO Enterprise base on Judge Friedman's General Partnership in Wallpark LLC, with White & Case Partners and former Partners and spouses, including Elizabeth Friedman continued in the State of Virginia, with the rulings of the judges involved in the plaintiff's case holding financial related and conflicted stocks, denying the plaintiff his day in court.

Plaintiff realleges from paragraphs 1 through 464 that Judge Kavanaugh and his wife financial interest with the Bush Library Foundation and White House protected the RICO Enterprise of Judge Friedman, White & Case, Wallpark LLC, and others with Judge Kavanaugh presiding on plaintiff's cases relating to the recusal issues involving Judge Friedman, Judge Lamberth and Judge Richard Roberts and others conflict judges.      Plaintiff mention, and factually support, several allegations with regard to a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. Secs. 1961, 1965. Several accusations of corruption and a conspiracy to deprive plaintiff of his rights and property are made. See Section 1962 sets forth four general elements to a valid claim: 1) the conducting of; 2) an

enterprise; 3) through a pattern; 4) of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). Facts have been alleged that support a claim that defendants conducted a common enterprise, or were involved in racketeering activity. See William A. Ortman v. State of Michigan, et al., (16 F.3d, 1220) Sixth Circuit 1994).

## Count 8

### FRAUD

Plaintiff realleges from paragraphs 1 through 464 that defendants and unnamed defendants engaged in fraud, dismissing his cases without having jurisdiction, and the protection of the Judges who lacked jurisdiction to rule on the merits of plaintiff's cases, and 18 or more judges held financial and related stocks in conflict with plaintiff's cases, denying him his day in court, based the RICO Enterprise. There was fraudulent concealment of the Judges financial conflicts of interest and lack of jurisdiction relating to plaintiff's cases before Judges Friedman, Hilton, Trenga, Cacheris, Kessler, and Richard Roberts, and Magistrate Thomas R. Jones, and others, ruling on the plaintiff's cases.

## Count 9

### Misrepresentation and False Statements

Plaintiff realleges from paragraphs 1 through 464, that defendants Judge Friedman, Judge Trenga, Judge DuncanPeters, Jeff Kilduff, Unnamed CIA witness and Viacom's witness filed false statements in the cases of the plaintiff, or misrepresented the facts.

Plaintiff realleges paragraphs 1 through 464, and believes that defendants filed false statements with the FEC in complaint Number MUR-5237, noting that Judge Judith Rogers presided on the plaintiff's cases in State and Federal Courts, but oppose plaintiff's claims in MUR-5237. Judges Friedman and Kotelly also filed opposition briefs in MUR-5237, currently under federal (FBI/DOJ) investigation.

## Count 10

### Retaliation

Plaintiff alleges and reallege paragraphs 1 through 464 that the above named defendants and unnamed defendants engaged in Retaliation against him, violating his civil rights for due process (5th and 14th amendments).  Harvard University and it's employee Judge Brett Kavanaugh and Judge Merritt Garland, retaliated against the plaintiff for writing the manuscript "Harvard University Playa Hating on Black Intellectuals".

Judge Friedman also retaliated against the plaintiff because of his race (black), in re: Whitehead v. Clinton, et al, 99cv2891,  with the term "jewish interest" discussed in Judge Friedman's dismissal order, based on plaintiff's pleadings. "Section 1985 provides a cause of action for conspiracy to obstruct justice with the intent to deprive any citizen the equal protection of the laws. However, it applies only to private conspiracies predicated upon "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 101-102 (1971). The other sections are related to Sec. 1985 and require racial or ethnic discrimination. See, e.g., St. Francis College v. Al-Khazraji, 481 U.S. 604, 613-614 (1987).

## Count 11

### Violation of Privacy

Plaintiff alleges and reallege paragraphs 1 through 464 that the above named defendants and unnamed defendants engaged in violating his privacy on property thief (intellectual properties with copyright certificates).

## Count 12

### Negligence

Plaintiff alleges and reallege paragraphs 1 through 464 that the above named defendants and unnamed defendants were negligent violating the plaintiff's civil rights to a fair trial, based on bias behavior, malicious conduct, and extreme recklessness.

## Count 13

### Common Law Fraud and Fraudalent Concealment

Plaintiff alleges and reallege paragraphs 1 through 464 that the above named defendants and unnamed defendants engaged in Common law fraud and fraudalent concealment violating the plaintiff's civil rights to a fair trial, based on protecting an alleged RICO Enterprise and activity.

## Count 14

### HUMAN RIGHTS VIOLATIONS

Plaintiff alleges and reallege paragraphs 1 through 464 that the above named defendants and unnamed defendants engaged in violating David Louis Whitehead's human rights, based on protecting the alleged RICO Enterprise and activity.

**In conclusion,** plaintiff DEMANDS A TRIAL BY JURY, in compensatory damages of 5 Billion Dollars, RICO Damages (3 Times Amount) and DEMANDS $75 Billion Dollars for RELIEF.

PLAINTIFF'S LAWYERS WILL AMEND HIS COMPLAINT PURSUANT TO RULE 15 (a). See attached excerpts of the legal agreement. Plaintiff has a right to counsel (REPRESENTATION) in this matter. Rule 4 m grants plaintiff the right to serve the complaint within 120 days.

(See attached evidence/exhibit list 1-111) filed with his complaint.

Date: April 5, 2011

Respectfully Submitted,

David Louis Whitehead

1906 Scott St.

Bossier, Louisiana 71111

Email: DaoudLouis57@hotmail.com

Cell: 240-412-3175